1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *IN RE:* | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |

---------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| VALENTIN RAMIREZ AND EVA | § | |
| RAMIREZ; LUIS GARCIA AND | § | |
| GUADALUPE GARCIA | § | |
|     PLAINTIFFS | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| | § | |
| ABLE SUPPLY COMPANY; | § | |
| AC&S, INC.; | § | |
| AC&S, INC. (SUED INDIVIDUALLY AND | § | **B-01-178** |
| AS SUCCESSOR-IN-INTEREST TO | § | C. A. _____ |
| ARMSTRONG CONTRACTING | § | |
| & SUPPLY, INC.); | § | |
| AMOCO CORPORATION; | § | |
| A.P. GREEN INDUSTRIES, INC.; | § | |
| ARMSTRONG WORLD INDUSTRIES, INC.; | § | |
| ASBESTOS CLAIMS MANAGEMENT | § | |
| CORP. A/K/A NATIONAL GYPSUM; | § | |
| BABCOCK & WILCOX; | § | |
| BROWN & ROOT, INC.; | § | |
| CERTAINTEED CORPORATION; | § | |
| COMBUSTION ENGINEERGING, INC.; | § | |
| CROWN CORK & SEAL COMPANY; | § | |
| DRESSER INDUSTRIES, SUED | § | |
| INDIVIDUALLY AND AS SUCCESOR- | § | |
| IN-INTEREST TO HARBISON WALKER | § | |
| REFRACTORIES AND WORTHINGTON | § | |
| PUMP INC; | § | |
| FLINTOKE COMPANY; | § | |
| FOSTER WHEELER ENERGY | § | |
| CORPORATION; | § | |
| GAF CORPORATION; | § | |
| GARLOCK INC; | § | |
| GASKET HOLDING INC; | § | |
| GASKET HOLDING, INC. | § | |

(SUED INDIVIDUALLY AND AS                    §
SUCCESSOR-IN-INTEREST TO                     §
FLEXITALLIC GASKET CO.);                     §
GENERAL REFRACTORIES COMPANY;                §
GEORGIA-PACIFIC CORPORATION;                 §
GEORGIA-PACIFIC CORPORATION                  §
(SUED INDIVIDUALLY AND AS                    §
SUCCESSOR-IN-INTEREST TO                     §
BESTWALL GYPSUM COMPANY);                    §
GUARDLINE, INC.;                             §
HARBISON-WALKER REFRACTORIES;                §
HARBISON-WALKER REFRACTORIES                 §
(FORMERLY A DIVISION                         §
OF INDRESCO INC.);                           §
INDRESCO INC;                                §
INDRESCO INC. (SUED INDIVIDUALLY            §
AND AS SUCCESSOR-IN-INTEREST TO              §
HARBISON-WALKER REFRACTORIES,               §
A DIVISION OF INDRRESCO, INC.);             §
J. T. THORPE COMPANY;                        §
KAISER ALUMINUN & CHEMICAL                   §
CORPORATION;                                 §
KELLY MOORE PAINT                            §
COMPANY, INC.;                               §
METROPOLITAN LIFE                            §
INSURANCE CO.;                               §
MINNESOTA MINING &                           §
MANUFACTURING (A/K/A "3M");                  §
NORTH AMERICAN                               §
REFRACTORIES COMPANY;                        §
OWENS-CORNING FIBERGLAS CORP.;               §
OWENS-ILLINOIS, INC.;                        §
OWENS-ILLINOIS, INC. (SUED                   §
INDIVIDUALLY AND AS SUCCESSOR-               §
IN-INTEREST TO OWENS-                        §
ILLINOIS GLASS COMPANY);                     §
PITTSBURGH CORNING CORP.;                    §
PROKO INDUSTRIES, INC.;                      §
QUIGLEY COMPANY, INC.;                       §
RAPID-AMERICAN CORPORATION;                  §
RILEY STOKER CORPORATION;                    §
THE SYNKOLOID COMPANY;                       §
T&N PLC F/K/A TURNER & NEWELL PLC;           §
T&N PLC SUCCESSOR IN INTEREST TO             §
KEASBEY & MATTISON;                          §
TURNER & NEWELL INDUSTRIES, INC.             §
DBA UNITED GASKET CORP;                      §
TURNER NEWELL, LTD.                          §
D/B/A UNITED FABRICATED);                    §

UNIROYAL HOLDING, INC.                     §
(SUED INDIVIDUALLY AND                     §
AS SUCCESSOR-IN-INTEREST                    §
TO U.S. RUBBER COMPANY;                     §
U.S. GYPSUM COMPANY;                        §
U.S. MINERAL PRODUCTS COMPANY;             §
W.R. GRACE & CO.—CONN.;                     §
W.R. GRACE & CO.—CONN.                      §
(SUED INDIVIDUALLY AND                      §
AS SUCCESSOR-IN-INTEREST TO                 §
W.R. GRACE & COMPANY)                       §
      DEFENDANTS                          §

## APPLICATION AND NOTICE OF REMOVAL
## FILED BY DEFENDANT GARLOCK INC

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Comes GARLOCK INC one of the Defendants in the case being removed (herein "GARLOCK"), and files this Application and Notice of Removal of the currently pending case: Cause No. 98-10-04083-E; Valentin Ramirez, et al vs. Able Supply Co., et al; In the 404th Judicial District Court of Cameron County, Texas (herein the "Removed Case").

## I.
## PRELIMINARY STATEMENT

1.     Defendant GARLOCK INC is an Ohio Corporation with its principal place of business in Charlotte, North Carolina, and is a named Defendant in the above styled Removed Case.  GARLOCK asserts a Cross-Claim or Third Party Action against the Debtor and others in the Removed Case for contribution or indemnification arising out of Plaintiff(s)' personal injury claims.

2.     As a result of the filing of the Bankruptcy Case, the Removed Case and all Court actions, including State and Federal District Court actions, are stayed pursuant to 11 U.S.C. § 362. *See Pope vs. Manville Forest Product Corporation*, 778 F.2d 239 (5th Cir. 1985).

3.     Additionally, this removal is subject to the mandatory transfer provisions of 28 U.S.C. § 157(b)(5) providing for the transfer to the United States District Court for the "district in which the case is pending"[1] as a result of the prior filing by Plaintiffs of this Removed Case in State Court against the Debtor, alleging personal injury claims and causes of action.

## II.
## JURISDICTION

4.     This Federal District Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334(a) and (b).

---

[1]     *See*, Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) filed  by the Defendant Garlock along with this Removal action.

---

Application and Notice of Removal

5.   The Removed Case is removable to this court pursuant to 28 U.S.C. § 1452(a) and such other applicable provisions of 28 U.S.C. as the facts and claims warrant.

6.   This removal is timely filed pursuant to Rule 9027(a)(2) Bankruptcy Rules of Procedure.

### III.
### REMOVAL JURISDICTION

7.   In the Removed Case, Plaintiffs seeks to recover damages for claims against Debtor in the nature of personal injuries alleged to have occurred in part in Cameron, County, Texas.  As a result of the personal injury allegations the Southern District of Texas' standing order of automatic reference of removed cases to the Bankruptcy Court does not apply to a Removed Case dealing with personal injury or wrongful death.   Removal is thus proper to this Honorable Federal District Court instead of the Bankruptcy Court as otherwise is provided by the Standing Order of Reference.

8.   This entire case would be a "core" proceeding in the Debtor's Delaware bankruptcy case pursuant to 28  U.S.C. § 157(b)(2)(B) for all purposes except for the specific exclusion in that section of "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of *distribution* in a case under title 11."  [Emphasis added.]

9.   Consent of the other named Defendants is not necessary for a removal pursuant to 28 U.S.C. § 1452 inasmuch as this Court has jurisdiction under 28 U.S.C. § 1334.  *See, e.g. Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985).

10.   Pursuant to Rule 9027, Rules of Bankruptcy Procedure, this Application and Notice of Removal is filed within ninety (90) days after the order for relief in the Debtor's bankruptcy case.

11.   A cost bond is not required to accomplish this removal.

12.     Pursuant to Bankruptcy Rule 9027(a), Defendant would show the Court the following information which is detailed on Exhibit "1":

     A.    <u>The Parties</u>:
          (i)     The original Plaintiffs in the Removed Case
          (ii)    The original Defendants in the Removed Case

     B.    <u>Status of Service of Process</u>

     C.    <u>Counsel names, addresses and phone and fax numbers</u>:
          (i)     The counsel for all Plaintiffs is:
                   Peter A. Kraus
                   Waters & Kraus, LLP
                   3219 McKinney Ave.
                   Dallas, TX 75204
                   Phone & Fax: (214) 357-6244; (214) 357-7252

          (ii)    Counsel information for all Defendants is detailed on Exhibit "1"

13.     Under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027(a)(1), removal of this action is proper to this Court as the Federal District Court for the district and division where the Removed Case was pending, subject to the mandatory provisions of 28 U.S.C. § 157(b)(5).

14.     Under 28 U.S.C. § 157(b)(5), jurisdiction to determine venue for the pre-trial and trial of this civil action lies exclusively in the United States District Court for the District of Delaware, where the bankruptcy case is pending.  A Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) ("Transfer Motion) is filed simultaneously with this Court by Defendant GARLOCK along with this Removed Case, and an expedited hearing will be requested on the Transfer Motion. The mandatory venue determinations of a removed personal injury case in the District Court in Delaware provided in of title 28 U.S.C. § 157(b)(5):

      "The district court shall order that personal injury, tort and wrongful death claims *shall be tried in the district court in which the bankruptcy case is pending*, or the district court in the district in which the claim arose, ***as determined by the district***

*court in which the bankruptcy case is pending*. (Emphasis added)." 28 U.S.C. §
157(b)(5).

Under the mandatory language of 28 U.S.C. § 157(b)(5), the "Home" District Court in which the debtor's case was filed (or is pending) has the exclusive jurisdiction to fix the venue of any court action against the debtor irrespective of the district in which the controversy is pending or was removed (the "Home" court being the United States District Court for the "district in which the case is pending" - in this case Delaware). Filed with this Removed Case is Defendant GARLOCK's Motion to Transfer Case Pursuant to the Mandatory Provisions of 28 U.S.C. § 157(b)(5). It is the general policy of the Bankruptcy Code that all proceedings in a bankruptcy case be conducted in the district in which the bankruptcy petition was filed (the "home court").[2] This policy, along with the policy considerations of 28 U.S.C. § 157(B)(5) dictates in these special circumstances, transfer to the "Home" District Court for the legal and practical reasons set out in the Transfer Motion.

15.     The Federal District Courts of Texas have in the past followed this procedure of transfer to the Home Federal District Court. *See*, Orders attached hereto as Exhibit "2" and "3."

16.     GARLOCK INC, as removing Defendant, will give notice of the filing of this Application And Notice of Removal to all parties by and through their attorneys of record, and will file a copy of this Application And Notice of Removal with the clerk of the court of Cameron, County, Texas.

17.     Pursuant to Bankruptcy Rule 9027(a)(1), a copy of Plaintiff(s) current complaint, process and the current answer pleadings in the Removed Case, and relevant Court orders are

---

[2]     *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *Kotlicky v. Belford*, 64 Bankr. Rptr. 689, 681 (N.D. Ill. 1986) (a strong presumption exists favoring transfer to the home court); *see also* 1 *Collier on Bankruptcy* 11 3.02[2][a], at 3-136 (15th Ed. 1989) ("[U]nless strong reasons can be shown to the contrary, the home court is the proper venue for civil proceedings.").

submitted herewith as Exhibit "4³" along with a current docket sheet of all matters in the case, as may be available

18.    Removing Defendant shall promptly, and from time to time, supplement this removal with all such pleadings or other matters which may not have been reasonably available at the time of removal.

WHEREFORE, PREMISES CONSIDERED, GARLOCK INC prays that the Removed Case be docketed and assigned a civil action number in this Court pursuant to 28 U.S.C. §§ 157(b)(5), 1441, 1452(a), and Rule 9027, Rules of Bankruptcy Procedure and the Local Rules and that this Court assume jurisdiction of this case for the purposes of 28 U.S.C. § 157(B)(5), and that Removing Defendant have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 884-5616
REMOVAL COUNSEL FOR GARLOCK INC

---

[3]    Because the papers in the case are voluminous, the papers attached for filing with the Court are omitted from the copies of this Application and Notice of Removal that are being served on the other parties' counsel.

Mitchell C. Chaney
SB# 04107500
Rodriguez, Colvin & chaney, LLP
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEYS FOR GARLOCK INC

## CERTIFICATE OF SERVICE

I, __Mitchell C. Chaney__, hereby certify that a true and correct copy of the Application and Notice of Removal, without exhibits, was served by First Class Mail, on all counsel of record as listed on the attached Exhibit "1,", this _____ day of October, 2001:

---

ChiliPDF – www.fastio.com

Cause No. 98-10-04083-E; *Valentin Ramirez and Eva Ramirez; Luis Garcia and Guadalupe Garcia vs. Able Supply Company, et al.*;  In the 404th Judicial District Court of Cameron County, Texas.

| | |
|---|---|
| Status of Service of Process: | Accomplished Upon All Served |
| Original Plaintiff's in Removed Case: | Valentin Ramirez and Eva Ramirez; Luis Garcia and Guadalupe Garcia |
| Counsel for Plaintiff: | Peter A. Kraus<br>Waters & Kraus<br>3219 McKinney Avenue, Suite 3000Dallas, Texas 75204<br>Phone:  (214) 357-6244<br>Fax:  (214-357-7252 |
| Counsel for Defendant, Garlock Inc: | Mitchell C. Chaney<br>Rodriguez, Colvin & Chaney, L. L. P.<br>1201 East Van Buren Street<br>Brownsville, Texas  78522<br>Phone:  (956) 542-7441<br>Fax:  (956) 541-2170 |

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| Lisa Powell | ABLE SUPPLY COMPANY | Jackson Walker, L.L.P.<br>1100 Louisana, Suite 4200<br>Houston, Texas 77002 | 713-752-4200 | 713-621-9065 |
| Ken Rhodes | AC&S, INC. | Dunn Kacal Adams Pappas Law<br>2929 Allen Parkway, Suite 2600<br>Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Ken Rhodes | AC&S, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ARMSTRONG CONTRACTING & SUPPLY, INC.) | Dunn Kacal Adams Pappas Law<br>2929 Allen Parkway, Suite 2600<br>Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Thomas Taylor | AMOCO CORPORATION | Andrews & Kurth, L.L.P.<br>600 Travis, Suite 4200<br>Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Lewis Miltenberger | A.P. GREEN INDUSTRIES, INC. | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Gary Elliston | ARMSTRONG WORLD INDUSTRIES, INC. | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |

| Gary Ellsiton | ASBESTOS CLAIMS MANAGEMENT CORP. A/K/A NATIONAL GYPSUM | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
|---|---|---|---|---|
| Susan A. Carstens | BABCOCK & WILCOX | The Law Offices of Susan A. Carstens 1601 Westheimer Houston, Texas 77006 | 713-529-2141 | 713-529-2290 |
| Donald Godwin | BROWN & ROOT, INC. | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| Gary Elliston | CERTAINTEED CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mary Lou Mauro | COMBUSTION ENGINEERING, INC. | Galloway, Johnson, Tompkins & Burr 3555 Timmons, Suite 1225 Houston, Texas 77027 | 713-599-0700 | 713-599-0777 |
| Frank G. Harmon | CROWN CORK & SEAL COMPANY | Crain Caton & James 3300 Two Houston Center 909 Fannin, 33rd Floor Houston, Texas 77010 | 713-658-2323 | 713-752-8618 |
| Donald Godwin | DRESSER INDUSTRIES, SUED INDIVIDUALLY AND AS SUCCESOR-IN-INTERST TO HARBISON WALKER REFRACTORIES AND WORTHINGTON PUMP INC | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| James Harris | FLINTOKE COMPANY | Harris, Lively & Duesler 550 Fannin Street, Suite 650 P.O. Box 830 Beaumont, Texas 77704-0830 | 409-832-8382 | 409-833-4240 |
| James M. Riley | FOSTER WHEELER ENERGY CORPORATION | Coats, Rose, Yale, Ryman & Lee, PC 800 First City Tower 1001 Fannin Houston, Texas 77002 | 713-651-0111 | 713-651-0220 |
| Gary Elliston | GAF CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Eduardo Rodriguez Mitchell C. Chaney Teri L. Danish | GARLOCK INC | Rodriguez, Colvin & Chaney, L.L.P 1201 E. Van Buren P.O. Box 2155 Brownsville, Texas 78522 | 956-542-7441 | 956-541-2170 |
| Gary Elliston | GASKET HOLDING INC | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | GASKET HOLDING, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FLEXITALLIC GASKET CO.) | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |

| W. Neil Rambin | GENERAL REFRACTORIES COMPANY | Sedgwick, Detert, Moran & Arnold 1717 Main Street, Suite 5400 Dallas, Texas 75201 | 469-227-8200 | 469-227-8004 |
|---|---|---|---|---|
| Mel Bailey | GEORGIA-PACIFIC CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BESTWALL GYPSUM COMPANY) | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Robert W. Wilkinson | GUARDLINE, INC. | Dogan & Wilkinson 726 Delmas Avenue P.O. Box 1618 Pascagoula, MS 39568 | 228-762-2272 | 228-762-3223 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES (FORMERLY A DIVISION OF INDRESCO INC.) | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | INDRESCO INC | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | INDRESCO INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO HARBISON-WALKER REFRACTORIES, A DIVISION OF INDRRESCO, INC.) | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| David Fisher | J. T. THORPE COMPANY | Fairchild, Price, Thomas, Haley & Willingham 413 Shelbyville Street Center, Texas 75935 | 936-598-2981 | 936-598-7712 |
| Taylor M. Hicks | KAISER ALUMINUN & CHEMICAL CORPORATION | Hicks, Thomas & Lilienstern 700 Louisiana, Suite 1700 Houston, Texas 77002 | 713-547-9100 | 713-547-9150 |
| Kenneth S. Wall | KELLY MOORE PAINT COMPANY, INC. | Brown McCarroll & Oaks Hartline 2727 Allen Parkway, Ste. 1300 Houston, TX 77019 | 713-529-3110 | 713-726-1846 |
| John L. Hill | METROPOLITAN LIFE INSURANCE CO. | Locke, Liddell 600 Travis St., Suite 3400 Houston, Texas 77002-3095 | 713-226-1200 | 713-223-3717 |
| Anthony Pletcher | MINNESOTA MINING & MANUFACTURING (A/K/A "3M") | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 361-883-0210 |

| | | | | |
|---|---|---|---|---|
| D. Ferguson McNeil | NORTH AMERICAN REFRACTORIES COMPANY | Vinson & Elkins 2300 First City Tower 1001 Fannin Houston, Texas 77002-6760 | 713-758-3882 713-758-2222 | 713-758-2346 |
| Jeffrey Mundy | OWENS-CORNING FIBERGLAS CORP. | Brobeck, Phlegar & Harrison, L.L.P. 301 Congress Ave., Suite 1200 Austin, Texas 78701 | 512-477-5495 | 512-494-8318 |
| Peter Moir | OWENS-ILLINOIS, INC. | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| Peter Moir | OWENS-ILLINOIS, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO OWENS-ILLINOIS GLASS COMPANY) | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| James Powers | PITTSBURGH CORNING CORP. | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| Thomas Dougall | PROKO INDUSTRIES, INC. | Bowers, Orr & Dougall, L.L.P. 8910 Two Notch Rd., Suite 400 Columbia, South Carolina 29224 | 803-788-5220 | 803-788-6767 |
| Gary Elliston | QUIGLEY COMPANY, INC. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Alex J. Gomez | RAPID-AMERICAN CORPORATION | Andrews & Kurth, L.L.P. 600 Travis, Suite 4200 Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Gary Elliston | RILEY STOKER CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| David Walsh | THE SYNKOLOID COMPANY | Brin & Brin, P.C. 1202 Third Street Corpus Christi, TX 78404 | 361-881-9643 | 361-883-9970 |
| Gary Elliston | T&N PLC F/K/A TURNER & NEWELL PLC; T&N PLC SUCCESSOR IN INTERST TO KEASBEY & MATTISON | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | TURNER & NEWELL INDUSTRIES, INC. DBA UNITED GASKET CORP; TURNER NEWELL, LTD. D/B/A UNITED FABRICATED | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Hubert A. Crouch | UNIROYAL HOLDING, INC (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTERST TO U.S. RUBBER COMPANY | Crouch & Inabnett 2300 Fountain Place 1445 Ross Avenue Dallas, Texas 75202 | 214-922-7100 | 214-922-7101 |

| | | | | |
|---|---|---|---|---|
| Gary Elliston | U.S. GYPSUM COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | U.S. MINERAL PRODUCTS COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. | Adams & Graham, L.L.P.<br>222 East Van Buren, West Tower<br>P. O Drawer 1429<br>Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO W.R. GRACE & COMPANY) | Adams & Graham, L.L.P.<br>222 East Van Buren, West Tower<br>P. O Drawer 1429<br>Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |

ClibPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**JUL 3 1 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| THE PARENTS INDIVIDUALLY AND AS, | § | |
| PARENTS OF JOHN DOES, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-77 |
| | § | |
| MARINE MILITARY ACADEMY, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF TRANSFER

BE IT REMEMBERED that on July 31, 2000, the Court GRANTED Defendant -
Debtor Marine Military Academy's motion to transfer pursuant to the mandatory provisions
of 28 U.S.C. §157(b)(5) (Dkt. No. 3). This case is ORDERED transferred to the United
States District Court for the District of Arizona.

DONE at Brownsville, Texas, this ___31___ day of July 2000.

Hilda G. Tagle

United States District Judge

EXHIBIT 2

CutePDF - www.fastio.com



# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
ENTERED

**JUN. 0 5 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Debbie Wayne, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-075 |
| | § | |
| Marine Military Academy, Inc., | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED, that on June 2, 2000, the Court considered the Defendants'

Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5)

[Docket No. 2]. It is ordered that pursuant to 28 U.S.C. § 157(b)(5) this case is transferred

to the United States District Court for the District of Arizona for such action as that Court

may deem appropriate pursuant to 28 U.S.C. § 157(b)(5).

DONE at Brownsville, Texas, this 2nd day of June 2000.

John Wm. Black
United States Magistrate Judge

EXHIBIT 3

CVISPDF – www.fastio.com

```
RUN DATE 10/02/01                                                              PAGE: 01
RUN TIME 3:54 PM                                                               1998-10-004083-G


              * * * C L E R K ' S   E N T R I E S * * *


VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

                VS                        00314801
                                          HON. C. ANDREW WATERS
ABEL SUPPLY & AC&S, INC.  ET AL           400 SOUTH ZANG BLVD., STE 500
                                          DALLAS, TEXAS 75208 0000

                                          00457301
                                          HON. JEFFERY MUNDY
                                          301 CONGRESS, STE 1200
                                          AUSTIN, TEXAS 78701 0000

                                          (10)                          HON. C.
                                          NEGLIGENCE/DAMAGE             ANDREW WATERS

                                                          10    15    98          30.00
```

| Date | Entry | |
|---|---|---|
| 02/25/99 | HON. LEWIS C. MILTENBERGER IS HEREBY ALLOWED TO SUBSTITUTE | 10/15/98 ORIGINAL PETITION FILED |
| 02/25/99 | HON. GARY ELLISTON AS ATTORNEY OF RECORD FOR DEFT A. P. | 10/19/98 CITATION: ABEL SUPPLY CO. |
| 02/25/99 | GREEN INDUSTRIES, INC. AS PER ORDER SIGNED FOR DEFT A. P. | SERVED: 11/02/98    FILED: 12/03/98 |
| 02/18/00 | MOTION TO SET ON JURY DOCKET SET 3/8/2000 @ 10:00 A.M. PER | 10/19/98 CITATION: A. C. & S., INC. |
| 02/18/00 | ORDER SIGNED. RV/IGSM | SERVED: 10/27/98    FILED: 12/03/98 |
| 02/25/00 | HON ROBERT H BASS SUBSTITUTES FOR HON HUBERT A CROUCH II AS | 10/19/98 CITATION: A.P. GREEN INDUSTRIES, INC. |
| 02/25/00 | COUNSEL FOR UNIROYAL HOLDING INC. AS PER ORDER.MLOPEZ/IG | SERVED: 10/27/98    FILED: 12/03/98 |
| 03/08/00 | TRIAL SET 10/16/00 @ 9:00 A.M. WITH ANNOUNCEMENTS 10/13/00 @ | 10/19/98 CITATION: ARMSTRONG WORLD INDUSTRIES, INC. |
| 03/08/00 | 10:30 A.M. RV/SM | SERVED: 10/27/98    FILED: 12/03/98 |
| 04/04/00 | TRIAL SET 10/16/00 @ 9:00 A.M. WITH ANNOUNCEMENTS 10/13/00 @ | 10/19/98 CITATION: ASBESTOS CLAIMS MANAGMENT CORPORATION |
| 04/04/00 | 10:30 A.M. PER ORDER SIGNED. RV/IGSM | SERVED: 10/30/98    FILED: 12/03/98 |
| 05/03/00 | HON MITCHELL C CHANEY SUBSTITUTES FOR HON KENNETH S WALL AS | 10/19/98 CITATION: BABCOCK & WILCOX CO. |
| 05/03/00 | ATTORNEY FOR THE GARLOCK INC. AND THE ANCHOR PACKING CO, AS | SERVED: 10/30/98    FILED: 12/03/98 |
| 05/03/00 | PER ORDER, RVALDEZ/IG | 10/19/98 CITATION: BROWN & ROOT, INC. |
| 06/01/00 | HON D FERGUSON MCNIEL SUBSTITUTES FOR HON DEBRA FITZGERALD | SERVED: 10/30/98    FILED: 12/03/98 |
| 06/01/00 | AS ATTY FOR NARCO, AS PER ORDER, RVALDEZ/IG | 10/19/98 CITATION: COMBUSTION ENGINEERING, INC. |
| 08/16/00 | ORDER NOTICE OF NONSUIT RVALDEZ/G | SERVED: 10/27/98    FILED: 12/03/98 |
| 08/16/00 | (AS TO PITTSBURGH CORNING CORPORATION) | 10/19/98 CITATION: CROWN CORK & SEAL COMPANY, INC. |
| 09/05/00 | HON LEWIS C MILTENBERGER WITHDRAWS AND HON H DANIEL SPAIN | SERVED: 10/27/98    FILED: 12/03/98 |
| 09/05/00 | SUBSTITUTES AS ATTY FOR HARRISON-WALKER, AS PER ORDER | 10/19/98 CITATION: FOSTER WHEELER ENERGY CORPORATION |
| 09/05/00 | RVALDEZ/IG | SERVED: 10/30/98    FILED: 12/03/98 |
| 09/08/00 | HON H DANIEL SPAIN SUBSTITUTES FOR HON LEWIS C MILTENBERGER AS | 10/19/98 CITATION SEC. OF STATE: GAF CORPORATION |
| 09/08/00 | ATTY FOR A P GREEN INDUSTRIES INC, AS PER ORDER, RVALDEZ/IG | SERVED: 11/02/98    FILED: 12/03/98 |
| 09/21/00 | DEFT A C S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT SET | 10/19/98 CITATION: GARLOCK INC. |
| 09/21/00 | 10/12/0 @ 10:00 A.M. PER ORDER SIGNED. RV/IGSM | SERVED: 10/27/98    FILED: 12/03/98 |
| 10/03/00 | WILSON ELSER, MOSKOWITZ, EDELMAN AND DICKER IS PERMITTED TO | |
| 10/03/00 | WITHDRAW AND GODWIN, WHITE & GRUBER P C SUBSTITUTES AS | |
| 10/03/00 | COUNSEL FOR BROWN & ROOT, AS PER ORDER, RVALDEZ/IG | |
| 10/10/00 | CAUSE# 1999-12-005218 CONSOLIDATED WITH THIS CAUSE, AS PER ORDER | |

RUN DATE 10/02/01                                                                          PAGE: 02
RUN TIME  3:54 PM

* * * * C L E R K ' S   E N T R I E S * * * *

1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL          00314801                          (10)          10      15      98
                                                HON. C. ANDREW WATERS
                                                400 SOUTH ZANG BLVD.,  STE 500
                   VS                           DALLAS, TEXAS  75208 0000

                                                00457301                          NEGLIGENCE/DAMAGE
ABEL SUPPLY & AC&S, INC. ET AL                  HON. JEFFERY MUNDY
                                                301 CONGRESS, STE 1200
                                                AUSTIN, TEXAS  78701 0000

                                                                                                HON. C.
                                                                                             ANDREW WATERS

                                                                                                30.00

10/10/00   SIGNED FOR ENTRY. M.MURRAY JR/IG                    10/19/98   CITATION SEC. OF STATE: GENERAL
10/10/00   ORDER ON DEFT'S MTN TO EXCLUDE AND/OR LIMIT EXPERT TESTIMONY         REFRACTORIES COMPANY
10/10/00     OF DAVID STEVEN EGILMAN MD, AS PER ORDER.MURRAY JR/IG                SERVED: 11/02/98      FILED: 12/03/98
10/11/00   ORDER ON NOTICE OF NONSUIT/DOCKET ENTRY .MMURRAY/CW        10/19/98   CITATION: GEORGIA-PACIFIC CORPORATION
10/11/00     (AGAINST DEFT KELLY-MOORE PAINT CO. INC. ONLY)                       SERVED: 10/27/98      FILED: 12/03/98
10/11/00   PLTF'S MTN TO RECONSIDER ,OR IN THE ALTERNATIVE JOINT MOTION     10/19/98   CITATION: GUARDLINE, INC.
10/11/00     FOR CONTINUANCE SET FOR 10/13/2000 @ 10:30 A.M.,AS PER               SERVED: 11/07/98      FILED: 12/03/98
10/11/00     ORDER. RVALDEZ/IG                                        10/19/98   CITATION: HARBISON-WALKER REFRACTORIES
10/11/00   MOTION FOR CONTINUANCE GRANTED; CASE REFERRED TO MEDIATION.            SERVED: 10/30/98      FILED: 12/03/98
10/13/00     RV/SM                                                    10/19/98   CITATION: KAISER ALUMINUM & CHEMICAL
10/13/00   HON TOM SUDDLESON WITHDRAWS AND HON JAMES H POWERS SUBSTITUTES          CORPORATION
10/16/00     AS ATTY FOR ARMSTRONG WORLD INDUSTRIES, INC AND UNITED               SERVED: 10/27/98      FILED: 12/03/98
10/16/00     STATES GYPSUM CO.,AS PER ORDER.RVALDEZ/IG                10/19/98   CITATION: METROPOLITAN LIFE INSURANCE
10/16/00   ORDER PLTF'S NOTICE OF NONSUIT      RVALDEZ/IG                          COMPANY
11/02/00     (AS TO PLTFS LUIS GARCIA , GUADALUPE GARCIA AND VALENTIN              SERVED: 10/27/98      FILED: 12/03/98
11/02/00     RAMIREZ AND EVA RAMIREZ AGAINST MINNESOTA M MGS CO,ONLY)  10/19/98   CITATION: MINNESOTA MINING AND
11/02/00   HON HUBERT CROUCH III IS ALLOWED TO WITHDRAW AND HON GARY D.            MANUFACTURING
11/13/00     ELLISTON SUBSTITUTES AS COUNSEL FOR FEDERAL MOGUL CORP.,AS           SERVED: 10/27/98      FILED: 12/03/98
11/13/00     PER ORDER, FSHANNON/IG                                   10/19/98   CITATION: NORTH AMERICAN REFRACTORIES
11/13/00   DEFT W R GRACE & CO.- CONN'S NO EVIDENCE MTN FOR SUMMARY JUDGMT         COMPANY
12/11/00     AND CONDITIONAL MTN FOR SEVERANCE SET FOR 1/25/2001 @ 10:30          SERVED: 10/27/98      FILED: 12/03/98
12/11/00     A.M.,AS PER ORDER. RVALDEZ/IG                           10/19/98   CITATION: OWENS CORNING FIBERGLAS
12/11/00   ORDER OF NONSUIT (AGREED) M MURRAY JR/IG                               CORPORATION
12/27/00     (BROWN & ROOT INC, ONLY)IG                                           SERVED: 10/26/98      FILED: 12/03/98
01/04/01   ORDER NOTICE OF NONSUIT W/OUT PREJUDICE  A C LIMAS/IG      10/19/98   CITATION SEC. OF STATE.
01/04/01     (AS TO ARMSTRONG WORLD INDUSTRIES & ASBESTOS C MGMT CORP?)           OWENS-ILLINOIS, INC.
12/27/00   ORDER NOTICE OF NONSUIT W/OUT PREJUDICE  A C LIMAS/IG                   SERVED: 11/02/98      FILED: 12/03/98
01/17/01     (PLTFS., JEAN B DARNOLD, VALENTIN RAMIREZ AND EVA RAMIREZ, 10/19/98   CITATION: PITTSBURGH CORNING CORPORATION
01/17/01     LUIS GARCIA AND GUADALUPE GARCIA AND DEFTS., ARMSTRONG              SERVED: 10/27/98      FILED: 12/03/98

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 23 of 157

```
VALENTINE RAMIREZ & EVA RAMIREZ, ET AL                                      00314801
                                                                            HON. C. ANDREW WATERS
                              VS                                            400 SOUTH ZANG BLVD., STE 500
                                                                            DALLAS, TEXAS  75208 0000

ABEL SUPPLY & ACⅇS, INC. ET AL                                             00457301
                                                                            HON. JEFFERY MUNDY
                                                                            301 CONGRESS, STE 1200
                                                                            AUSTIN, TEXAS  78701 0000
```

* * * C L E R K ' S   E N T R I E S * * *

```
(10)                                      10        15        98

NEGLIGENCE/DAMAGE                                             30.00

                                          HON. C.
                                          ANDREW WATERS
```

```
01/17/01  WORLD INDUSTRIES INC., BLDG MATERIALS CORP. OF AMERICA,        10/19/98  CITATION: RAPID-AMERICAN CORPORATION
          ASBESTOS CLAIMS MGMT CORP FKA NATIONAL GYPSUM AND GAF CORP.              SERVED: 11/02/98        FILED: 12/03/98
          GAF CORP.,, GAF BLDG MATERIALS CORP.,)

01/17/01  ORDER DENYING DEFT'S NO-EVIDENCE MTN FOR SUMMARY JUDGMT, AS PER 10/19/98  CITATION: RILEY STOKER CORPORATION
01/17/01  ORDER...A C LIMAS/IG                                                     SERVED: 11/02/98        FILED: 12/03/98

01/25/01  ORDER NOTICE OF NONSUIT W/OUT PREJUDICE    A C LIMAS/IG        10/19/98  CITATION: J.T. THORPE COMPANY
01/25/01  (PLTF JEAN B DARNOLD AND W R GRACE, ONLY)IG                              SERVED: 10/30/98        FILED: 12/03/98
01/25/01

02/15/01  MTN FOR PREFERENTIAL JURY TRIAL SETTING SET FOR 3/15/01 @10:30 10/19/98  CITATION SEC. OF STATE: UNIROYAL
02/15/01  A.M., AS PER ORDER...AC LIMAS/IG                                         SERVED: 10/30/98        FILED: 12/03/98
          HOLDING COMPANY

03/15/01  TRIAL SET FOR 8/13/01 @ 9:00 A.M, AS PER ORDER. AC LIMAS/IG    10/19/98  CITATION: U.S. GYPSUM COMPANY
                                                                                  SERVED: 10/27/98        FILED: 12/03/98

05/09/01  SPAIN & HASTINGS IS ALLOWED TO WITHDRAW AND HON H DANIEL SPAIN  10/19/98  CITATION SEC. OF STATE: U.S. MINERAL
05/09/01  SUBSTITUTES AS ATTY FOR DEFT A P GREEN INDUSTRIES, AS PER                 SERVED: 10/30/98        FILED: 12/03/98
05/09/01  ORDER...AC LIMAS/IG                                                       PRODUCTS COMPANY

05/09/01  SPAIN & HASTINGS IS ALLOWED TO WITHDRAW AND HON LEWIS MILTEN-   10/19/98  CITATION: W.R. GRACE & CO.-CONN.
05/09/01  BERGER SUBSTITUTES AS ATTY FOR HARBISON-WALKER REFRACTORIES               SERVED: 11/02/98        FILED: 12/03/98
05/09/01  CO., AS PER ORDER...AC LIMAS/IG

05/25/01  DEFT'S REQUEST FOR ORAL HEARING(IGARCIA)                        10/19/98  CITATION: PROKO INDUSTRIES, INC.
05/09/01                                                                            SERVED: 10/30/98        FILED: 12/03/98

06/02/01  HON H DANIEL SPAIN SUBSTITUTES FOR HON LEWIS C MILTENBERGER AS  10/19/98  CITATION: PROKO INDUSTRIES, INC.
06/02/01  ATTY FOR A P GREEN INDUSTRIES INC, AS PER ORDER. AC LIMAS/IG              SERVED: 10/31/98        FILED: 12/03/98

06/04/01  DEFT AMOCO CORP'S MTN TO TRANSFER VENUE SET FOR 7/26/01 @ 10:30 10/15/98  JURY FEE: Pd. by HON. C. ANDREW WATERS
06/04/01  A.M., AS PER ORDER...AC LIMAS/IG                                          ORIGINAL ANSWER: OWENS CORNING

07/17/01  ORDER NOTICE OF DISMISSAL/NO ORDER    AC LIMAS/IG              11/12/98  FIBERGLAS CORPORATION
07/17/01  (J T THORPE COMPANY, ONLY)IG

07/17/01  DEFT GARLOCK INC'S MTN FOR RECONSIDERATION OF ORDER GRANTING    11/12/98  OWENS CORNING'S MOTION TO TRANSFER
07/23/01  CONSOLIDATION TRIAL SET FOR 8/2/01 @ 10:30 A.M., AS PER                   VENUE, AND ORIGINAL ANSWER,
07/23/01  ORDER...AC LIMAS/IG

07/25/01  DEFT GARLOCK INC'S ADOPTION OF BP AMOCO'S MTN TO DISMISS SET    11/12/98  CROSS-ACTION & JURY DEMAND MADE
07/25/01  FOR 8/2/01 @ 10:30 A.M., AS PER ORDER...AC LIMAS/IG                       SUBJECT TO ITS MOTION TO
                                                                                  TRANSFER VENUE (IGARCIA)

07/25/01  DEFT CERTAINTEED CORP NO EVIDENCE MTN FOR SUMMARY JUDGMT SET    11/16/98  DEFT ABLE SUPPLY CO'S OPPOSED MOTION
                                                                                  TO TRANSFER VENUE ( IGARCIA)
                                                                          11/16/98  (IGARCIA)
```

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 24 of 157

* * * * C L E R K ' S   E N T R I E S * * * *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

vs

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS 75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS 78701 0000

NEGLIGENCE/DAMAGE

HON. C. ANDREW WATERS

(10)                    10      15      98

30.00

| Date | Entry | Date |
|---|---|---|
| 07/25/01 | FOR 8/10/01 @ 10:30 A.M., AS PER ORDER..AC LIMAS/IG | 11/17/98 ORIGINAL ANSWER: CROWN CORK & SEAL COMPANY, INC. |
| 07/25/01 | DEFT.SYNKOLOID CO MTN FOR SUMMARY JUDGMT SET FOR 8/13/01 @ 9:00 A.M. AS PER ORDER..AC LIMAS/IG | 11/17/98 CROSS ACTION: CROWN CORK & SEAL COMPANY, INC. |
| 07/28/01 | HON DANIEL SPAIN SUBSTITUTES FOR HON JAMES TOMPKINS AS ATTY FOR COMBUSTION ENGINEERING INC'S AS PER ORDER.AC LIMAS/IG | 11/16/98 ORIGINAL ANSWER: MINNESOTA MINING AND MANUFACTURING COMPANY. |
| 07/31/01 | DEFT.GARLOCK INC'S ADOPTION OF BP AMOCO CORP'S MTN TO TRANSFER VENUE SET FOR 8/2/01 @ 10:30 A.M.,AS PER ORDER..AC LIMAS/IG | 11/16/98 ORIGINAL ANSWER: ABEL SUPPLY CO. |
| 07/31/01 | DEFT GARLOCK INC'S MTN FOR PARTIAL SUMMARY JUDGMT SET FOR 8/2/01 @ 10:30 A.M. AS PER ORDER...AC LIMAS/IG | 11/17/98 ORIGINAL ANSWER: GARLOCK INC. |
| 07/31/01 | DEFT GARLOCK INC'S MTN TO EXPEDITE THE HEARING OF ITS MTN TO PARTIAL SUMMARY JUDGMT OR IN THE ALTERNATIVE MTN FOR | 11/17/98 ORIGINAL ANSWER: ARMSTRONG WORLD INDUSTRIES INC. |
| 07/31/01 | CONTINUANCE SET FOR 8/2/01 @ 10:30 A.M.AS PER ORDER... AC LIMAS/IG | 11/17/98 ORIGINAL ANSWER: A. P. GREEN INDUSTRIES INC. |
| 08/02/01 | CASES SEVERED OUT AS TO PLTF DARNOLD. NEW TRL SET 09/10/01 FOR BOTH TRL & ANN. 1998-10-4083-G SET FOR TRL ON 10/15/01 FOR | 11/16/98 ORIGINAL ANSWER: W. R. GRACE & CO.-CONN. |
| 08/02/01 | BOTH TRL & ANN. ORDER TO BE SUBMITTED. MTN TO TRANSFER DENIED. ACLIMAS/MG | 11/16/98 ORIGINAL ANSWER OF ABLE SUPPLY COMPANY TO PLFS' ORIGINAL PETITION (ADOMANSKI) |
| 08/07/01 | MOTION FOR RECONSIDERATION OF THE ORDER GRANTING CONSOLIDATION OF CASE NO 99-12-5218-D STYLED "JEAN B DARNOLD VS ABLE | 11/16/98 DEF GARLOCK INC'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER |
| 08/07/01 | SUPPLY,ET AL", IS GRANTED AND IT IS ORDERED SEVERED FROM THIS CASE. TRIAL AND ANN SET FOR 10/15/01 @ 9:00 A.M. AS | 11/17/98 SUBJECT THERETO (ADOMANSKI) |
| 08/07/01 | PER ORDER..AC LIMAS/IG | 11/17/98 ANSWER OF DEFS TO PLFS' ORIGINAL PETITION & JURY DEMAND (ADOMANSKI) |
| 08/07/01 | DEFT., COMBUSTION ENGINEERING INC'S MTN TO ADOPT & FOR JOINDER OF DEFT GARLOCK INC'S MTN FOR RECONSIDERATION OF ORDER | 11/17/98 DEFENDANT'S ORIGINAL ANSWER (ADOMANSKI) |
| 08/07/01 | GRANTING CONSOLIDATION FOR TRIAL IS GRANTED, AS PER ORDER AC LIMAS/IG | 11/16/98 MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER |
| 08/08/01 | ORDER GRANTING NONSUIT (THE SYNKOLOID CO) | 11/16/98 TO PLAINTIFFS' ORIGINAL PETITION AND ANSWER TO ALL CROSS ACTIONS (ADOMANSKI) |
| 08/08/01 | DEFTS. AMOCO/GARLOCK MTN TO DISMISS IS DENIED, AS PER ORDER.. | 11/16/98 DEFT. W R GRACE & CO. CONN.'S REQUEST |

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * * * C L E R K ' S   E N T R I E S * * * *

PAGE: 05

1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS                75208 0000

00457301
HON JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS               78701 0000

NEGLIGENCE/DAMAGE

(10)                              10        15       98

                                           30.00

HON. C.
ANDREW WATERS

| | | | |
|---|---|---|---|
| 08/08/01 | AC LIMAS/IG | 11/16/98 | FOR JURY TRIAL SUBJECT SUBJECT TO MOTION TO TRANSFER |
| 08/15/01 | ORDER WITHDRAWING CORDRAY, GOODRICK, & MILTENBERGER P L L C AS | 11/20/98 | ORIGINAL ANSWER: VENUE (IGARCIA) |
| 08/15/01 | ATTYS OF RECORD FOR HARRISON-WALKER REF. CO AND OR INDRESCO | 11/20/98 | INSURANCE COMPANY ORIGINAL ANSWER: METROPOLITAN LIFE |
| 08/15/01 | AS PER ORDER...AC LIMAS/IG | 11/20/98 | CROSS ACTION: METROPOLITAN LIFE |
| 08/22/01 | PLTF'S MTN FOR RECONSIDERATION ON COURTS RULING TO SEVER SET | 11/20/98 | INSURANCE COMPANY |
| 08/22/01 | FOR 8/30/01 @ 10:30 A.M.,AS PER ORDER..AC LIMAS/IG | 11/23/98 | ORIGINAL ANSWER: PROKO INDUSTRIES, INC. |
| 08/23/01 | ORDER NOTICE OF NONSUIT W/OUT PREJUDICE | 11/23/98 | ORIGINAL ANSWER: OWENS-ILLINOIS, INC. |
| 08/23/01 | (MINERAL PRODUCTS CO)IG | 11/23/98 | CROSS CLAIM: OWENS-ILLINOIS, INC. |
| 08/23/01 | NOTICE OF NONSUIT W/OUT PREJUDICE AC LIMAS/IG | 11/23/98 | OWENS-ILLINOIS, INC'S MOTION TO |
| 08/23/01 | (UNITED STATES GYPSUM)IG | 11/23/98 | DISMISS PLTFS' CLAIMS BECAUSE |
| 08/24/01 | ORDER ON NOTICE OF NON-SUIT | 11/23/98 | OF FORUM NON CONVENIENS; |
| 08/24/01 | (AS TO HARBISON WALKER REFRACTORIES CO.INC. W/O PREJUDICE) | 11/23/98 | ALTERNATIVELY, SUBJECT TO AND |
| 08/29/01 | COMBUSTION ENGINEERING INC'S NO EVIDENCE MTN FOR SUMMARY JUDGMT | 11/23/98 | WITHOUT WAIVING THE FOREGOING, ITS |
| 08/29/01 | SET FOR 10/4/01 @ 8:30 A.M.,AS PER ORDER...AC LIMAS/IG | 11/23/98 | MOTION TO TRANSFER VENUE; AND SUBJECT TO AND WITHOUT |
| 08/30/01 | MTN FOR RECONSIDERATION DENIED. DARNOLD CASE MAY BE TRANSFERRED | 11/23/98 | WAIVING THE FOREGOING, |
| 08/30/01 | BACK TO 404TH FROM 103RD ON 08/31/01. (ORDER TO BE SUBMITTE | 11/23/98 | ITS ORIGINAL ANSWER TO PLTFS' |
| 09/12/01 | & TRL DATE TO BE DETERMINED. ACLIMAS/MG | 11/23/98 | ORIGINAL PETITION AND CROSS- |
| 09/12/01 | ORDER NONSUIT WITH PREJUDICE       AC LIMAS/IG | 11/23/98 | CLAIM (IGARCIA) |
| 09/18/01 | (KELLY-MOORE PAINT CO) | 11/23/98 | SPECIAL APPEARANCE TO PRESENT MOTION |
| 09/18/01 | ORDER NONSUIT WITH PREJUDICE (AGREED) | 11/23/98 | OBJECTING TO JURISDICTION |
| 09/18/01 | (KELLY-MOORE PAINT CO) AC LIMAS/IG | 11/23/98 | AND ANSWER OF DEFT UNIROYAL |
| 09/19/01 | ORDER NOTICE OF NONSUIT W/PREJUDICE | 11/23/98 | HOLDING, INC. TO PLTF'S |
| 09/19/01 | (KELLY -MOORE PAINT CO INC.) IG AC LIMAS/IG | 11/23/98 | ORIGINAL PETITION (IGARCIA) |
| 09/25/01 | ORDER NONSUIT WITHOUT PREJUDICE | 11/23/98 | DEFT BROWN & ROOT, INC.'S MOTION TO |
| 09/25/01 | (COMBUSTION ENGINEERING INC) | 11/23/98 | TRANSFER VENUE AND ORIGINAL ANSWER TO PLTF'S ORIGINAL PETITION |

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 26 of 157

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

* * *   C L E R K ' S   E N T R I E S   * * *

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS 75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS 78701 0000

(10)

NEGLIGENCE/DAMAGE

HON. C.
ANDREW WATERS

10      15      98

30.00

| | |
|---|---|
| | (IGARCIA) |
| 11/23/98 | METROPOLITAN LIFE'S ORIGINAL ANSWER, WITH SPECIAL EXCEPTIONS, CROSS ACTION, AND ANSWER TO CROSS ACTIONS, TO PLTFS' |
| 11/23/98 | ORIGINAL PETITION AND JURY DEMAND(IGARCIA) |
| 11/24/98 | ORIGINAL ANSWER: GENERAL REFACTORIES COMPANY |
| 11/24/98 | CROSS ACTION: GENERAL REFACTORIES COMPANY |
| 11/24/98 | ORIGINAL ANSWER: COMBUSTION ENGINEERING, INC. |
| 11/24/98 | ORIGINAL ANSWER: GUARDLINE, INC. |
| 11/24/98 | ORIGINAL ANSWER: KAISER ALUMINUM & CHEMICAL CORPORATION |
| 11/24/98 | ORIGINAL ANSWER: BABCOCK & WILCOX CO. |
| 11/23/98 | ORIGINAL ANSWER: BROWN & ROOT, INC. |
| 11/23/98 | ORIGINAL ANSWER: UNIROYAL HOLDING COMPANY |
| 11/24/98 | DEFT KAISER ALUMINUM & CHEMICAL CORP'S MOTION TO TRANSFER VENUE |
| 11/24/98 | MOTION FOR SEVERANCE, SPECIAL EXCEPTIONS, ORIGINAL ANSWER AND ANSWER TO CROSS ACTIONS(IGARCIA) |
| 11/24/98 | JURY DEMAND(IGARCIA) |
| 11/24/98 | DEFT. COMBUSTION ENGINEERING, INC'S MOTION TO TRANSFER VENUE, |

```
RUN DATE 10/02/01                                                                    PAGE: 07
RUN TIME  3:54 PM                                                                    1998-10-004083-G

                          *   *   *   C L E R K ' S   E N T R I E S   *   *   *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL          00314801                (10)            10    15    98
                                                HON. C. ANDREW WATERS                        HON. C.
                  VS                            400 SOUTH ZANG BLVD., STE 500               ANDREW WATERS
                                                DALLAS, TEXAS         75208 0000
ABEL SUPPLY & AC&S, INC. ET AL                                                 NEGLIGENCE/DAMAGE
                                                00457301
                                                HON. JEFFERY MUNDY                                    30.00
                                                301 CONGRESS, STE 1200
                                                AUSTIN, TEXAS     78701 0000
```

| | |
|---|---|
| 11/24/98 | MOTION TO DISMISS FOR FORUM NON CONVENIENS AND SUBJECT THERETO, ORIGINAL ANSWER(IGARCIA) |
| 11/24/98 | PITTSBURGH CORNING CORP'S OBJECTION TO VENUE, AND MOTION TO TRANSFER VENUE(IGARCIA) |
| 11/24/98 | PITTSBURGH CORNING CORP'S MOTION TO SEVER MULTIPLE CLAIMS (IGARCIA) |
| 11/24/98 | DEFT KAISER ALUMINUM & CHEMICAL CORP'S MOTION TO TRANSFER VENUE, MOTION FOR SEVERANCE, SPECIAL EXCEPTIONS, ORIGINAL ANSWER AND ANSWER TO CROSS-ACTIONS(IGARCIA) |
| 11/24/98 | DEFT. GUARD LINE INC'S ANSWER TO PLTF'S ORIGINAL PETITION AND JURY DEMAND(IGARCIA) |
| 11/24/98 | DEFT COMBUSION ENGINEERING INC'S MOTION TO TRANSFER VENUE , MOTION TO DISMISS FOR FORUM NON CONVENIENS AND SUBJECT THERETO , ORIGINAL ANSWER, (IGARCIA) |
| 11/24/98 | DEFT PITTSBURGH CORNING CORP'S MOTION TO DISMISS UNDER TEX .CIV PRAC. & REM. CODE & 71.05(B) (CLAIMS FILED AFTER 5/29/97) (IGARCIA) |

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * *   C L E R K ' S   E N T R I E S   * * *

PAGE: 08

1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD.,   STE 500
DALLAS, TEXAS   75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS   78701 0000

(10)   NEGLIGENCE/DAMAGE

HON. C
ANDREW WATERS

10    15    98

30.00

| Date | Entry |
|---|---|
| 11/25/98 | ORIGINAL ANSWER: A.C. & S., INC.'S |
| 11/24/98 | PITTSBURGH CORNING CORP'S MOTION TO SEVER MULTIPLE CLAIMS (IGARCIA) |
| 11/24/98 | PITTSBURGH CORNING CORP'S OBJECTION TO VENUE, MOTION TO DISMISS |
| 11/24/98 | FOR LACK OF VENUE, AND ALTERNATIVE MOTION TO TRANSFER VENUE (IGARCIA) |
| 11/25/98 | DEFT ACands, INC.'S ORIGINAL ANSWER SUBJECT TO ITS MOTION TO TRANSFR VENUE (GMEDRANO) |
| 11/25/98 | DEFT ACands, INC.'S MOTION TO TRANSFER VENUE (GMEDRANO) |
| 11/25/98 | DEFT'S ANSWER TO ANY AND ALL CROSS-ACTIONS (GMEDRANO) |
| 11/24/98 | DEMAND FOR JURY TRIAL (GMEDRANO) |
| 11/24/98 | ORIGINAL ANSWER: PITTSBURGH CORNING CORPORATION |
| 12/03/98 | IN THE ALTERNATIVE & SUBJECT TO ITS SPECIAL APPEARANCE RAPID AMERICAN CORP'S MOTION TO DISMISS FOR FORUM CONVENIENS (IGARCIA) |
| 12/03/98 | FOR FORUM CONVENIENS (IGARCIA) |
| 12/04/98 | ORIGINAL ANSWER: RAPID-AMERICAN CORPORATION |
| 12/07/98 | SPECIAL APPEARANCE TO PRESENT MOTION OBJECTING TO JURISDICTION (IGARCIA) |
| 12/04/98 | ORIGINAL ANSWER OF DEFT RAPID-AMERICAN |

```
RUN DATE 10/02/01                                                          PAGE: 09
RUN TIME 3:54 PM                                                   1998-10-004083-G

                          *  *  *   C L E R K ' S   E N T R I E S   *  *  *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL          00314801                      10   15   98
                                                HON. C. ANDREW WATERS
                                                400 SOUTH ZANG BLVD., STE 500
               VS                               DALLAS, TEXAS 75208 0000

ABEL SUPPLY & AC&S, INC. ET AL                  00457301                          HON. C.
                                                HON. JEFFERY MUNDY            ANDREW WATERS
                                                301 CONGRESS, STE 1200
                                                AUSTIN, TEXAS 78701 0000

                                                (10)        NEGLIGENCE/DAMAGE         30.00
```

```
12/04/98   CORP SUBJECT TO ITS
           SPECIAL APPEARANCE AND MOTION TO
12/04/98   DISMISS FOR FORUM NON
           CONVENIENS (IGARCIA)
12/08/98   ORIGINAL ANSWER: HARBISON-WALKER
           REFRACTORIES
12/08/98   ORIGINAL ANSWER: U.S. GYPSUM COMPANY
12/08/98   ORIGINAL ANSWER: GAF CORPORATION
12/08/98   HARBISON-WALKER REFRACTORIES
           COMPANY'S, SUED IMPROPERLY HEREIN
12/08/98   AS A DIVISION OF INDRESCO, INC.,
           MTN TO TRANSFER VENUE, AND
12/08/98   SUBJECT THERETO, ORIGINAL ANSWER
           AND ANSWER TO CROSS-ACTIONS
12/08/98   (GMEDRANO)
           ORIGINAL ANSWER: J.T. THORPE COMPANY
12/08/98   CROSS ACTION: J.T. THORPE COMPANY
12/09/98   J T THORPE CO'S MOTION TO TRANSFER
12/08/98   VENUE (IGARCIA)
           MOTION TO STRIKE PLTF'S ORIGINAL
12/08/98   PETITION AND MOTION TO SEVER
           (IGARCIA)
12/08/98   J T THORPE CO'S SPECIAL EXCEPTIONS,
12/08/98   ANSWER, CROSS ACTION AND
           ANSWER TO OTHER ACTIONS (IGARCIA)
12/08/98   DEFT J T THORPE CO'S MOTION TO DISMISS
12/08/98   BASED UPON THE DOCTRINE
           OF FORUM NON CONVENIENS (IGARCIA)
01/14/99   DEFT ACandS, INC.'S SUPPLEMENTAL
```

```
RUN DATE 10/02/01                    * * * C L E R K ' S   E N T R I E S * * *        PAGE: 10
RUN TIME  3:54 PM                                                                     1998-10-004083-G
```

```
VALENTINE RAMIREZ & EVA RAMIREZ, ET AL      00314801                                  HON. C.
                                            HON. C. ANDREW WATERS                      ANDREW WATERS
              VS                            400 SOUTH ZANG BLVD., STE 500
                                            DALLAS, TEXAS      75208 0000              10      15      98
ABEL SUPPLY & AC&S, INC. ET AL
                                            (10)                  NEGLIGENCE/DAMAGE                30.00
                                            00457301
                                            HON. JEFFERY MUNDY
                                            301 CONGRESS, STE 1200
                                            AUSTIN, TEXAS      78701 0000
```

```
01/14/99    ANSWERS TO MASTER SET OF
              INTERROGATORIES (GMEDRANO)
02/23/99    A. P. GREEN INDUSTRIES, INC.'S MTN FOR
              SUBSTITUTION OF COUNSEL
02/25/99    ATTORNEY WITHDRAWN: HON. GARY D.
              ELLISTON
              SUBSTITUTED WITH: LEWIS C
              MILTENBERGER
04/19/99    CERTIFICATE OF WRITTEN
              DISCOVERY(IGARCIA)
04/27/99    CERTIFICATE OF WRITTEN
              DISCOVERY(IGARCIA)
05/04/99    CROWN CORK & SEAL CO INC'S RESPONSE TO
              PLTFS' REQUEST FOR
              DISCLOSURE(IGARCIA)
05/04/99    CERTIFICATE OF WRITTEN
              DISCOVERY(IGARCIA)
05/06/99    CERTIFICATE OF WRITTEN
              DISCOVERY(IGARCIA)
05/11/99    KAISER ALUMINUM & CHEMICAL CORP'S
              RESPONSE TO PLTFS' REQUEST
              FOR DISCLOSURE(IGARCIA)
05/11/99    RESPONSE OF DEFT KELLY-MOORE PAINT
              COMPANY COMPANY, INC. TO
              PLTFS' REQUESTS FOR DISCLOSURE
05/11/99    CERTIFICATE OF WRITTEN DISCOVERY
              (GMEDRANO)
05/10/99    CERTIFICATE OF WRITTEN DISCOVERY
              (GMEDRANO)
05/10/99    METROPOLITAN LIFE INSURANCE COMPANY'S
              RESPONSE TO PLTFS' RE-
              QUEST FOR DISCLOSURE
```

```
RUN DATE 10/02/01                                                                    PAGE: 11
RUN TIME  3:54 PM

                         *    *    *    C L E R K ' S    E N T R I E S    *    *    *

                                                                        1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL         00314801           (10)        10    15    98
                                               HON. C. ANDREW WATERS
                                               400 SOUTH ZANG BLVD., STE 500
                                               DALLAS, TEXAS  75208 0000       NEGLIGENCE/DAMAGE

                   VS
                                                                                    HON. C.
                                                                                ANDREW WATERS
ABEL SUPPLY & AC&S,INC. ET AL                  00457301
                                               HON. JEFFERY MUNDY
                                               301 CONGRESS, STE 1200
                                               AUSTIN, TEXAS  78701 0000                 30.00
```

                                                    (GMEDRANO)
05/13/99   CERTIFICATE OF WRITTEN
           DISCOVERY(IGARCIA)
07/29/99   ORIGINAL ANSWER: FOSTER WHEELER ENERGY
           CORPORATION
07/29/99   DEFT FOSTER WHEELER ENERGY CORP'S
           MOTION TO TRANSFER VENUE
           (IGARCIA)
07/29/99   ORIGINAL ANSWER OF DEFT FOSTER WHEELER
           ENERGY CORP. SUBJECT TO
07/29/99   MOTION TO TRANSFER VENUE(IGARCIA)
10/07/99   PLTFS' MOTION TO QUASH DEPO(IGARCIA)
02/01/00   PLTFS' MOTION TO SET ON JURY
           DOCKET(IGARCIA)
02/24/00   UNOPPOSED MOTION TO SUBSTITUTE COUNSEL
           OF RECORD(IGARCIA)
02/25/00   ATTORNEY WITHDRAWN: HON. HUBERT CROUCH
02/25/00   SUBSTITUTED WITH: ROBERT H BASS
04/24/00   DEFS' MOTION FOR SUBSTITUTION OF
           COUNSEL(IGARCIA)
04/25/00   OWENS CORNING'S EXHIBIT LIST(IGARCIA)
04/25/00   DESIGNATION OF EXPERT WITNESSES AND
           WITNESS LIST(IGARCIA)
04/25/00   OWENS CORNING FIBERGLAS CORP EXPERT
           WITNESS REPORTS(IGARCIA)
04/25/00   OWENS CORNING'S DESIGNATION OF DEPO
           TANSCRIPTS IN OTHER CASES.
           (IGARCIA)
04/25/00   OWENS CORNING'S MOTION IN

```
RUN DATE 10/02/01                                                                    PAGE: 12
RUN TIME  3:54 PM

                         *  *  *  C L E R K ' S   E N T R I E S  *  *  *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL          00314801                              1998-10-004083-G

                    VS                          HON. C. ANDREW WATERS
                                                400 SOUTH ZANG BLVD.,  STE 500
ABEL SUPPLY & AC&S, INC. ET AL                  DALLAS, TEXAS            75208 0000

                                                00457301                              HON. C.
                                                HON. JEFFERY MUNDY                    ANDREW WATERS
                                                301 CONGRESS, STE 1200
                                                AUSTIN, TEXAS          78701 0000

                                                (10)                                  10    15    98

                                                NEGLIGENCE/DAMAGE                         30.00
```

| | |
|---|---|
| 04/25/00 | LIMINE(IGARCIA) |
| 04/25/00 | OWENS CORNING'S FIRST SUPP. MOTION IN LIMINE(IGARCIA) |
| 04/25/00 | OWENS CORNING'S CONTENTIONS(IGARCIA) |
| 04/25/00 | OWENS CORNING'S CONTESTED ISSUES OF LAW(IGARCIA) |
| 04/25/00 | OWENS CORNING'S CONTESTED ISSUES OF FACT(IGARCIA) |
| 04/25/00 | OWENS CORNING'S MOTION FOR LEAVE TO USE VIDEOTAPED DEPO OF DR. CORWIN HINSHAW(IGARCIA) |
| 04/25/00 | OWENS-CORNING'S MOTION TO EXCLUDE THE TESTIMONY OF BARRY CASTLEMAN(IGARCIA) |
| 04/25/00 | OWENS CORNING'S MOTION FOR BIFURCATION OF TRIAL(IGARCIA) |
| 04/25/00 | OWENS CORNING'S OPPOSITION TO CONSOLIDATION AND MOTION FOR SEPARATE TRIALS(IGARCIA) |
| 04/25/00 | OWENS CORNING'S PROPOSED CHARGE OF THE COURT(IGARCIA) |
| 04/25/00 | OWENS CORNING'S MOTION TO TRANSFER VENUE PURSUANT TO RULE 86 AND SUBJECT THERETO, AMENDED ANSWERS TO PLTF'S PETITION, CROSS-ACTION, AND AMENDED ANSWER TO CROSS-ACTIONS(IGARCIA) |
| 04/25/00 | |
| 05/03/00 | ATTORNEY WITHDRAWN: HON. T. JOHN WARD |
| 05/03/00 | SUBSTITUTED WITH: HON. MITCHELL C. |

```
RUN DATE 10/02/01                                                              PAGE: 13
RUN TIME  3:54 PM
                                                                        1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL     *  *  *  C L E R K ' S   E N T R I E S  *  *  *

                                                                        10    15    98
                        VS

ABEL SUPPLY & AC&S, INC. ET AL

                                  00314801                                    HON. C.
                                  HON. C. ANDREW WATERS                   ANDREW WATERS
                                  400 SOUTH ZANG BLVD., STE 500
                                  DALLAS, TEXAS            75208 0000
                                                                              30.00
                                  00457301
                                  HON. JEFFERY MUNDY
                                  301 CONGRESS, STE 1200
                                  AUSTIN, TEXAS         78701 0000

                                  (10)            NEGLIGENCE/DAMAGE

                          05/24/00  CHANEY
                                    NORTH AMERICAN REFRACTORIES CO'S
                          05/24/00  MOTION TO SUBSTITUTE COUNSEL
                          06/01/00      OF RECORD (IGARCIA)
                                    ATTORNEY WITHDRAWN: HON. DEBRA S.
                          06/01/00      FITZGERALD
                                    SUBSTITUTED WITH: D. FERGUSON MCNIEL
                          06/12/00  MOTION TO SUBSTITUTE (IGARCIA)
                          06/20/00  ATTORNEY WITHDRAWN: HON. GARY D.
                                        ELLISTON
                          06/20/00  SUBSTITUTED WITH: HON. GENE M.
                                        WILLIAMS
                          07/27/00  DEFT GARLOCK INC AND THE ANCHOR
                                        PACKING CO'S REQUEST FOR
                          07/27/00  DISCLOSURE (IGARCIA)
                          08/11/00  PLTFS' NOTICE OF NONSUIT WITHOUT
                                        PREJUDICE (IGARCIA)
                          08/15/00  GAF CORP'S MOTION FOR APPOINTMENT OF
                                        PRETRIAL (FIFTH JUDICIAL REGION)
                          08/15/00  ADMINISTRATIVE JUDICIAL REGION)
                                        SUBJECT TO SPECIAL
                          08/15/00  APPEARANCE (IGARCIA)
                          08/29/00  DEFT GEORGIA-PACIFIC MTN FOR SUMMARY
                                        JUDGMT AND BRIEF IN
                          08/29/00  SUPPORT THEREOF (IGARCIA)
                          08/29/00  DEFT'S EXPERT/FACT WITNESS LIST & DEPO
                                        PAGE/LINE DESIGNATION (IG
                          08/29/00  LISTOF EXHIBITS (IGARCIA)
                          08/29/00  MTN AND BRIEF IN SUPPORT THEREOF TO
```

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * * C L E R K ' S   E N T R I E S * * *

PAGE: 14
1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AGES, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS 75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS 78701 0000

(10)          NEGLIGENCE/DAMAGE

HON. C.
ANDREW WATERS

10      15      98

30.00

| | |
|---|---|
| 08/29/00 | EXCLUDE THE TESTIMONY OF<br>BARRY CASTLEMAN(1GARCIA) |
| 08/29/00 | MTN FOR BIFURCATED TRIAL(1GARCIA) |
| 08/29/00 | DEFT'S MOTION IN LIMINE(1GARCIA) |
| 08/29/00 | MTN IN LIMINE AND BRIEF TO LIMIT THE<br>TESTIMONY OF JOSEPH |
| 08/29/00 | WAGONER(1GARCIA) |
| 08/29/00 | DEFT'S BRIEF IN REGARDING STANDARD<br>CARE(1GARCIA) |
| 08/29/00 | MTN TO COMPEL IDENTIFICATION AND<br>PRODUCTION OF PRODUCT |
| 08/29/00 | IDENTIFICATION WITNESSES WITH<br>SUPPORTING AUTHORITIES(IRENE) |
| 08/29/00 | MTN TO PRESERVE CROSS-ACTIONS(1GARCIA) |
| 08/29/00 | OBJECTIONS TO PRIOR TRIAL OR DEPO<br>TESTIMONY(1GARCIA) |
| 08/31/00 | HARBISON-WALKER REF. CO., SUED<br>IMPROPERLY HEREIN AS A DIVISION |
| 08/31/00 | OF INDRESCO INC'S MTN FOR<br>SUBSTITUTION OC COUNSEL(1GARCIA) |
| 09/01/00 | W R GRACE & CO.-CONN'S LIST OF<br>EXHIBITS(1GARCIA) |
| 09/01/00 | W R GRACE & CO CONN'S EXPERT WITNESS<br>LIST(1GARCIA) |
| 09/01/00 | W R GRACE & CO-CONN'S FACT WITNESS<br>LIST(1GARCIA) |
| 09/01/00 | W R GRACE & CO-CONN'S DESIGNATION OF<br>DEPOS AND TRIAL TESTIMONY |
| 09/01/00 | TAKEN IN OTHER CASES(1GARCIA) |

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * * C L E R K ' S   E N T R I E S * * *

PAGE: 15

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

00314801                                                    1998-10-004083-G
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS                     75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS                     78701 0000

(10)                    10      15     98

NEGLIGENCE/DAMAGE                          30.00

HON. C.
ANDREW WATERS

09/01/00   DEFT W R GRACE & CO CONN'S MOTION TO
           ADOPT DEFTS' PRETRIAL
09/01/00   MOTIONS AND BRIEF IN SUPPORT
           THEREOF(IGARCIA)
09/01/00   DEFT W R GRACE & CO-CONN'S MOTION TO
           BIFURCATE(IGARCIA)
09/01/00   DEFT W R GRACE & CO-CONN'S MOTION TO
           DISCLOSE SETTLEMENT AMTS(IREN
09/01/00   DEFT W R GRACE & CO-CONN'S MTN TO
           MTN TO SUBMIT JURY
09/01/00   QUESTIONAIRE(IGARCIA)
           DEFT W R GRACE & CO-CONN MOTION IN
09/01/00   LIMINE(IGARCIA)
           OFIRST SUPP. MTN IN LIMINE OF DEFT W R
09/01/00   GRACE & CO.-CONN(IRENE)
           MTN IN LIMINE OF DEFT W R GRACE &
09/01/00   CO-CONN TO EXCLUDE EVIDENCE
           REGARDING THE MULTIBESTOS
09/01/00   CO(IGARCIA)
           DEFT'S EXHIBIT LIST(IGARCIA)
09/05/00   A P GREEN INDUSTRIES INC'S MOTION FOR
09/05/00   SUBSTITUTION OF COUNSEL(I
           ATTORNEY WITHDRAWN: LEWIS C
09/05/00   MILIENBERGER
           SUBSTITUTED WITH: HON. H. DANIEL
09/05/00   SPAIN
09/06/00   DEFT ACANDS INC'S NO EVIDENCE MTN FOR
           SUMMARY JUDGMT AND MTN TO
09/06/00   SEVER(IGARCIA)
09/08/00   ATTORNEY WITHDRAWN: LEWIS C

```
RUN DATE 10/02/01                                                          PAGE: 16
RUN TIME  3:54 PM                                                   1998-10-004083-G
```

```
VALENTINE RAMIREZ & EVA RAMIREZ, ET AL       * * *  C L E R K ' S   E N T R I E S  * * * *
            VS
ABEL SUPPLY & AC&S,INC. ET AL
```

```
00314801                                        (10)              10    15    98
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD.,     STE 500
DALLAS, TEXAS             75208 0000       NEGLIGENCE/DAMAGE

00457301                                                  HON. C.
HON. JEFFERY MUNDY                                     ANDREW WATERS
301 CONGRESS, STE 1200
AUSTIN, TEXAS          78701 0000                                     30.00
```

```
09/08/00   MILTENBERGER
           SPAIN SUBSTITUTED WITH: HON. H. DANIEL
09/14/00   DEFT A P GREEN INDUSTRIES INC'S FIRST
           AMENDED ORIGINAL ANSWER
09/14/00   ANSWER TO CROSS-ACTION AND/OR 3RD
           PARTY ACTIONS(IGARCIA)
09/14/00   A O GREEN INDUSTRIES INC'S EXPERT
           WITNESS LIST(IGARCIA)
09/14/00   A P GREEN INDUSTRIES INC'S EXHIBIT
           LIST(IGARCIA)
09/14/00   JURY DEMAND(IGARCIA)
09/14/00   HARBISON-WALKER REF. CO FORMERLY A
           DIVISION OF INDRESCO INC'S
           FIRST AMENDED ORIGINAL ANSWER,
09/14/00   ANSWER TO CROSS-ACTION AND/
           OR THIRD PARTY ACTIONS(IGARCIA)
09/14/00   HARBISON-WALKER REF. CO FORMERLY A
           DIVISION OF INDRESCO INC'S
           EXPERT WITNESS LIST(IGARCIA)
09/14/00   JURY DEMAND(IGARCIA)
09/18/00   UNIROYAL HOLDING INC'S EXHIBIT
           LIST(IGARCIA)
09/18/00   UNIROYAL HOLDING INC'S LIST OF EXPERT
           AND FACT WITNESSES(IRENE)
09/18/00   MTN TO SUBSTITUTE COUNSEL OF
           RECORD(IGARCIA, WAITERS)
09/19/00   PLTFS' FIRST AMENDED PETITION AND JURY
           DEMAND(IGARCIA)
```

```
RUN DATE 10/02/01                                                    PAGE: 17
RUN TIME  3:54 PM

                          *   *   *   C L E R K ' S   E N T R I E S   *   *   *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL         00314801              (10)          10    15    98
                                               HON. C. ANDREW WATERS                 1998-10-004083-G
                                               400 SOUTH ZANG BLVD., STE 500
              VS                               DALLAS, TEXAS           75208 0000

                                                                     NEGLIGENCE/DAMAGE
ABEL SUPPLY & AC&s, INC. ET AL                 00457301                                     HON. C.
                                               HON. JEFFERY MUNDY                         ANDREW WATERS
                                               301 CONGRESS, STE 1200                        30.00
                                               AUSTIN, TEXAS    78701 0000
```

                                                     09/19/00  COMBUSTION ENGINEERING, INC'S
                                                               DESIGNATION OF POTENTIAL EXPERT
                                                               WITNESSES (IGARCIA)
                                                     09/19/00  COMBUSTION ENGINEERING INC'S
                                                     09/19/00  COMBUSTION ENGINEERING INC'S
                                                               DESIGNATION OF PAGE/LINE DEPO
                                                               TESTIMONY (IGARCIA)
                                                     09/19/00  COMBUSTION ENGINEERING, INC' SMITH FOR
                                                               LEAVE TO USE VIDEOTAPED,
                                                               DEPO OF DR HORTON CORWIN
                                                     09/19/00  DEFT RILEY STOKER CORP'S EXXHIBIT
                                                               HINSHAW (IGARCIA)
                                                     09/19/00  DEFT RILEY STOKER CORP'S EXHIBIT
                                                               LIST (IGARCIA)
                                                     09/19/00  RILEY STOKER CORP'S DESIGNATION OF
                                                               FACT AND EXPERT WITNESSES (IG
                                                     09/19/00  SUPP. EXPERT AND FACT WITNESS
                                                               DESIGNATION (IGARCIA)
                                                     09/19/00  NORTH AMERICAN REC. CO'S AMENDED
                                                               ANSWER (IGARCIA)
                                                     09/19/00  MTN OF DEFT NORTH AMERICAN REF. CO FOR
                                                               THE COURT TO ADVISE THE
                                                               JURY OF SETTLEMENTS (IGARCIA)
                                                     09/19/00  NORTH AMERICAN REC. CO'S MTN TO
                                                     09/19/00  NORTH AMERICAN REC. CO'S MTN TO
                                                               COMPEL PRODUCTION OF
                                                               SETTLEMENT AMTS AND SETTLEMENT
                                                               AGREEMENTS (IGARCIA)
                                                     09/19/00  NORTH AMERICAN REC. CO'S MTN TO
                                                               BIFURCATE (IGARCIA)
                                                     09/19/00  DEFT NORTH AMERICAN REF. CO'S MTN TO
                                                               EXCLUDE AND/OR LIMIT

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * * C L E R K ' S   E N T R I E S * * *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS   75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS   78701 0000

(10)                                     10      15     98

NEGLIGENCE/DAMAGE

HON. C.
ANDREW WATERS

30.00

09/19/00    EXPERT TESTIMONY OF DAVID STEVEN
            EGILMAN MD (GARCIA)
09/20/00    CITATION: GAF CORPORATION
09/20/00       SERVED: 11/20/00    FILED: 07/11/01
09/20/00    CITATION: BUILDING MATERIALS CORP. OF
            AMERICA
09/20/00       SERVED: 11/20/00    FILED: 07/11/00
09/20/00    CITATION: DRESSER
09/20/00       SERVED: 11/20/00    FILED: 07/11/01
09/20/00    CITATION SEC. OF STATE: GAF BUILDING
            MATERIALS CORPORATION
09/20/00       SERVED: 11/20/00    FILED: 07/11/01
09/20/00    OWENS-ILLINOIS INC SUPP TO DISCOVERY
            AND DESIGNATION OF
            WITNESSES, DEPO TESTIMONY, AND
            TRIAL EXHIBITS (GARCIA)
09/20/00    DEFT GENERAL REF. CO'S ANSWER TO
            PLTFS' FIRST AMENDED PETITION
09/26/00       SUBJECT TO ITS PREVIOUSLY FILED
            SPECIAL APPEARANCE AND MTN
            TO TRANSFER VENUE (GARCIA)
09/26/00    CERT. OF WRITTEN DISCOVERY (GARCIA)
09/26/00    DEFT GUARD-LINE INC'S MOTION IN
            LIMINE (GARCIA)
09/29/00    DEFT ACANDS INC'S FIRST MTN FOR
            CONTINUANCE /ESALAS
09/29/00    DEFT GARLOCK INC'S MTN TO STRIKE /ESALAS
10/02/00    GARLOCK INC'S MTN FOR SEPARATE TRIALS
            AND OBJECTIONS TO PLTFS

RUN DATE 10/02/01                                                        PAGE: 19
RUN TIME  3:54 PM

                        *  *  *  C L E R K ' S  E N T R I E S  *  *  *

                                                                1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

                                                                10    15    98

VS

ABEL SUPPLY & AC&S, INC. ET AL                                        30.00

00314801                                            (10)
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS  75208 0000
                                          NEGLIGENCE/DAMAGE

00457301                                                        HON. C.
HON. JEFFERY MUNDY                                          ANDREW WATERS
301 CONGRESS, STE 1200
AUSTIN, TEXAS  78701 0000

10/02/00    DEFTS' MOTION TO CONSOLIDATE(IGARCIA)
10/03/00    DEFTS' RESPONSE AND OBJECTION TO
            PLTFS' MOTION TO CONSOLIDATE(I
10/03/00    DEFTS' EXHIBIT LIST(IGARCIA)
10/03/00    DEFTS' LINE AND PAGE
            DESIGNATIONS(IGARCIA)
10/03/00    DEFTS' LINE AND PAGE
            DESIGNATIONS(IGARCIA)
10/03/00    DEFTS' LINE AND PAGE
            DESIGNATIONS(IGARCIA)
10/03/00    DEFTS' ARMSTRONG WORLD INDUSTRIES, INC
            AND UNITED STATES GYPSUM
10/03/00    CO GENERAL LIST OF MEDICAL,
            STATE-OF-THE-ART, ECONOMIC,
            LIABILITY AND DAMAGE
10/03/00    EXPERTS(IGARCIA)
10/03/00    DEFTS' LIST OF POTENTIAL DEPO AND
            TRIAL TESTIMONY(IGARCIA)
10/03/00    DEFTS' MOTION IN LIMINE AND
            BRIEF(IGARCIA)
10/03/00    DEFTS' MOTION TO BIFURCATE(IGARCIA)
10/03/00    DEFT ARMSTRONG WORLD INDUSTRIES, INC'S
            LIST OF POTENTIAL FACT/
10/03/00    EXPERT WITNESSES AND DEPO
            TESTIMONY(IGARCIA)
10/03/00    DEFT UNITED STATES GYPSUM CO'S EXPERT
            WITNESS LIST(IGARCIA)
10/03/00    MTN IN LIMINE OF DEFT UNITED STATES
            GYPSUM CO TO EXCLUDE ALL
10/03/00    EVIDENCE OF PRIOR DISCOVERY
            ANSWERS IN OTHER CASES(IGARCIA)

```
RUN DATE 10/02/01                                                              PAGE: 20
RUN TIME  3:54 PM

                        *   *   *   C L E R K ' S   E N T R I E S   *   *   *

                                                                        1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

                VS

ABEL SUPPLY & AC&S, INC. ET AL

                                00314801                                    10    15    98
                                HON. C. ANDREW WATERS                    (10)
                                400 SOUTH ZANG BLVD., STE 500
                                DALLAS, TEXAS    75208 0000              NEGLIGENCE/DAMAGE

                                00457301                                             HON. C.
                                HON. JEFFERY MUNDY                                 ANDREW WATERS
                                301 CONGRESS, STE 1200
                                AUSTIN, TEXAS    78701 0000                             30.00
```

```
10/03/00  MEMORANDUM OF LAW IN SUPPORT OF MOTION
10/03/00  IN LIMINE OF DEFT UNITED
          STATES GYPSUM CO TO EXCLUDE ALL
10/03/00  EVIDENCE OF PRIOR DISCOVERY
10/03/00  ANSWERS IN OTHER CASES (IGARCIA)
10/03/00  MOTION IN LIMINE OF DEFT UNITED STATES
          GYPSUM CO TO EXCLUDE
10/03/00  ARGUMENT AND EVIDENCE RELATING TO
          THE SARANAC EXPERIMENTS (I
10/03/00  MEMORANDUM OF LAW IN SUPPORT OF MTN IN
          LIMINE OF DEFT UNITED
          STATES GYPSUM CO TO EXCLUDE
10/03/00  ARGUMENT AND EVIDENCE RELATING
          TO THE SARANAC EXPERIMENTS (IGARCIA)
10/03/00  MTN IN LIMINE OF DEFT UNITED STATES
          GYPSUM CO TO EXCLUDE
10/03/00  EVIDENCE AND ARGUMENT RELATING TO
          THE CLAIMS OF OTHER CO'S
10/03/00  EMPLOYEES (IGARCIA)+
10/03/00  MEMORANDUM OF LAW IN SUPPORT OF MTN IN
          LIMINE OF DEFT UNITED
          STATES GYPSUM CO TO EXCLUDE
10/03/00  EVIDENCE AND ARGUMENT RELATING
          TO THE CLAIMS OF OTHER COS'
10/03/00  EMPLOYEES (IGARCIA)
10/03/00  MTN IN LIMINE OF DEFT UNITED STATES
          GYPSUM CO TO EXCLUDE ALL
10/03/00  POST-SALE EVIDENCE AND ALL
          EVIDENCE RELATING TO PRODUCTS
```

```
RUN DATE 10/02/01
RUN TIME  3:54 PM
```

1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

* * *  C L E R K ' S   E N T R I E S  * * * *

HON. C.
ANDREW WATERS

10      15    98

0031480I
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS  75208 0000                (10)    NEGLIGENCE/DAMAGE      30.00

0045730I
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS  78701 0000

10/03/00   NOT AT ISSUE(GARCIA)
10/03/00   MEMORANDUM OF LAW IN SUPPORT OF MTN IN
           LIMINE OF DEFT UNITED CO TO EXCLUDE ALL
           STATES GYPSUM CO TO EXCLUDE ALL
10/03/00   POST-SALE EVIDENCE AND ALL
           EVIDENCE RELATING TO PRODUCTS NOT
10/03/00   AT ISSUE(GARCIA)
           MTN IN LIMINE OF DEFT UNITED STATES
           GYPSUM CO TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO
10/03/00   MIRIELLO ISSUE(GARCIA)
           EVIDENCE AND ARGUMENT RELATING TO
10/03/00   MEMORANDUM OF LAW OF DEFT UNITED
           STATES GYPSUM CO IN SUPPORT OF
10/03/00   MTN IN LIMINE TO EXCLUDE EVIDENCE
           AND ARGUMENT RELATING(GARCIA)
10/03/00   TO MIRIELLO ISSUE(GARCIA)
           INC'S MTN FOR SEPARATE TRIALS
10/03/00   AND OBJECTION TO PLTF'S(GARCIA)
           MOTION TO CONSOLIDATE(GARCIA)
10/03/00   ACANDS INC'S RESPONSE TO PLTFS
           DEFT KAISER ALUMINUM & CHEMICAL
10/03/00   CORPORATION'S RESPONSE TO PLTFS
           MTN TO CONSOLIDATE/CWARFORD
10/03/00   DEFTS' OBJECTION TO MTN FOR
           CONSOLIDATION(GARCIA)
10/03/00   CONSOLIDATION(GARCIA)
           DEFT GUARD-LINE INC'S ANSWER TO PLTFS'
10/03/00   FIRST AMENDED PETITION
           DEFT GUARD-LINE INC'S ANSWER TO PLTFS'
10/03/00   AND JURY DEMAND(GARCIA)
10/33/00   ATTORNEY WITHDRAWN: HON PHILLIP S.
           BROWN
```

RUN DATE 10/02/01
RUN TIME 3:54 PM

PAGE: 22

1998-10-004083-G

\* \* \*  C L E R K ' S   E N T R I E S  \* \* \*

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS        75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS        78701 0000

(10)        NEGLIGENCE/DAMAGE

10    15    98

30.00

| Date | Entry |
|---|---|
| 10/03/00 | SUBSTITUTED WITH: HON DONALD E. GODWIN |
| | HON. C. ANDREW WATERS |
| 10/04/00 | DEFTS A P GREEN INDUSTRIES INC'S AND HARBISON-WALKER REF. CO (FORMERLY) A DIVISION OF INDRESCO INC'S OBJECTION TO PLTFS' MOTION TO CONSOLIDATE (IGARCIA) |
| 10/04/00 | DEFT BROWN AND ROOT INC'S ANSWER TO PLTFS' FIRST AMENDED PETITION (IGARCIA) |
| 10/04/00 | DEFT GAF CORP'S ADOPTION OF GARLOCK'S MTN TO STRIKE WITNESSES (IGARCIA) |
| 10/06/00 | DEFTS GEORGIA-PACIFIC CORP AND UNITED STATES MINERAL PRODUCTS' OBJECTIONS TO PLTFS' MOTION TO CONSOLIDATE FOR TRIAL (LROD) |
| 10/06/00 | GAF CORP'S MOTION TO ADOPT DEFTS' PRETRIAL MOTIONS (LROD) |
| 10/06/00 | DEFT GAF'S MOTION TO REQUIRE PLTFS TO PROVIDE THE NAMES OF WITNESSES FORTY-EIGHT HOURS PRIOR TO THE DATE OF THEIR ANTICIPATED TESTIMONY AT TRIAL (LROD) |
| 10/06/00 | DEFT GAF CORP'S MOTION TO EXCLUDE AND/OR LIMIT EXPERT TESTIMONY OF DAVID STEVEN EGILMAN M.D. (LROD) |
| 10/06/00 | MOTION IN LIMINE OF DEFT GAF CORP (LROD) |

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * * * C L E R K ' S   E N T R I E S * * * *

PAGE: 23

1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS 75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS 78701 0000

(10)

NEGLIGENCE/DAMAGE

HON. C.
ANDREW WATERS

10   15   98

30.00

| Date | Entry |
|------|-------|
| 10/06/00 | NOTICE OF ENROLLMENT OF ADDITIONAL COUNSEL (LROD) |
| 10/10/00 | PLEADINGS CONSOLIDATED WITH THIS CAUSE FROM CAUSE# 1999-12-005218 |
| 10/11/00 | DEFT GENERAL REF. CO'S ADOPTION OF DEFT ACANDS, INC'S FIRST |
| 10/11/00 | MTN FOR CONTINUANCE, SUBJECT TO SPECIAL APPEARANCE(IRENE) |
| 10/11/00 | AFFIDAVIT(GARCIA) |
| 10/11/00 | PLTF'S RESPONSE TO DEFT'S NO EVIDENCE MTN FOR SUMMARY JUDGMT(IG |
| 10/11/00 | PLTF'S RESPONSE TO DEFT'S NO EVIDENCE MOTION FOR SUMMARY JUDGMT(GARCIA) |
| 10/11/00 | DEFT GENERAL REFRACTORIES CO.'S ADOPTION OF DEFT ACANDS, INC.'S |
| 10/12/00 | FIRST MTN FOR CONTINUANCE, SUBJECT TO SPECIAL APPEARANCE/CW |
| 10/12/00 | AFFIDAVIT /CWARFORD |
| 10/13/00 | DEFT FEDERAL MOGUL CORPORATION'S MTN TO QUASH TO QUASH PLTFS' |
| 10/13/00 | NOTICE OF DEPO OF ROBERT SAWYER, M.D. /CWARFORD |
| 10/13/00 | NOTICE OF FILING RULE 11 AGREEMENT(IGARCIA) |
| 10/13/00 | NOTICE OF FILING RULE 11 AGREEMENT(IGARCIA) |
| 10/16/00 | ATTORNEY WITHDRAWN: HON. GARY D. ELLISTON |

```
RUN DATE 10/02/01                      * * *   C L E R K ' S   E N T R I E S   * * *           PAGE: 24
RUN TIME  3:54 PM                                                                              1998-10-004083-G


VALENTINE RAMIREZ & EVA RAMIREZ, ET AL        00314801                              (10)           10    15    98
                                              HON. C. ANDREW WATERS
                                              400 SOUTH ZANG BLVD., STE 500
                      VS                      DALLAS, TEXAS    75208 0000           NEGLIGENCE/DAMAGE


ABEL SUPPLY & AC&S, INC. ET AL                00457301                                          HON. C.
                                              HON. JEFFERY MUNDY                             ANDREW WATERS
                                              301 CONGRESS, STE 1200
                                              AUSTIN, TEXAS    78701 0000                         30.00
```

```
10/16/00   SUBSTITUTED WITH: JAMES M POWERS
10/16/00   ATTORNEY WITHDRAWN: HON. GARY D.
           ELLISON
10/16/00   SUBSTITUTED WITH: JAMES M POWERS
10/16/00   RULE 11 AGREEMENT(IGARCIA)
10/23/00   OWENS-ILLINOIS, INC.'S SECOND
           SUPPLEMENTAL WITNESS LIST/CW
10/31/00   DEFT FEDERAL-MOGUL CORP'S MTN FOR
           SUBSTITUTION FO COUNSEL/CW
11/02/00   PLTF'S NOTICE OF NONSUIT (IGARCIA)
11/02/00   DEFT W R GRACE & CO-CONN'S NO EVIDENCE
           MTN FOR SUMMARY JUDGMT
11/27/00   UNDER TEXAS RULE OF CIVIL
           PROCEDURE 166(A) AND CONDITIONAL
           MTN FOR SEVERANCE (IGARCIA)
11/27/00   DEFT W R GRACE & CO-CONN'S NO EVIDENCE
           MTN FOR SUMMARY JUDGMT
11/27/00   UNDER TEXAS RULE OF CIVIL
           PROCEDURE 166A(I) AND CONDITIONAL
           MTN FOR SEVERANCE(IGARCIA)
12/15/00   DEFT'S MTN TO TRANSFER VENUE & SUBJECT
           THERETO, MTN TO DISMISS
12/15/00   OBJECTION TO JOINDER, AND ORIGINAL
           ANSWER(IGARCIA)
12/20/00   PLTFS' 2ND AMENDED PETITION AND JURY
           DEMAND(IGARCIA)
12/21/00   CITATION: BUILDING MATERIALS CORP. OF
           AMERICA
12/21/00   SERVED:
```

RUN DATE 10/02/01
RUN TIME 3:54 PM

PAGE: 25

1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

* * * C L E R K ' S   E N T R I E S * * *

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS 75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS 78701 0000

(10)
NEGLIGENCE/DAMAGE

HON. C.
ANDREW WATERS

10   15   98

30.00

12/21/00 CITATION SEC. OF STATE: GAF BUILDING
         MATERIALS CORPORATION
         SERVED:
12/21/00 CITATION SEC. OF STATE: GAF CORPORATION
         SERVED:
12/21/00 CITATION: DRESSER INDUSTRIES INC.
         SERVED: 01/22/01   FILED: 07/20/01
12/21/00 GAF BUILDING MATERIALS CORP.: MOTION
         TO TRANSFER VENUE
12/28/00 SUBJECT THERETO, MOTION TO
         DISMISS, OBJECTION TO JOINDER
         AND ORIGINAL ANSWER(IG)
12/28/00 DEFT'S MTN TO TRANSFER VENUE AND
         SUBJECT THERETO MTN TO DISMISS
         AND ORIGINAL ANSWER(IGARCIA)
12/28/00 TRANSFERRED FROM THE 357TH COURT
01/01/01 DEFT GUARD LINE INC'S ANSWER TO PLFS'
         2ND AMENDED PETITION
01/03/01 AND JURY DEMAND(IGARCIA)
01/03/01 PLFFS' NOTICE OF NON SUIT WITHOUT
         PREJUDICE(IGARCIA)
01/17/01 PLFFS' MOTION FOR PREFERENTIAL JURY
         TRIAL SETTING (IGARCIA)
01/19/01 DEFT ACANDS INC'S OBJECTIONS TO THE
         DISMISSAL OF ITS CROSS-
         ACTION AGAINST ARMSTRONG WORLD
         INDUSTRIES INC(IGARCIA)
01/22/01 RULE 11 AGREEMENT(IGARCIA)
01/23/01 DEFENDANT BROWN & ROOT, INC. ANSWER TO
01/24/01

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 46 of 157

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * * C L E R K ' S   E N T R I E S * * *

PAGE: 26

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

vs

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS          75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS          78701 0000

(10)

NEGLIGENCE/DAMAGE

HON. C.
ANDREW WATERS

10      15      98

30.00

1998-10-004083-G

| 01/24/01 | PLAINTIFF'S SECOND |
| | AMENDED PETITION (DAHUMADA) |
| 01/24/01 | PLTF'S RESPONSE TO DEFT'S NO EVIDENCE |
| | MTN FOR SUMMARY JUDGMT(IG |
| 01/25/01 | DEFT W R GRACE & CO-CONN'S OBJECTIONS |
| | TO PLTFS' EVIDENCE AND |
| 01/25/01 | REPLY TO PLTFS' RESPONSE ON MTN |
| | FOR SUMMARY JUDGMT(IRENE) |
| 01/25/01 | PLTFS' NOTICE OF NONSUIT WITHOUT |
| | PREJUDICE(IGARCIA) |
| 01/29/01 | PLTF DARNOLD'S MTN TO COMPEL DEFT |
| | BROWN & ROOT TO RESPOND |
| 01/29/01 | TO PLTF'S REQUEST FOR |
| | PRODUCTION(IGARCIA) |
| 01/29/01 | DEFTS' OBJECTION TO PLTFS' MTN FOR |
| | PREFERENTIAL JURY TRIAL |
| 01/29/01 | SETTING(IGARCIA) |
| 02/06/01 | PLTFS' CONSOLIDATED ORIGINAL PETITION |
| | & JURY DEMAND(IGARCIA) |
| 02/08/01 | PLTF CONSOLIDATED AMENDED PETITION AND |
| | JURY DEMAND(IGARCIA) |
| 02/09/01 | CITATION: AMOCO CORPORATION |
| | SERVED: 04/02/01   FILED: 07/20/01 |
| 02/09/01 | CITATION: BROWN & ROOT, INC. |
| | SERVED: 04/04/01   FILED: 07/20/01 |
| 02/09/01 | CITATION: CERTAINTEED CORPORATION |
| | SERVED: 03/23/01   FILED: 07/20/01 |
| 02/09/01 | CITATION: GASKET HOLDING, INC. |
| | SERVED: 04/02/01   FILED: 07/20/01 |

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 47 of 157

```
                                    *  *  *  C L E R K ' S   E N T R I E S  *  *  *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL        00314801                              (10)            10    15    98

                                              HON. C. ANDREW WATERS
                                              400 SOUTH ZANG BLVD., STE 500
                                              DALLAS, TEXAS          75208 0000                     HON. C.
                                                                                                    ANDREW WATERS
                    VS                                                NEGLIGENCE/DAMAGE                              30.00

ABEL SUPPLY & AG&S, INC. ET AL                00457301
                                              HON. JEFFERY MUNDY
                                              301 CONGRESS, STE 1200
                                              AUSTIN, TEXAS          78701 0000
```

02/09/01   CITATION: KELLY-MOORE PAINT COMPANY,
           INC.
02/09/01      SERVED: 03/30/01        FILED: 07/20/01
02/09/01   CITATION: HARRISON-WALKER REFRACTORIES
02/09/01      SERVED: 04/02/01        FILED: 07/20/01
02/09/01   CITATION: INDRESCO INC.
02/09/01      SERVED: 04/02/01        FILED: 07/20/01
02/09/01   CITATION: QUIGLEY COMPANY, INC.
02/09/01      SERVED: 03/23/01        FILED: 07/20/01
02/09/01   CITATION SEC. OF STATE: FLINTKOTE
           COMPANY
02/09/01      SERVED: 03/26/01        FILED: 07/20/01
02/09/01   CITATION SEC. OF STATE: THE SYNKOLOID
           COMPANY
02/09/01      SERVED: 03/26/01        FILED: 07/20/01
03/16/01   ORIGINAL ANSWER: HARRISON-WALKER
           REFRACTORIES COMPANY
03/16/01   DEFT HARRISON-WALKER REF. CO FORMERLY
           A DIVISION OF DRESSER
           INDUSTRIES INC., AND ALSO FORMERLY
           KNOWN AS INDRESCO INC'S
           MTN TO TRANSFER VENUE, MTN TO
           DISMISS FOR FORUM NON
03/16/01   CONVENIENS, ORIGINAL ANSWER,
03/16/01   ANSWER TO CROSS-ACTIONS AND/OR
           THIRD PARTY ACTIONS AND JURY
           DEMAND (GARCIA)
03/16/01   DEFT HARRISON-WALKER REF/ CO FORMERLY
           A DIVISION OF DRESSER

```
RUN DATE 10/02/01
RUN TIME 3:54 PM
```

```
* * * *   C L E R K ' S   E N T R I E S   * * * *
```

```
PAGE: 28
1998-10-004083-G
```

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & ACES, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD.,  STE 500
DALLAS, TEXAS        75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS        78701 0000

(10)    NEGLIGENCE/DAMAGE

10   15   98

HON. C.
ANDREW WATERS

30.00

| Date | Entry |
|---|---|
| 03/16/01 | INDUSTRIES INC AND ALSO FORMERLY KNOWN AS INDRESCO INC'S |
| 03/16/01 | EXPERT WITNESS LIST(IGARCIA) |
| 04/17/01 | DEFT BROWN & ROOT INC'S SUPP. MTN TO |
| 04/17/01 | QUASH THE DEPO OF STEVEN SELLERS(IGARCIA) |
| 04/20/01 | DEFTS GARLOCK INC AND THE ANCHOR PACKING COR'S 1ST AMENDED |
| 04/20/01 | ANSWER, JURY DEMAND, AND ORIGINAL CROSS-ACTION SUBJECT TO |
| 04/20/01 | MTN TO TRANSFER VENUE (IGARCIA) |
| 04/20/01 | CROSS ACTION: GARLOCK INC. |
| 04/23/01 | DEFTS' MTN TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL |
| 04/23/01 | ANSWER TO PLTFS' CONSOLIDATED AMENDED PETITION (IGARCIA) |
| 04/23/01 | CERT. OF WRITTEN DISCOVERY(IGARCIA) |
| 04/23/01 | DEFT GARLOCK INC.'S 1ST AMENDED ANSWER, JURY DEMAND, AND |
| 04/23/01 | ORIGINAL CROSS ACTION SUBJECT TO MTN TO TRANSFER VENUE(IG) |
| 04/26/01 | DEFT KELLY MOORE PAINT CO INC'S MTN TO TRANSFER VENUE AND |
| 04/26/01 | SUBJECT THERETO ORIGINAL ANSWER AND SPECIAL EXCEPTIONS(IG) |
| 04/26/01 | DEFT KELLY-MOORE PAINT CO'S REQUEST FOR DISCLOSURE(IGARCIA) |
| 05/01/01 | ORIGINAL ANSWER: FLINTKOTE COMPANY |
| 05/01/01 | SPECIAL APPEARANCE OF THE FLINTKOTE CO |

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 49 of 157

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * * C L E R K ' S   E N T R I E S * * *

PAGE: 29

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

vs

ABEL SUPPLY & ACES, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS                     75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS                     78701 0000

(10)                    10    15    98

NEGLIGENCE/DAMAGE

1998-10-004083-G

HON. C.
ANDREW WATERS

30.00

| | |
|---|---|
| 05/01/01 | AND MTN TO TRANSFER AND |
| 05/01/01 | ORIGINAL ANSWER SUBJECT |
| | THERETO (IGARCIA) |
| 05/03/01 | A P GREEN INDUSTIRES INC'S MTN FOR |
| 05/03/01 | SUBSTITUTION OF COUNSEL(IG) |
| 05/03/01 | HARBISON-WALKER REF CO. SUED |
| | IMPROPERLY HEREIN AS A DIVISION |
| 05/03/01 | OF INDRESCO INC'S MTN FOR |
| | SUBSTITUTION OF COUNSEL(IRENE) |
| 05/03/01 | ORIGINAL ANSWER: BROWN & ROOT, INC. |
| 05/09/01 | ATTORNEY WITHDRAWN: HON. H. DANIEL |
| | SPAIN |
| 05/09/01 | SUBSTITUTED WITH: LEWIS C. |
| | MILTENBERGER |
| 05/11/01 | ORIGINAL ANSWER: THE SYNKOLOID COMPANY |
| 05/11/01 | CROSS ACTION: THE SYNKOLOID COMPANY |
| 05/11/01 | DEFENDANT'S JURY DEMAND/ECORTEZ |
| 05/15/01 | GASKET HOLDING, INC'S INDIV. AND AS |
| | SUCCESSOR IN INTEREST TO |
| | FLEXITALLIC, INC. MTN TO DISMISS |
| 05/15/01 | PLAINTIFFS' CLAIMS ON THE |
| | BASIS OF FORUM NON CONVENIENS AND |
| 05/15/01 | ORIGINAL ANSWER TO PLS' |
| | CONSOLIDATED AMEMDNED |
| | PETITION/ECORTEZ |
| 05/24/01 | CERTIFICATE OF WRITTEN DISCOVERY |
| | (RMOCHOA) |
| 06/04/01 | NOTICE OF ORAL HEARING (IGARCIA) |
| 06/08/01 | DESIGNATION OF LEAD COUNSEL FOR PROKO |

RUN DATE 10/02/01
RUN TIME 3:54 PM

PAGE: 30

1998-10-004083-G

* * * * C L E R K ' S   E N T R I E S * * * *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S,INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE. 500
DALLAS, TEXAS          75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS          78701 0000

(10)          NEGLIGENCE/DAMAGE          10      15      98

HON. C.
ANDREW WATERS

30.00

| Date | Entry |
| --- | --- |
| 06/26/01 | INDUSTRIES, INC./CRAWFORD |
| 07/05/01 | CERT. OF WRITTEN DISCOVERY (IGARCIA) |
| 07/05/01 | DEFTS GARLOCK AND THE ANCHOR PACKING CO'S 2ND AMENDED ANSWER |
| 07/05/01 | JURY DEMAND, AND CROSS-ACTION SUBJECT TO MTN TO TRANSFER VENUE(IGARCIA) |
| 07/06/01 | PLTFS' RESPONSE TO AMOCO'S MOTIONS TO TRANSFER VENUE/GMEDRANO |
| 07/06/01 | PLTFS' SECOND CONSOLIDATED AMENDED PETITION AND JURY DEMAND/GM |
| 07/10/01 | NOTICE OF ORAL HEARING SUBJECT TO MOTION TO TRANSFER VENUE/GM |
| 07/10/01 | DEFT BP AMOCO CORPORATION'S MOTION TO DISMISS FOR FORUM NON CONVENIENS AND MOTION TO TAKE JUDICIAL NOTICE OF AND APPLY ALABAMA LAW/GMEDRANO |
| 07/10/01 | HARBISON-WALKER REFRACTORIES COMPANY'S, FORMERLY A DIVISION OF INDRESCO, INC. AND INDRESCO, INC.'S |
| 07/13/01 | MTN FOR SUMMARY JUDGMENT |
| 07/13/01 | GARLOCK'S INC'S MTN FOR RECONSIDERATION OF ORDER GRANTING CONSOLIDATION FOR TRIAL (IGARCIA) |
| 07/13/01 | DEFT BROWN & ROOT INC'S INTERROGATORY TO PLTFS PURSUANT TO TEXAS RULE OF PROCEDURE 192 AND REQUEST |
| 07/15/01 | FOR PRODUCTION OF |

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 51 of 157

RUN DATE 10/02/01
RUN TIME 3:54 PM

PAGE: 31

1998-10-004083-G

* * * C L E R K ' S   E N T R I E S * * * *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

(10)   NEGLIGENCE/DAMAGE

10    15    98

30.00

0031480l
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS  75208 0000

HON. C.
ANDREW WATERS

0045730l
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS  78701 0000

07/16/01    DOCUMENTS(IGARCIA)
07/16/01    BROWN & ROOT INC'S DESIGNATION OF
            EXPERT WITNESSES AND PERSONS
            WITH KNOWLEDGE OF RELEVANT
07/16/01    FACTS(IGARCIA)
            BROWN & ROOT INC'S DESIGNATION OF
07/16/01    EXHIBITS(IGARCIA)
            BROWN & ROOT USA INC KVA
07/16/01    DEFT BROWN & ROOT INC'S MOTION
            KELLOGG-BROWN & ROOT INC'S MOTION
07/16/01    IN LIMINE AND PROPOSED
            ORDER(IGARCIA)
07/16/01    DESIGNATION OF ATTYS IN CHARGE AND
            DESIGNATION OF RECORD FOR
07/16/01    LEAD COUNSELS OF RECORD INC(IGARCIA)
            KELLOGG-BROWN & ROOT INC'S
07/17/01    DEFT BROWN & ROOT INC'S INTERROG. TO
            PLFFS PURSUANT TO TEXAS
07/17/01    RULE OF PROCEDURE 192 AND REQUEST
            FOR PRODUCTION OF
07/17/01    DOCUMENTS(IGARCIA)
            BROWN & ROOT INC'S DESIGNATION OF
07/17/01    EXPERT WITNESSES AND PERSONS
            WITH KNOWLEDGE OF RELEVANT
07/17/01    FACTS(IGARCIA)
            DESIGNATION OF ATTYS IN CHARGE AND
07/17/01    DESIGNATION OF RECORD
            LEAD COUNSELS OF RECORD
07/17/01    FOR KELLOGG-BROWN & ROOT
            INC(IGARCIA)
07/17/01    CONSOLIDATED COUNSEL FAX LIST(IGARCIA)
07/17/01    PLFFS' NOTICE OF DISMISSAL OF DEFT J T

RUN DATE 10/02/01
RUN TIME 3:54 PM

```
*   *   *   C L E R K ' S   E N T R I E S   *   *   *
```

PAGE: 32

1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS       75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS       78701 0000

(10)              HON. C.
                  ANDREW WATERS

NEGLIGENCE/DAMAGE          10        15        98

                                     30.00

| | |
|---|---|
| 07/17/01 | THORPE CO(IGARCIA) |
| 07/17/01 | NORTH AMERICAN REF. CO'S EXHIBIT LIST(IGARCIA) |
| 07/17/01 | NORTH AMERICAN REF. CO'S 2ND SUPP RESPONSE TO REQUESTS FOR DISCLOSURE(IGARCIA) |
| 07/17/01 | DEFT GARLOCK INC'S JOINDER IN DEFT., ACANDS, INC'S MTN TO |
| 07/17/01 | DISMISS THE CLAIMS OF VALENTIN RAMIREZ, ET AL., BASED ON FORUM NON CONVENIENS AND MTN TO |
| 07/17/01 | TAKE JUDICIAL NOTICE OF AND APPLY ALABAMA LAW(IGARCIA) |
| 07/17/01 | DEFT COMBUSTION ENGINEERING INC'S 1ST AMENDED ORIGINAL ANSWER |
| 07/17/01 | AND ANSWER TO CROSS-ACTIONS AND/OR 3RD PARTY ACTIONS |
| 07/17/01 | SUBJECT TO ITS PREVIOUSLY-FILED MTN TO TRANSFER VENUE AND MTN TO DISMISS FOR FORUM NON CONVENIENS(IGARCIA) |
| 07/17/01 | DEFT COMBUSTION ENGINEERING INC'S SUPP. DESIGNATION OF EXPERT WITNESSES(IGARCIA) |
| 07/17/01 | DEFT COMBUSTION ENGINEERING INC'S SUPP. LIST OF EXHIBIT(IGARCIA) |
| 07/17/01 | JURY DEMAND(IGARCIA) |
| 07/17/01 | DEFT COMBUSTION ENGINEERING INC'S MTN TO COMPEL PRODUCTION |

* * * * C L E R K ' S   E N T R I E S * * * *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

vs

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS    75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS    78701 0000

(10)    NEGLIGENCE/DAMAGE

HON. C. ANDREW WATERS

10    15    98
30.00

| Date | Entry |
|---|---|
| 07/17/01 | OF SETTLEMENT AMTS AND SETTLEMENT AGREEMENTS(IGARCIA) |
| 07/17/01 | CERTIFICATE OF WRITTEN DISCOVERY SUBJECT TO MTN TO TRANSFER |
| 07/17/01 | VENUE(IGARCIA) |
| 07/17/01 | DEFT AMOCO CORP'S EXHIBIT LIST FILED SUBJECT TO ITS MTN TO TRANSFER VENUE(IGARCIA) |
| 07/17/01 | DEFT. MTN TO TRANSFER VENUE.(IGARCIA) |
| 07/17/01 | DEFT. ACANDS INC'S SUPP. RESPONSE TO PLTFS' MASTER INTERROG. AND REQUEST FOR DISCLOSURE(IGARCIA) |
| 07/17/01 | DEFT THE SYNKOLOID CO'S MTN FOR SUMMARY JUDGMT(IGARCIA) |
| 07/17/01 | BRIEF IN SUPPORT OF DEFT THE SYNKOLOID CO'S MTN FOR SUMMARY JUDGMT(IGARCIA) |
| 07/17/01 | DEFT THE SYNKOLOID CO'S MTN FOR SUMMARY JUDGMT(IGARCIA) |
| 07/17/01 | BRIEF IN SUPPORT OF DEFT THE SYNKOLOID CO'S MTN FOR SUMMARY JUDGMT(IGARCIA) |
| 07/17/01 | DEFT COMBUSTION ENGINEERING INC'S MTN FOR SUBSTITUTION OF COUNSEL(IGARCIA) |
| 07/17/01 | CERTIFICATE OF WRITTEN DISCOVERY(IGARCIA) |
| 07/17/01 | KAISER ALUMINUM & CHEMICAL CORP'S MOTION IN LIMINE(IGARCIA) |
| 07/17/01 | KAISER ALUMINUM & CHEMICAL CORP'S MTN |

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 53 of 157
CitePDF - www.texiss.com

```
RUN DATE 10/02/01                                                                    PAGE: 34
RUN TIME 3:54 PM

                          * * * * C L E R K ' S   E N T R I E S * * * *        1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL          00314801                              10    15    98
                                                HON. C. ANDREW WATERS
                                                400 SOUTH ZANG BLVD., STE 500
                        VS                      DALLAS, TEXAS         75208 0000

ABEL SUPPLY & ACXS,INC. ET AL                   00457301
                                                HON. JEFFERY MUNDY
                                                301 CONGRESS, STE 1200
                                                AUSTIN, TEXAS        78701 0000

                                                (10)      NEGLIGENCE/DAMAGE                  30.00

                                                                            HON. C.
                                                                            ANDREW WATERS
```

| | |
|---|---|
| 07/17/01 | IN LIMINE TO EXCLUDE THE TESTIMONY OF BARRY CASTLEMAN(IGARCIA) |
| 07/17/01 | KAISER ALUMINUM & CHEMICAL CORP'S BRIEF IN SUPPORT OF MTN IN LIMINE TO EXCLUDE MATTERS RELATED TO KAISER-AUTHORED POST-SALE DOCUMENTS AND EVIDENCE(IGARCIA) |
| 07/17/01 | KAISER ALUMINUM & CHEMICAL CORP'S BRIEF IN SUPPORT OF MOTION IN LIMINE REGARDING EVIDENCE CONCERNING NON-PLTFS(IGARCIA) |
| 07/17/01 | KAISER ALUMINUM & CHEMICAL CORP'S BRIEF IN SUPPOR OF MOTION IN LIMINE REGARDING POST-MFG DUTIES(IGARCIA) |
| 07/17/01 | DEFT KAISER ALUMINUM & CHEMICAL CORP'S EXPERT WITNESS AND FACT WITNESS LISTS(IGARCIA) |
| 07/17/01 | KAISER ALUMINUM & CHEMICAL CORP'S REQUEST FOR USE OF JURY QUESTIONNAIRE(IGARCIA) |
| 07/17/01 | KAISER ALUMINUM & CHEMICAL CORP'S EXHIBIT LIST(IGARCIA) |
| 07/18/01 | BROWN & ROOT EXHIBIT LIST(IGARCIA) |
| 07/18/01 | CONSOLIDATED COUNSEL FAX LIST(DARNOL RAMIREZ)(IGARCIA |
| 07/19/01 | DEFT AMOCO CORP'S MTN FOR SUMMARY |

```
RUN DATE 10/02/01                          * * * * C L E R K ' S   E N T R I E S * * * * *          PAGE: 35
RUN TIME 3:54 PM                                                                                    1998-10-004083-G
```

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & ACES, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS    75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS    78701 0000

(10)    NEGLIGENCE/DAMAGE                          10      15      98

                                                   HON. C.
                                                   ANDREW WATERS

                                                                                                   30.00

07/19/01    JUDGMT SUBJECT TO MTN TO
07/19/01    TRANSFER VENUE (IGARCIA)
            NOTICE OF ORAL HEARING SUBJECT TO MTN
07/19/01    TO TRANSFER VENUE (IGARCIA)
            PLTF VALENTIN RAMIREZ' NOTICE OF
07/19/01    NONSUIT OF DEFT. FOSTER
            WHEELER ENERGY CORPORATION
07/23/01    (IGARCIA)
            ORIGINAL ANSWER: CERTAINTEED
07/23/01    CORPORATION (IGARCIA)
            ORIGINAL ANSWER: QUIGLEY COMPANY
07/23/01    (IGARCIA)
            PLTFS' MTN FOR LEAVE TO
07/23/01    LATE-SUPP.THEIR VENUE (IGARCIA)
            KAISER ALUMINUM & CHEMICAL
07/23/01    EVIDENCE MTN FOR SUMMARY
07/23/01    JUDGMT (IGARCIA)
            NOTICE OF HEARING ON KAISER
07/23/01    CHEMICAL CORP'S NO
            EVIDENCE MTN FOR SUMMARY
07/23/01    JUDGMT (IGARCIA)
            DEFTS NO EVIDENCE MTN FOR SUMMARY
07/23/01    JUDGMT (IGARCIA)
            PLTFS' MTN FOR LEAVE TO LATE-SUPP.
07/23/01    THEIR VENUE (IGARCIA)
            DEFT GUARD-LINE INC'S ANSWER TO PLTFS'
            2ND CONSOLIDATED AMENDED
07/23/01    PETITION AND JURY DEMAND (IGARCIA)
07/24/01    DEFT'S EXHIBIT LIST (IGARCIA)
07/24/01    DEFT'S LINE AND PAGE

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 56 of 157

```
RUN DATE 10/02/01                                                    PAGE: 36
RUN TIME 3:54 PM

                          * * * * *  C L E R K ' S   E N T R I E S  * * * *  *

                                        00314801                       1998-10-004083-G
VALENTINE RAMIREZ & EVA RAMIREZ, ET AL   HON. C. ANDREW WATERS
                                         400 SOUTH ZANG BLVD., STE 500
                    VS                   DALLAS, TEXAS          75208 0000

ABEL SUPPLY & ACES, INC. ET AL           00457301
                                         HON. JEFFERY MUNDY
                                         301 CONGRESS, STE 1200
                                         AUSTIN, TEXAS       78701 0000

                                         (10)             10    15    98

                                         NEGLIGENCE/DAMAGE

                                                             HON. C.
                                                         ANDREW WATERS

                                                                        30.00

                              07/24/01   DESIGNATIONS(IGARCIA)
                              07/24/01   DEFT CERTAINTEED CORP'S LIST OF
                                         POTENTIAL DEPO AND TRIAL
                              07/24/01   DEFT CERTAINTEED CORP'S LIST OF
                                         TESTIMONY(IGARCIA)
                              07/24/01   DEFT CERTAINTEED CORP'S MTN IN LIMINE
                                         AND BRIEF(IGARCIA)
                              07/24/01   DEFT CERTAINTEED CORP'S MTN TO
                                         BIFURCATE(IGARCIA)
                              07/24/01   DEFT CERTAINTEED CORP'S LIST OF
                                         FACT/EXPERT WITNESSES(IGARCIA)
                              07/24/01   DFS CERTAINTEED CORP., QUIGLEY CO INC.
                                         AND T& N LTD'S (FKA T&N
                                         PLC AND TURNER & NEWALL PLC) 1ST
                                         AMENDED GENERAL LIST OF
                              07/24/01   MEDICAL, STATE OF THE ART,
                                         ECONOMIC, LIABILITY AND DAMAGE
                                         EXPERTS(IGARCIA)
                              07/24/01   CERT. OF WRITTEN DISCOVERY(IGARCIA)
                              07/24/01   DEFT., GUARD-LINE, INC'S AMENDED
                                         ANSWER TO PLTFS' 2ND
                              07/24/01   CONSOLIDATED AMENDED PETITION AND
                                         JURY DEMAND(IGARCIA)
                              07/25/01   deft AMOCO CORP'S REPLY TO PLTFS
                                         RESPONSE TO MTN TO TRANSFER
                              07/25/01   PLTF'S NOTICE OF FILING OF BUSINESS
                                         VENUE(IGARCIA)
                              07/26/01   RECORDS AFFIDAVIT(IGARCIA)
                              07/26/01   DEFT AMOCO CORP'S RESPONSE TO PLTFS'
                                         MTN FOR LEAVE TO FILE
```

CDMPDF - www.texis.com

RUN DATE 10/02/01
RUN TIME 3:54 PM

PAGE: 37

1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S,INC. ET AL

\* \* \* \*  C L E R K ' S   E N T R I E S  \* \* \* \*

(10)              NEGLIGENCE/DAMAGE                    10      15      98

HON. C.
ANDREW WATERS                                          30.00

00314801    HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS        75208 0000

00457301    HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS        78701 0000

07/26/01    SUPP. VENUE RESPONSE(IGARCIA)
07/26/01    AFFIDAVIT OF ALEXIS J GOMEZ IN SUPPORT
            OF AMOCO CORP'S RESPONSE
            TO PLTFS MTN FOR LEAVE TO FILE
07/26/01    SUPP VENUE RESPONSE(IGARCIA)
07/27/01    AMENDED NOTICE OF HEARING ON KAISER
            ALUMINUM & CHEMICAL CORP'S
07/27/01    MTN FOR SUMMARY JUDGMT(IGARCIA)
07/27/01    NORTH AMERICAN REF. CO'S ADOPTION OF
            AND JOINDER IN GARLOCK
            INC'S MTN FOR RECONSIDERATION OF
07/27/01    ORDER GRANTING CONSOLIDATION FOR TRIAL(IGARCIA)
            CONSOLIDATION(IGARCIA)
07/27/01    DEFT GARLOCK INC'S JOINDER IN DEFT BP
            AMOCO CORP'S MTN TO
            TRANSFER VENUE(IGARCIA)
07/27/01    PLTFS 3RD CONSOLIDATED AMENDED PETITION
            AND JURY DEMAND(IGARCIA)
07/27/01    DEFT GARLOCK INC'S SUPP. BREIF IN
            SUPPORT OF MTN FOR
            RECONSIDERATION(IGARCIA)
07/27/01    ATTORNEY WITHDRAWN: JAMES M. TOMPKINS
07/28/01    SUBSTITUTED WITH: H. DANIEL SPAIN
07/28/01    DEFT GARLOCK INC;S JOINDER IN CO-DEFT
07/30/01    AMOCO CORP'S RESPONSE TO
            PLTFS' MTN FOR LEAVE TO FILE SUPP.
07/30/01    VENUE RESPONSE(IGARCIA)
07/31/01    PLTF'S NOTICE OF FILING OF MEDICAL
            RECORD AFFIDAVITS(IGARCIA)

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * * * C L E R K ' S   E N T R I E S * * * *

PAGE: 38

1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

VS

ABEL SUPPLY & AC&S, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS                75208 0000

(10)                    10      15      98

NEGLIGENCE/DAMAGE

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS                78701 0000

HON. C.
ANDREW WATERS

30.00

| | |
|---|---|
| 07/31/01 | DEFT GARLOCK INC'S MTN FOR PARTIAL SUMMARY JUDGMT(IGARCIA) |
| 07/31/01 | DEFT GARLOCK INC'S MTN TO EXPEDITE THE HEARING OF ITS MTN FOR PARTIAL SUMMARY JUDGMT OR, IN THE ALTERNATIVE, MTN FOR CONTINUANCE(IGARCIA) |
| 07/31/01 | NOTICE OF NONSUIT WITHOUT PREJUDICE(IGARCIA) |
| 08/01/01 | DEFT COMBUSTION ENGINEERING INC'S MTN TO ADOPT AND FOR JOINDER OF DEFT GARLOCK INC'S MTN FOR RECONSIDERATION OF ORDER GRANTING CONSOLIDATION FOR TRIAL(IGARCIA) |
| 08/01/01 | ACANDS INC'S RULE 58 ADOPTION AND JOINDER OF BP AMCO'S MTN TO TAKE JUDICIAL NOTICE OF AND APPLY ALABAMA LAW(IGARCIA) |
| 08/02/01 | CROSS ACTION: GARLOCK INC. |
| 08/02/01 | DEFT GARLOCK INC'S MTN FOR LEAVE TO FILE VERIFIED AMENDED ANSWER(IGARCIA) |
| 08/02/01 | DEFT GARLOCK INC'S 2ND AMENDED VERIFIED ANSWER, JURY DEMAND, & ORIGINAL CROSS-ACTION SUBJECT TO MTN TO TRANSFER VENUE(IG) |
| 08/02/01 | DEFT AMOCO CORP'S FIRST ORIGINAL ANSWER, SUBJECT TO ITS |

```
RUN DATE 10/02/01                                                              PAGE: 39
RUN TIME 3:54 PM

                         * * *  C L E R K ' S   E N T R I E S  * * *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL                                         1998-10-004083-G

              VS                        00314801
                                        HON. C. ANDREW WATERS
ABEL SUPPLY & AC&S,INC. ET AL           400 SOUTH ZANG BLVD., STE 500
                                        DALLAS, TEXAS    75208 0000

                                        (10)               NEGLIGENCE/DAMAGE

                                        00457301
                                        HON. JEFFERY MUNDY
                                        301 CONGRESS, STE 1200
                                        AUSTIN, TEXAS    78701 0000

                                                           10        15     98

                                                           HON. C.
                                                           ANDREW WATERS

                                                                       30.00

08/02/01   PREVIOUSLY   FILED MTN TO TRANSFER
           VENTE(IGARCIA)
08/03/01   DEFT ACAND'S INC'S NOTICE OF FILING OF
           MEDICAL RECORDS
08/03/01   AFFIDAVIT(IGARCIA)
08/09/01   BROWN & ROOT INC NKA KELLOGG-BROWN &
           ROOT INC'S TRIAL BRIEF
08/09/01   ON JUROR DISQUALIFICATION FOR BIAS
           OF PREJUDICE(IGARCIA)
08/09/01   DEFT BROWN & ROOT INC KNA
           KELLOGG-BROWN & ROOT INC'S MTN TO
           SHUCCLE THE JURY PANEL(IGARCIA)
08/09/01   DEFT BROWN & ROOT INC KNA
08/09/01   KELLOGG-BROWN & ROOT INC'S SECTION
           41.009 ELECTION FOR BIFURCATED
           TRIAL(IGARCIA)
08/13/01   COMBUSTION ENGINEERING INC'S NO
           EVIDENCE MTN FOR SUMMARY JUDGMT
08/13/01   MTN TO WITHDRAW AS ATT'YS OF RECORD FOR
           HARBISON-WALKER REF. CO
           AND OR INDRESCO INC(IGARCIA)
08/13/01   ATTORNEY WITHDRAWN: LEWIS C.
08/15/01   MILTENBERGER
08/21/01   PLTF'S MTN FOR RECONSIDERATION ON
           COURTS RULING TO SEVER(IRENE)
08/28/01   PLTFS RESPONSE TO DEFT GARLOCK'S MTN
           TO CONTINUE(IGARCIA)
08/29/01   KELLY-MOORE PAINT CO'S MTN FOR
           SUMMARY(IGARCIA)
```

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 60 of 157

```
RUN DATE 10/02/01                              * * * C L E R K ' S   E N T R I E S * * * *        PAGE: 40
RUN TIME 3:54 PM                                                                                  1998-10-004083-G
```

```
VALENTINE RAMIREZ & EVA RAMIREZ, ET AL        00314801                              (10)              10    15    98
                                              HON. C. ANDREW WATERS
                                              400 SOUTH ZANG BLVD., STE 500
                          VS                  DALLAS, TEXAS        75208 0000        NEGLIGENCE/DAMAGE
                                                                                                           30.00
ABEL SUPPLY & AC&S,INC. ET AL                 00457301                                          HON. C.
                                              HON. JEFFERY MUNDY                                ANDREW WATERS
                                              301 CONGRESS, STE 1200
                                              AUSTIN, TEXAS       78701 0000
```

```
08/31/01   RULE 11 AGREEMENT(IGARCIA)
09/04/01   REPORTER'S CERTIFICATION DEPOSITION OF
           KATHERINE HALE,M.D.(IG)
09/04/01   REPORTER'S CERTIFICATION VIDEOTAPED
           DEPOSITION OF HECTOR
           BATTIFORD,M.D.(IGARCIA/OC)
09/05/01   DEFENDANT,GUARD-LINE,INC.'S AMENDED
           ANSWER TO PLAINTIFF'S THRID
09/05/01   CONSOLIDATED AMENDED PETITION AND
           JURY DEMAND(IGARCIA/OC)
09/05/01   PLAINTIFF'S RESPONSE TO DEFENDANT
           GARLOCK,INC.'S MOTION FOR
09/05/01   SUMMARY JUDGEMENT(IGARCIA/OC)
09/05/01   PLAINTIFF'S RESPONSE TO DEFENDANT
           GARLOCK,INC.'S MOTION FOR
09/05/01   SUMMARY JUDGEMENT(IGARCIA/OC)
09/05/01   PLAINTIFF'S RESPONSE TO DEFENDANT'S NO
           EVIDENCE MOTION FOR
09/05/01   SUMMARY JUDGEMENT(IGARCIA/OC)
09/05/01   PLTF'S RESPONSE TO DEFT'S NO EVIDENCE
           MTN FOR SUMMARY JUDGMT(IG
09/10/01   AGREED NOTICE OF NONSUIT WITH
           PREJUDICE(IGARCIA/OC)
09/11/01   DEFT'S EXHIBIT LIST(IGARCIA/OC)
09/11/01   DEFT'S LINE AND PAGE
           DESIGNATIONS(IGARCIA/OC)
09/11/01   GENERAL LIST OF
           MEDICAL,STATE-OF-THE-ART,ECONOMIC,LIABI
           AND DAMAGE EXPERTS(IGARCIA/OC)
```

CitePDF - www.texis.com

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 61 of 157

```
                              *  *  *  C L E R K ' S   E N T R I E S  *  *  *

                                                                                    PAGE:  41

                                                                                    1998-10-004083-G

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL    00314801                                  HON. C.
                                          HON. C. ANDREW WATERS            (10)      ANDREW WATERS
             VS                           400 SOUTH ZANG BLVD., STE 500
                                          DALLAS, TEXAS            75208 0000                 10    15    98

ABEL SUPPLY & AC&S, INC. ET AL            00457301
                                          HON. JEFFERY MUNDY                         NEGLIGENCE/DAMAGE
                                          301 CONGRESS, STE 1200
                                          AUSTIN, TEXAS          78701 0000                         30.00
```

09/11/01  DEFT QUIGLEY COMPANY,INC.'S LIST OF
          POTENTIAL DEPOSITION AND
          TRIAL TESTIMONY(IGARCIA/OC)
09/11/01  DEFT'S MTN IN LIMINE AND
09/11/01  BRIEF(IGARCIA/OC)
09/11/01  DEFT QUIGLEY COMPANY,INC.'S MTN TO
          BIFURCATE(IGARCIA/OC)
09/11/01  DEFT QUIGLEY COMPANY.INC.LIST OF
          POTENTIAL FACT/EXPERT
          WITNESSES AND DEPOSITION
          TESTIMONY(IGARCIA/OC)
09/11/01  DEFT'S MTN IN LIMINE AND
09/11/01  BRIEF(IGARCIA/OC)
09/12/01  AGREED NOTICE OF NONSUIT WITH
          PREJUDICE(IGARCIA)
09/17/01  DEFTS KELLOGG-BROWN & ROOT,INC.'S
          ANSWER TO PLTFS' 3RD
          CONSOLIDATED AMENDED
09/17/01  PETITION(IGARCIA/OC)
09/18/01  COMBUSTION ENGINEERING,INC.'S MTN FOR
          LEAVE TO USE VIDEOTAPED
          DEPOSITION OF DR. HORTON CORWIN
09/18/01  HINSHAW(IGARCIA/OC)
09/18/01  DEFT COMBUSTION ENGINEERING,INC.'S
          DESIGNATION OF PAGE/LINE
          DEPOSITION TESTIMONY(IGARCIA/OC)
09/18/01  NORTH AMERICAN REFRACTORIES COMPANY'S
          3RD SUPPLEMENTAL RESPONSE
          TO REQUESTS FOR

Case 1:01-cv-00178   Document 1   Filed in TXSD on 10/19/2001   Page 62 of 157

RUN DATE 10/02/01
RUN TIME 3:54 PM

* * * C L E R K ' S   E N T R I E S * * *

VALENTINE RAMIREZ & EVA RAMIREZ, ET AL

vs

ABEL SUPPLY & ACES, INC. ET AL

00314801
HON. C. ANDREW WATERS
400 SOUTH ZANG BLVD., STE 500
DALLAS, TEXAS      75208 0000

00457301
HON. JEFFERY MUNDY
301 CONGRESS, STE 1200
AUSTIN, TEXAS      78701 0000

1998-10-004083-G

(10)                    NEGLIGENCE/DAMAGE                    10      15      98

                                                    HON. C.
                                                    ANDREW WATERS

                                                                        30.00

09/18/01      DISCLOSURE(IGARCIA/OC)
              DEFT NORTH AMERICAN REFRACTORIES
              COMPANY'S AMENDED EXPERT AND
              FACT WITNESSES
09/18/01      DESIGNATION(IGARCIA/OC)
09/21/01      PLTFS' MTN FOR NONSUIT WITHOUT
              PREJUDICE AGAINST DEFT
09/21/01      COMBUSTION ENGINEERING INC(IGARCIA)

CAUSE NO. <u>98-10-04083-E</u>

| | | |
|---|---|---|
| VALENTIN RAMIREZ and EVA RAMIREZ;<br>LUIS GARCIA and GUADALUPE GARCIA;<br>    *Plaintiffs* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | CAMERON COUNTY, TEXAS |

ABLE SUPPLY CO.;  §
AC&S, INC.;  §
A.P. GREEN INDUSTRIES, INC.;  §
BUILDING MATERIALS CORP. OF AMERICA;  §
BROWN & ROOT, INC.;  §
COMBUSTION ENGINEERING, INC.;  §
CROWN CORK & SEAL;  §
DRESSER INDUSTRIES, INC., successor to  §
HARBISON-WALKER REFRACTORIES;  §
FOSTER WHEELER ENERGY CORP.;  §
GAF CORPERATION, individually and as successor  §
to NEWCO HOLDINGS CORP. and GAF CORP.;  §
GAF BUILDING MATERIALS CORPORATION,  §
Individually and as successor to  §
GAF CORP., and EDGECLIFF CORP.;  §
GARLOCK INC;  §
GENERAL REFRACTORIES COMPANY;  §
GEORGIA-PACIFIC CORPORATION;  §
GUARDLINE, INC.;  §
KAISER ALUMINUM & CHEMICAL CORP.;  §
METROPOLITAN LIFE INSURANCE CO.;  §
MINNESOTA MINING & MANUFACTURING;  §
NORTH AMERICAN REFRACTORIES CO.;  §
OWENS-ILLINOIS, INC.;  §
PROKO INDUSTRIES, INC.;  §
RAPID-AMERICAN CORP.;  §
RILEY STOKER CORP.;  §
J.T. THORPE COMPANY;  §
UNIROYAL HOLDING, INC.;  §
U.S. GYPSUM COMPANY;  §
U.S. MINERAL PRODUCTS COMPANY  §
W.R. GRACE & CO.--CONN.,  §
    *Defendants*  §

357<u><sup>th</sup></u> JUDICIAL DISTRICT



FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

DEC 29 2000

DISTRICT COURT CAMERON COUNTY TEXAS
DAHLILA AHUMADA
DEPUTY

CVAPDF - www.texiss.com

## PLAINTIFFS' SECOND AMENDED PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, VALENTIN RAMIREZ and EVA RAMIREZ and LUIS GARCIA and GUADALUPE GARCIA complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

I.

1. Certain Defendants named herein reside in this County, maintain offices in this County, conduct business in this County, and/or have agents in this County. One or more of these defendants maintains within this County its principal place of business in the State of Texas. Therefore, venue properly lies in this County.

2. The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3. Defendant, **ABLE SUPPLY CO.**, may be served with process through its registered agent, Thomas J. Daubner, 5220 Texas, Houston, Texas 77011-4295.

4. Defendant, **A. C. & S., INC.**, (successor to **ARMSTRONG CONTRACTING & SUPPLY, INC.**) is a foreign corporation organized and existing under and by virtue of the laws of some state other than the State of Texas, and upon whom service may be had by serving C.T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

5. Defendant, **A.P. GREEN INDUSTRIES, INC.**, may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

6. Defendant, **BROWN & ROOT, INC.**, may be served through its registered agent for service of process, C.T. Corp Systems, 811 Dallas Avenue, Houston, Texas 77002.

7. Defendant, **BUILDING MATERIALS CORPORATION OF AMERICA, individually and as successor to GAF Corp., and GAF BUILDING MATERIALS CORP.,** may be served with process through its registered agent, The Prentice Hall Corporation, 800 Brazos, Austin, Texas 78701.

8. Defendant, **COMBUSTION ENGINEERING, INC.**, may be served with process through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

9. Defendant, **CROWN CORK & SEAL COMPANY, INC.**, Individually and as Successor-in-Interest to Mundet Cork Corporation, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

10. Defendant, **DRESSER INDUSTRIES INC.**, successor to **HARBISON-WALKER REFRACTORIES, A DIVISION OF INDRESCO, INC.**, having its principal place of business in Dallas,

Texas, may be served through its registered agent for service of process, CT Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

11. Defendant, **FOSTER WHEELER ENERGY CORPORATION**, may be served with process through its registered agent, U.S. Corporation, 400 North St. Paul Street, Dallas, Texas 75201.

12. Although Defendant, **GAF BUILDING MATERIALS CORPORATION, individually and as successor to GAF Corp., and EDGECLIFF CORP.**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 1361 Alps Road, Wayne, New Jersey 07470, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041- .045. Defendant, **GAF BUILDING MATERIALS CORPORATION individually and as successor to GAF Corp., and EDGECLIFF CORP.**, may be served through the Secretary of State for the State of Texas.

13. Although defendant, **GAF CORPORATION, individually and as successor to NEWCO HOLDINGS CORP. and GAF CORP**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Said corporation is the successor-in-interest to **RUBEROID CORPORATION**. Therefore, said corporation may be served with process through its General Counsel, 1361 Alps Road, Wayne, New Jersey, 07470, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-. 045. Defendant, **GAF CORPORATION, individually and as successor to NEWCO HOLDINGS CORP. and GAF CORP**, will be served through the secretary of state for the State of Texas.

14. Defendant, **GARLOCK INC.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

15. Although Defendant, **GENERAL REFRACTORIES COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19009, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, **GENERAL REFRACTORIES COMPANY**, may be served through the Secretary of State for the State of Texas.

16. Defendant, **GEORGIA-PACIFIC CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201. Said corporation is the successor-in-interest to BESTWALL GYPSUM COMPANY.

CSXPDF - www.faxiio.com

17. Defendant, **GUARDLINE, INC.**, Individually and as the legal successor in interest to Twentieth Century Glove Corporation, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor in interest to Twentieth Century Glove Corporation.

18. Defendant, **HARBISON-WALKER REFRACTORIES, A DIVISION OF INDRESCO, INC.**, having its principal place of business in Dallas, Texas, may be served through its registered agent for service os process, the Prentice-Hall Corporation Systems, 400 North St. Paul Street, Suite 1025, Dallas, Texas 75201.

19. Defendant, **KAISER ALUMINUM & CHEMICAL CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

20. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, may be served with process through its registered agent, Robert Wolin, Wolin, Fuller, Ridley & Miller, L.L.P., 1717 Main Street, 3100 BancOne Center, Dallas, Texas 75201.

21. Defendant, **MINNESOTA MINING AND MANUFACTURING COMPANY**, a/k/a "3M", (hereinafter referred to as "3M"), may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

22. Defendant, **NORTH AMERICAN REFRACTORIES COMPANY**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

23. Although Defendant, **OWENS-ILLINOIS, INC.**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Said corporation is being sued individually and as successor-in-interest to **OWENS-ILLINOIS GLASS COMPANY**. Therefore, said corporation may be served with process through its corporate headquarters Fiberglass Tower, One Seagate, Toledo, Ohio 43666, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, **OWENS-ILLINOIS, INC.**, may be served through the Secretary of State for the State of Texas.

24. Defendant, **RAPID-AMERICAN CORPORATION** (f/k/a GLEN ALDEN CORPORATION), is a corporation with its principal place of business in a state other than Texas. This corporation has been sued individually and as successor-by-merger to **GLEN ALDEN CORPORATION, BRIGGS MANUFACTURING CO., PHILIP CAREY CORPORATION** and **PHILIP CAREY MANUFACTURING COMPANY**. As successor-by-merger to **GLEN ALDEN CORPORATION, BRIGGS MANUFACTURING CO., PHILIP CAREY CORPORATION** and **PHILIP CAREY MANUFACTURING COMPANY, RAPID-AMERICAN CORPORATION** delivered asbestos products

into this state and county, some of which were encountered by Plaintiffs and caused their injuries. **RAPID-AMERICAN CORPORATION** also conducted extensive business in Texas itself and through its subsidiaries. Therefore, said corporation may be served with process through its registered agent, The Prentice-Hall Corporation Systems, Inc., 1013 Centre Road, Wilmington, Delaware 19805.

25. Defendant, **RILEY STOKER CORPORATION**, may be served with process through·its registered agent, C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002.

26. Defendant, **J. T. THORPE COMPANY**, may be served with process through its registered agent, Gerald W. Scott, 6833 Kirbyville, Houston, Texas 77033.

27. Although Defendant, **UNIROYAL HOLDING COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 70 Great Hill Road, Naugatuck, Connecticut 06770, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant **UNIROYAL**, may be served through the Secretary of State for the State of Texas.

28. Defendant, **U.S. GYPSUM COMPANY**, may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

29. Although Defendant, **U.S. MINERAL PRODUCTS COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, Furnace Street, Stanhope, New Jersey 07874, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, **U.S. MINERAL PRODUCTS COMPANY**, may be served through the Secretary of State for the State of Texas.

30. Defendant, **W.R. GRACE & CO.-CONN.**, may be served with process through its registered agent, Prentice-Hall Corporation System, 400 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in- interest to **W.R. GRACE & COMPANY**.

31. Defendant, **PROKO INDUSTRIES, INC.**, having its principal place of business in Texas, may be served through its registered agent, Robert W. Hampton, 18601 LBJ Freeway, Suite 400, Mesquite, ·Texas 75150.

32. This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

## ALTER EGO ALLEGATIONS CONCERNING GAF CORP., GAF BUILDING MATERIALS CORP., AND BUILDING MATERIALS CORP. OF AMERICA

33. The Defendants **GAF CORP., GAF BUILDING MATERIALS CORP.,** and **BUILDING MATERIALS CORPORATION OF AMERICA** are alter egos of one another. Plaintiff requests that the court disregard any and all corporate fictions asserted by any of these Defendants, and treat them as one and the same entity.

34. For many years, **GAF CORP.,** and its predecessor, **RUBEROID COMPANY** manufactured and distributed asbestos-containing products. In a series of corporate transactions orchestrated by the ultimate beneficial owner of each of these entities, Samuel Heyman, the liabilities resulting from the manufacture and distribution of asbestos-containing products were purportedly conveyed to one or more of these Defendants.

35. These corporate machinations should be rejected, and the ostensible corporate forms disregarded, for the following reasons:

1. GAF Corp. is estopped from contending that it never manufactured, and or has no responsibility for, asbestos-containing products. Such estoppel arises from over a decade of defending and paying asbestos claims in this jurisdiction and across the United States, and from numerous judicial admissions and sworn statements in legal proceedings over the last eleven years that are directly to the contrary;

2. These Defendants have ignored the corporate form and failed to respect and observe the necessary formalities of separate corporate existence;

3. There is a substantial overlap, if not identity, among corporate officers and directors, and indeed not even the officers of the Defendants themselves can identify the respective officers and directors;

4. One or more of these Defendants has been deliberately undercapitalized so that insufficient funds will remain to be distributed to foreseen and foreseeable asbestos disease claimants such as the present Plaintiff;

5. To respect the corporate form in light of the corporate machinations undertaken by these Defendants, with the goal of deliberately defrauding foreseen and foreseeable asbestos claimants, such as the present Plaintiff, would be to give effect to a great injustice.

36. Plaintiff therefore requests that for purposes of both personal jurisdiction over these defendants, and liability, these defendants be treated as alter egos of each other, and as one and the same, and that any asserted corporate distinctions between them be disregarded in the entirety.

## COUNT ONE

37. All of the allegations contained in the previous paragraphs are realleged herein.

38. Each Defendant corporation or its predecessor-in- interest, with the exception of the **METROPOLITAN LIFE INSURANCE COMPANY, BROWN & ROOT, INC. and J.T. THORPE COMPANY,** is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, design sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

39. Plaintiffs allege that Plaintiffs were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in their occupation. In that each exposure to such products caused or contributed to Plaintiffs' injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

40. In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products at all times material to the cause of action. Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

41. Defendant **OWENS-ILLINOIS, INC.** is being sued in its capacity as the designer and inventor of the Kaylo product, as we all as in its capacity as manufacturer and distributor of Kaylo product until the year 1958.

## COUNT TWO

42. All of the allegations contained in the previous paragraphs are realleged herein.

43. The illnesses and disabilities of Plaintiffs are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiffs' health and well-being. Certain Defendants, including **BROWN & ROOT, INC. and J.T. THORPE COMPANY,** created

hazardous and deadly conditions to which Defendant was exposed and which caused Decedent to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' illness and disabilities:

(a)     in failing to timely and adequately warn Plaintiffs of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)     in failing to provide Plaintiffs with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiffs from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)     in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

44. The illness and disabilities of Plaintiffs are a direct and proximate result of 3M's negligence in placing in to the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

45. 3M knew or should have known that workers would use and rely upon 3M's respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that 3M's respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

46. Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

<div align="center">COUNT THREE</div>

47. All of the allegations contained in the previous paragraphs are realleged herein.

48. Plaintiffs were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, designed and/or distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations. Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they were designed and/or left the hands of Defendants.

49. The Defendants are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate cause of the injuries of Plaintiffs.

50. Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

51. Plaintiffs were unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation. Similarly, Plaintiffs were unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

52. During the periods that Plaintiffs were exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner which was intended by Defendants.

53. Plaintiffs used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiffs would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the inhalation of asbestos dust and fibers. Plaintiffs would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

54. Defendant, 3M, was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiffs.

55. Defendant, 3M, knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

56. Plaintiffs were unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

57. During the periods Plaintiffs used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

<div align="center">COUNT FOUR</div>

58. All of the allegations contained in the previous paragraphs are realleged herein.

59. Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Plaintiffs' injuries, diseases, illnesses, and/or deaths by exposing Plaintiffs to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiffs of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers. In this connection, Plaintiffs have sued the **METROPOLITAN LIFE INSURANCE COMPANY** in its capacity as a conspirator. Defendants committed the above described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

60. In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)  for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)  despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

  (1)  withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiffs who were using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

  (2)  caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

  (3)  distorted the results of medical examinations conducted upon Plaintiffs and workers such as Plaintiffs who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiffs and workers such as Plaintiffs have suffered.

(c)  by the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiffs to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

61. Plaintiffs reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

62. As a direct and proximate result of Plaintiffs' reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiffs sustained damages including injuries, illnesses, disabilities, and/or death and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

63. Moreover, Defendants continue to contrive, combine, confederate, and conspire among themselves to injure Decedent and to deprive Plaintiff of their rightful recoveries by joining together and forming an entity known as the "Asbestos Claims Facility" and/or "Wellington Agreement" and by proposing and entering into an agreement known as the "Center for Claims Resolution". As a direct and proximate result of Defendants' ongoing actions, Plaintiff continues to sustain damages.

## COUNT FIVE

64. All of the allegations contained in the previous paragraphs are realleged herein.

65. The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and/or malice resulting in damages and injuries to the Plaintiffs. More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, wilfulness, wantonness and/or malice with regard to the Plaintiffs and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT SIX

66. All of the allegations contained in the previous paragraphs are realleged herein.

67. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to the Plaintiffs by the testing of asbestos workers and the conduct of scientific studies. These duties included without limitation, the duties:

(1)     to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

(2)     to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, **METROPOLITAN LIFE** knew or should have known that it was providing testing services for the ultimate protection of third persons, including the Plaintiffs.

68. In both conducting said tests and in publishing their alleged results, **METROPOLITAN LIFE** failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. **METROPOLITAN LIFE** also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

69. The Plaintiffs unwittingly but justifiably relied upon the thoroughness of **METROPOLITAN LIFE's** tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

70. As a direct and proximate contributing result of **METROPOLITAN LIFE's** failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the Plaintiffs from asbestos exposure was increased, and (ii) the Plaintiffs suffered the injuries described below.

71. In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos-producing Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, **METROPOLITAN LIFE** acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the Plaintiffs.

## COUNT EIGHT

72. All of the allegations contained in the previous paragraphs are realleged herein.

73. The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

74. Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiffs.

75. The actions of each of the Defendants is a proximate cause of Plaintiffs' injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## DAMAGES

76. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of the Plaintiffs, and of the following general and special damages including:

(a) The conscious physical pain and suffering and mental anguish sustained by Plaintiffs;

(b) The physical impairment suffered by Plaintiffs;

(c) The disfigurement suffered by Plaintiffs;

(d)     Reasonable and necessary medical expenses incurred by Plaintiffs;

(e)     Plaintiffs' lost earnings and net accumulations;

(f)     Plaintiffs' mental anguish caused by the extraordinarily increased likelihood of developing asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, designed, sold and/or distributed by the named Defendants;

(g)     Past and future loss of the care, maintenance, services, support, advice, counsel and consortium which Plaintiffs would have received from the Plaintiffs prior to their illnesses and disabilities caused by their exposure to asbestos.

(h)     Plaintiffs seeks punitive and exemplary damages.

77.   Plaintiffs filed suit within two (2) years of the date of discovering Plaintiffs' asbestos-related conditions or the existence of any asbestos-related causes of action.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' exposure to asbestos-containing insulation products and/or machinery calling for the use of asbestos-containing products, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

**WATERS & KRAUS, LLP**

FERNANDO P. ARIAS
State Bar No. 24025946
C. ANDREW WATERS
State Bar No. 20911450

3219 McKinney Ave, suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing First Amended Petition was sent via one of the methods checked below, to all counsel of record on the _19th_ day of _December_, 2000.

[  ]    regular mail
[  ]    certified mail, return receipt requested
[  ]    federal express
[  ]    hand delivery
[ X ]   facsimile


_____
FERNANDO P. ARIAS



11-17-98

## NO. 98-10-04083-E

| | | |
|---|---|---|
| VALENTIN RAMIREZ, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY, INC., ET AL. | § | 357TH JUDICIAL DISTRICT |

### DEFENDANT GARLOCK INC'S MOTION TO TRANSFER VENUE
### AND ORIGINAL ANSWER SUBJECT THERETO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GARLOCK INC, (hereinafter referred to as "GARLOCK"), one of the

Defendants in the above-entitled and numbered cause, and in response to Plaintiffs' Original

Petition, files this its Motion to Transfer Venue and Original Answer Subject Thereto and would

respectfully show the Court the following:

### MOTION TO TRANSFER VENUE

1.  The Plaintiffs' Original Petition ("Petition") does not allege sufficient facts establish

proper venue in CAMERON County.  Further, GARLOCK specifically denies each venue fact

in the Petition.

2.  GARLOCK specifically denies that it has a principal office in CAMERON County.

3.  GARLOCK objects to venue in CAMERON County on the ground that CAMERON

County is not a proper county and no basis exists mandating or permitting venue in

CAMERONCounty.

4.  GARLOCK specifically denies that Plaintiffs have satisfied the requirements of 15.002

of the Texas Civil Practices and Remedies Code in order to establish proper venue in CAMERON

County.

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA, DIST. CLERK

NOV 1 7 1999

DISTRICT COURT, CAMERO ·    ·  T  AS
BY _____    DEPUTY

5.  GARLOCK requests that this case be transferred to Harris County, Texas where one or more defendants to this action have their principal office.  As such, Harris County is a county of proper venue pursuant to 15.002.

6.  Should it be determined that Harris County, Texas, is not a county of proper venue, GARLOCK requests that this action be transferred to Dallas County, Texas, a county in which one or more of the Defendants to this action have their principal place of office.

## ORIGINAL ANSWER

7.  Subject to its Motion to Transfer Venue and without waiving same, GARLOCK enters its general denial to all of the material allegations contained in Plaintiffs' Original Petition.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

8.      GARLOCK denies that any Plaintiffs sustained any injuries or damages as a result of contact with or the use of any product manufactured or sold by GARLOCK and that if Plaintiffs did in fact sustain any injury or damage, as alleged, which is expressly denied, then such injury or damage was the result of his own negligence.

### Second Affirmative Defense

9.      The products which GARLOCK sold were at all times reasonably fit and suitable for the purpose for which they were sold, and GARLOCK denies same were in any way defective for the use for which they were sold.  If Plaintiffs did sustain any injuries as alleged which is expressly denied, then such injuries were due to and caused by Plaintiffs' occupation, and

GARLOCK is not liable or responsible for any occupational disease which was suffered or sustained by Plaintiffs in the course of their employment.

### Third Affirmative Defense

10.     GARLOCK denies that any product or products which it manufactured, sold or produced caused or brought about any injury or illness, if any, to Plaintiffs.   The physical conditions of which Plaintiffs complain were not caused or brought about by any products sold by GARLOCK, and such conditions, if any, are due solely to disease or other causes or to the acts or omissions of third persons and the actions of Plaintiffs.

### Fourth Affirmative Defense

11.     If any Plaintiffs did sustain injuries or occupational diseases, then such Plaintiff is guilty of various acts, wrongs and omissions, each and all of which amount to negligence in the performance of his work and occupation, which acting together or separately were a proximate cause of such injuries.   In this connection, GARLOCK would show that, among other things:

(a)     Each Plaintiff failed to exercise ordinary care for his safety when he knew or should have known of the hazards incident to his work;

(b)     Each Plaintiff failed to utilize protective clothing and safety equipment when he knew or should have known that the materials with which he was working might be harmful;

(c)     Each Plaintiff failed to use GARLOCK's products properly and subjected them to use that was abnormal and not reasonably foreseeable by GARLOCK;

(d)     Each Plaintiff failed to advise, request or demand that his employer or employers provide proper safety equipment, clothing, and protective devices for his use as an employee; and

(e)     Each Plaintiff failed to heed advice and warnings given about proper, safe work conditions and use of the products with which he was working and failed to use equipment provided to him by his employer and others.

### Fifth Affirmative Defense

12.     If any Plaintiff sustained any injuries or damages as a result of the use of any material or products manufactured or sold by GARLOCK which is denied, the danger, if any, arising from the continued use of such material or products was open and obvious and well known to each Plaintiff or should have been known to him; but, nevertheless, he continued to use and subject himself to such products.

13.     Alternatively, if there was any danger, and such was not open and obvious and apparent to each Plaintiff at all times, each Plaintiff nevertheless knew of the dangers involved and continued to use and to work with such materials and under such conditions with such knowledge, and thus, GARLOCK owed no duty to warn him of any dangers involved. Therefore, Plaintiffs are barred from any recovery under theory of volenti no fit injuria.

### Sixth Affirmative Defense

14.     If any Plaintiff sustained any injuries or damages as a result of the use of any product sold by GARLOCK which is specially denied, then such occurred more than two (2) years prior to the filing of this suit and therefore, such cause of action is barred by the two-year statute of limitations of the State of Texas.

### Seventh Affirmative Defense

15.     If any Plaintiff sustained any injuries or damages as a result of the use of any product sold by GARLOCK which is specially denied, then such occurred more than four (4)

HOU:139468.1
991.70736

years prior to filing of this suit; and, therefore, such cause of action for personal injury is barred by the four-year statute of limitations of the State of Texas.

### Eighth Affirmative Defense

16.    If any Plaintiff sustained any injuries or damages as a result of the use of any product manufactured or sold by GARLOCK which is expressly denied, then more than two (2) years have elapsed from the time Plaintiff allegedly discovered he had contracted an asbestos-related disease until this cause of action was commenced; and, therefore, Plaintiffs' cause of action is barred by the two-year statute of limitations of the State of Texas.

### Ninth Affirmative Defense

17.    GARLOCK specially denies that its products have at any time released dangerous amounts of asbestos fibers into the air.

18.    Further, any alleged injuries suffered by any Plaintiff were due to and solely caused by the negligence of his employers in failing to provide safe and suitable working conditions, failing to train properly and supervise said Plaintiff and failing to warn Plaintiff of any dangerous condition that his employers knew or should have known were incident to the work being performed by each Plaintiff and in failing to provide safety equipment to each Plaintiff.

### Tenth Affirmative Defense

19.    GARLOCK specifically denies the existence of any warranty, express or implied, on the part of GARLOCK and specifically denies any fault or breach of warranty on the part of GARLOCK.  Any products or products manufactured or sold by GARLOCK were at all times reasonably fit and suitable for the purposes for which they were manufactured and sold, and

HOU:139468.1
991.70736

Plaintiffs' alleged injuries did not result from any defect in said product or products. Further, GARLOCK specifically denies that the reasonable and intended use of its products could result in dust conditions which allegedly cause the injuries to Plaintiffs.

### Eleventh Affirmative Defense

20.     Alternatively, Plaintiffs' alleged injuries and damages, if any, were caused by acts, wrongs, omissions and negligence of third parties or a third party, for whose acts GARLOCK is not liable or responsible; or if Plaintiffs sustained any injuries or damages from the use of any product, or from any breach of warranty (which are specifically denied), then such was the result of the fault or breach of warranty of third persons other than GARLOCK.

### Twelfth Affirmative Defense

21.     Plaintiffs' injuries and damages, if any, were the result of an unavoidable accident.

### Thirteenth Affirmative Defense

14.     There is and was no liability on the part of GARLOCK because the alleged happenings in question were brought about or caused by conditions arising in the course of the work which Plaintiffs were doing, and originally incident thereto; and Plaintiffs and his employers used their own manner, method and means of performing such work. Further, GARLOCK owed no duty with respect to such work, nor was there any relationship as between Plaintiffs and GARLOCK which created any duty on the part of GARLOCK as to the manner or method in which the work was done or the conditions under which Plaintiffs performed such work.

## Fourteenth Affirmative Defense

22.     During the period of time for which Plaintiffs are asserting a claim for injury, the State of Texas had enacted a worker's compensation law which provides that the disease complained of by Plaintiffs is an occupational disease for which a person engaged in the occupation of an asbestos worker or working with asbestos products can claim worker's compensation disability benefits against his employer at the time the disease is discovered. According to the Plaintiffs' pleadings, Plaintiffs used asbestos and asbestos insulation products over a period of many years, and if he has asbestosis or other diseases, such are due to the nature of his occupation and were acquired over a long period of time and were not the result of working with any particular product or products, but were due to the nature of his employment.

23.     Further, the Texas Worker's Compensation Act provides worker's compensation benefits as the exclusive remedy for the disability of an employee if such resulted from any injury or occupational disease incurred or sustained in the course of his/her employment.

## Fifteenth Affirmative Defense

24.     Plaintiffs could have no claim based upon strict liability in tort for any alleged exposure to asbestos dust from asbestos-containing products prior to June 6, 1967 when the Supreme Court first adopted the rule of strict liability as set forth in the Restatement of Torts, Section 402A.  Prior to this time when the Supreme Court of Texas decided McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex. 1967), the doctrine of strict liability did not apply to the manufacturers of non-food products.  Therefore, claims asserted by Plaintiffs for recovery based upon strict liability for exposures prior to June 6, 1967, should be stricken and denied.

HOU:139468.1
991.70736

### Sixteenth Affirmative Defense

25.     The state of the medical and scientific knowledge prior to recent years was such that GARLOCK did not know (and had no reasonable grounds for knowing) at the time Plaintiffs were allegedly exposed to GARLOCK's products, or any other time, that any of its products containing asbestos might be hazardous.

26.     GARLOCK had no notice or reason to believe that any of its products might be potentially hazardous since, inter alia, any asbestos fibers contained in its products are locked in, encapsulated, and firmly bound. Therefore, GARLOCK could not have reasonably foreseen any danger associated with the use of any of its products and cannot be charged with notice that any of its products posed a hazard.

### Seventeenth Affirmative Defense

27.     GARLOCK asserts that Plaintiffs' claims for punitive and/or exemplary damages violates the Due Process clauses of the Federal and Texas Constitutions and should, therefore, be stricken and all proffered testimony in support of such damage claims should be disallowed.

28.     Specifically, GARLOCK would show this Court that the Due Process Clauses contained in the Texas Constitution and the Fourteenth Amendment to the U.S. Constitution are violated by Plaintiffs' punitive damages claims because it allows reasonable and unlimited punitive damages to be assessed against GARLOCK. Such violation of the Due Process Clauses results in chilling the fundamental rights owed to GARLOCK since no objective standard exists to limit the potential award of punitive damages and such a possibility is unpredictable and potentially unlimited.

29.   In the event this Honorable Court rejects such assertion, and pleading in the alternative if necessary, GARLOCK would invoke Texas Civil Practice and Remedies Code, Section 41.007, providing that exemplary damages awarded against a defendant may not exceed four times the amount of actual damages or $200,000.00, whichever is greater.

## CONTRIBUTION AND COMPARABLE RESPONSIBILITY

GARLOCK pleads the applicable provisions of Chapters 32 and 33 of the Texas Civil Practices and Remedies Code dealing with contribution and comparative responsibility and requests that this court assess damages, if any, in accordance with the provisions contained therein.

## ANSWER TO ALL CROSS-ACTIONS

GARLOCK generally denies any and all Cross-Actions heretofore or hereafter made against it by any other parties in this case.  GARLOCK reserves the right to plead further upon the completion of discovery in this cause.

## PRAYER

WHEREFORE, GARLOCK respectfully requests that upon trial hereof Plaintiffs recover nothing and that they go hence without costs, and alternatively, GARLOCK respectfully requests judgment for contribution from the other Defendants, together with such other and further relief as it may show itself justly entitled to receive.

Respectfully submitted,

BROWN McCARROLL & OAKS HARTLINE,

BY: _____

    T. JOHN WARD
    STATE BAR NO. 20848000
    WALTER C. COOKE
    STATE BAR NO. 04759800
    KENNETH S. WALL
    STATE BAR NO. 20756790
    1300 Wortham Tower
    2727 Allen Parkway
    Houston, Texas 77019-2100
    Phone: (713) 529-3110
    Fax:   (713) 525-6251

    ATTORNEYS FOR DEFENDANT
    GARLOCK  INC

HOU:139468.1
991.70736

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing Motion to Transfer Venue and Original Answer Subject Thereto of GARLOCK INC was sent by certified mail, return receipt requested, to counsel for Plaintiffs and by regular mail to all other counsel of record on this the 27th day of November, 1998.

*T. John Ward*

Ms. Elizabeth Murad
Law Offices of Andrew Waters
400 S. Zange Boulevard
Suite 500
Dallas, Texas 75208

ATTORNEYS FOR PLAINTIFFS

HOU:139468.1
991.70736

*11- 19 .*

**RECEIVED**

**NOV 2 3 RECD**

NO. 98-10-04083-E

| VALENTIN RAMIREZ AND EVA | : | IN THE DISTRICT COURT OF |
| RAMIREZ; LUIS GARCIA AND | : | |
| GUADALUPE GARCIA; | : | |
| | : | |
| | : | |
| VS. | : | CAMERON COUNTY, TEXAS |
| | : | |
| | : | |
| ABLE SUPPLY CO.; ET AL. | : | 357TH JUDICIAL DISTRICT |

## METROPOLITAN LIFE'S ORIGINAL ANSWER,
## WITH SPECIAL EXCEPTIONS,
## CROSS ACTION, AND ANSWER TO CROSS ACTIONS
## TO PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

METROPOLITAN LIFE INSURANCE COMPANY ("METROPOLITAN LIFE"), a Defendant, files this document and shows the Court the following:

### SPECIAL EXCEPTION

Pursuant to Rules 85 and 91 of the Texas Rules of Civil Procedure, Metropolitan Life specially excepts to Plaintiffs' Original Petition and Jury Demand (the "Petition") as follows:

Metropolitan Life specially excepts to the Petition in its entirety because it is defective in that it fails to identify the place of each plaintiffs' residence as required by Rule 79 of the Texas Rules of Civil Procedure. Plaintiffs should be ordered to replead and set forth sufficient factual details.

### ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, METROPOLITAN LIFE generally denies the allegations in the Plaintiffs' Petition.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this controversy.

## SECOND AFFIRMATIVE DEFENSE

The Petition fails to state a claim against Defendant Metropolitan Life upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Petition is barred by the appropriate statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The negligence of Plaintiffs and/or Decedent was greater than any negligence of Defendant Metropolitan Life and as such Plaintiffs are barred by the operation of the applicable Comparative Negligence statute.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs and/or Decedent are guilty of contributory negligence and such negligence is a bar to recovery by Plaintiffs in this action.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the operation of the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the operation of the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the operation of the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs and/or Decedent should have taken action to minimize or eliminate their injuries and Plaintiffs are precluded

from recovering damages, or their damages should be reduced, by operation of the doctrine of avoidable consequences and mitigation of damages.

## TENTH AFFIRMATIVE DEFENSE

Whatever damages were incurred by Plaintiffs and/or Decedent were incurred as the result of intervening and/or superseding acts or omissions by parties over whom Metropolitan Life had no control and for whose acts or omissions Metropolitan Life was not legally responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs and/or Decedent knew or reasonably should have known of the substances which were used in the activities conducted at the places where the Plaintiffs and/or Decedent worked and knew or reasonably should have known of the possible risks of personal injury from exposure to such substances, and by Plaintiffs' and/or Decedent's voluntary undertaking to live, work and/or continue to work with such substances at said places, Plaintiffs and/or Decedent elected to accept such possible risks of personal injury and these elections are a bar to recovery by Plaintiffs in this action.

## TWELFTH AFFIRMATIVE DEFENSE

The accident and/or any injuries sustained by Plaintiffs and/or Decedent were caused or contributed to by the contributory negligence or fault or comparative negligence or fault on the part of Plaintiffs and/or Decedent.

## THIRTEENTH AFFIRMATIVE DEFENSE

The acts or omissions attributed to Metropolitan Life in the Plaintiffs' Petition were not authorized, adopted, or ratified by Metropolitan Life.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition, to the extent that it seeks exemplary or punitive damages, violates Metropolitan Life's right to substantive and procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution, and any other state's law which may be applicable, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition, to the extent that it seeks exemplary or punitive damages, violates Metropolitan Life's right to protection from "excessive fines" as provided in Article 1, Section 13 of the Texas Constitution, and violates Metropolitan Life's rights to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and any other state's law which may be applicable, and therefore fails to state a cause of action supporting the exemplary or punitive damages claimed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Metropolitan Life's actions were within its rights under the First Amendment of the United States Constitution, and under any other state's law which may be applicable, and are fully protected thereby.

METROPOLITAN LIFE INSURANCE COMPANY'S ORIGINAL
ANSWER WITH SPECIAL EXCEPTIONS AND CROSS-ACTION - **Page 4**

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition, insofar as it seeks an award of punitive or exemplary damages, fails to allege facts sufficient to constitute a cause of action against Metropolitan Life for such damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition, to the extent that it seeks an award of exemplary or punitive damages, violates Metropolitan Life's right to equal protection and is otherwise unconstitutional under the United States Constitution and any other state's law which may be applicable.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon a showing of some care, or a showing of a certain level of care, gross negligence and intentional wrongdoing are negated, and no exemplary or punitive damages can be awarded under the United States Constitution, the Texas Constitution, any other applicable state constitution, Texas law, and any other applicable state law.

## TWENTIETH AFFIRMATIVE DEFENSE

Any award of exemplary or punitive damages pursuant to the formula contained in Section 41.007 of the Texas Civil practice and Remedies Code would violate Metropolitan Life's rights to:   (a) substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article 1, Sections 14, 16, and 19 of the Texas Constitution; and (b) equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under Article 1, Section 3 of

the Texas Constitution.  Such an award would also violate any other applicable state constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The standards for determining liability under the conspiracy causes of action and the other causes of action asserted in this suit are impermissibly vague and do not provide meaningful guidelines for the imposition of liability.  Both generally and as applied to Metropolitan Life under the facts of this case, those standards, particularly when combined with the effects of joint and several liability, violate Metropolitan Life's rights to:  (a) substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article 1, Sections 14, 16, and 19 of the Texas Constitution; and (b) equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under Article 1, Section 3 of the Texas Constitution.  The standards are also otherwise unconstitutional under the United States Constitution, the Texas Constitution, and any other state's law which may be applicable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

There can be no claim against Metropolitan Life based upon breach of implied warranty, strict products liability, or conspiracy to violate any standard under implied warranty or strict products liability because, at the time of the conduct alleged in the Petition, no cause of action existed under the applicable state law based upon implied warranty or strict products liability.  The application of these theories retroactively would violate Article I, Section 9 [3] of the United States Constitution; the provisions

METROPOLITAN LIFE INSURANCE COMPANY'S ORIGINAL
ANSWER WITH SPECIAL EXCEPTIONS AND CROSS-ACTION - Page 6

of any applicable state constitution; and, if Texas law applies, Article 1, Section 16 of the Texas Constitution, and any other state's law which may be applicable.

<div align="center">TWENTY-THIRD AFFIRMATIVE DEFENSE</div>

Metropolitan Life requests that the plaintiffs' recovery against it, if any, be reduced by an amount equal to all sums paid to the Plaintiffs by other Defendants, persons, or entities, and/or that Plaintiffs' recovery be reduced by the percentage of causation or fault attributable to other Defendants, persons, and/or entities, or that Plaintiffs' recovery be reduced by other applicable formula as allowed by law.

<div align="center">TWENTY-FOURTH AFFIRMATIVE DEFENSE</div>

Any award of prejudgment interest for damages which have not yet accrued would violate Metropolitan Life's rights to:  (a) substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article 1, Sections 14, 16, and 19 of the Texas Constitution; and (b) equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under Article 1, Section 3 of the Texas Constitution.  Such an award would also violate any other state's law which may be applicable.

<div align="center">TWENTY-FIFTH AFFIRMATIVE DEFENSE</div>

In the alternative, Metropolitan Life asserts that any award of punitive damages should be limited in accordance with Section 41.007 of the Texas Civil Practice & Remedies Code, and any other state's law which may be applicable.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The injuries and damages of the plaintiffs and/or Decedent, if any, were caused by an unavoidable accident.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages without proof of every element beyond a reasonable doubt or, in the alternative, by a standard of clear and convincing evidence, would violate Metropolitan Life's rights under the Fourth Amendment, the Fifth Amendment, the Sixth Amendment, and the Fourteenth Amendment to the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution, and any other state's law which may be applicable.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Metropolitan Life states that multiple awards of punitive damages against it would violate the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of any other state's law which may be applicable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs from Metropolitan Life under the theory of joint and several liability without contribution among joint tortfeasors or any similar doctrine would violate Metropolitan Life's constitutional rights, including but not limited to, the following provisions: the Eighth Amendment to the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States, the Fifth Amendment to the

Constitution of the United States, and any other state's law which may be applicable.

## THIRTIETH AFFIRMATIVE DEFENSE

Metropolitan Life states that it cannot be held liable as a matter of law for injuries or damage allegedly sustained as a result of exposure to asbestos-containing products allegedly used by the Plaintiffs and/or Decedent to the extent such exposure was to asbestos-containing products manufactured and distributed by other Defendants pursuant to and in strict conformity with specific regulations and specifications set forth by the United States Government. Metropolitan Life avers further that at all times relevant to the allegations contained in the petition, the products allegedly containing asbestos substantially conformed to those specifications set forth and approved by the United States Government, and the United States Government had actual knowledge of the hazards, if any, associated with the prolonged exposure to asbestos.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Metropolitan Life states that the Plaintiffs and/or Decedent and their employers were sophisticated users of products containing asbestos and had full knowledge of the dangers and risks associated with using or working around asbestos.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Metropolitan Life states that it is entitled to a setoff or credit for any amounts received by Plaintiff or to be received by Plaintiffs from any other source whatsoever with respect to any recovery of Plaintiffs arising out of any claims and/or allegations

asserted herein against any other person or party. Such would include but not be limited to any settlement and/or compromise and/or any damages paid as a result of bankruptcy and/or other litigation.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, the knowledge of Plaintiffs' and/or Decedent's employers was superior to that of Metropolitan Life with respect to possible health hazards associated with Plaintiffs' and/or Decedent's employment, and, therefore, if there was any duty to warn Plaintiffs and/or Decedent or provide protection to them, it was the duty of said employers, not of Metropolitan Life, and breach of that duty was an intervening and/or superseding cause of the injuries alleged by Plaintiffs.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

In the event that it be shown that Plaintiffs and/or Decedent used any product or material, as alleged in the Petition, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered or subjected to abnormal use.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or Decedent's alleged injuries and damages, if any, were proximately caused by or contributed to by exposure or inhalation of noxious and deleterious fumes and residues from industrial products or by-products prevalent on his job sites, by the cumulative effects of exposure to all types of environmental and industrial pollutants of air and water, or by substances, products, or other causes not attributable to or connected with Metropolitan Life.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

If all or most of the witnesses to the alleged asbestos exposure of Plaintiffs and/or Decedent reside outside of Texas, travel to and from this forum by witnesses and counsel for necessary discovery and trial would place an undue burden upon Defendants. Furthermore, this Court may be required under principles of conflict of laws to apply foreign law, with which this Court and Texas counsel are unfamiliar. Therefore, the Petition should be dismissed under the doctrine of forum non conveniens.

## CROSS ACTION

While continuing to deny any and all liability to the Plaintiffs, and without waiving any of its defenses, in the unlikely event that METROPOLITAN LIFE should, in any respect, be held liable, METROPOLITAN LIFE asserts its rights against the defendants Able Supply Co.; A.C.&S., Inc.; A.P. Green Industries, Inc.; Armstrong World Industries, Inc.; Asbestos Claims Management Corporation; Babcock & Wilcox Co.; Brown & Root, Inc.; Combustion Engineering, Inc.; Crown Cork & Seal Company, Inc.; Foster Wheeler Energy Corporation; GAF Corporation; Garlock Inc.; General Refractories Company; Georgia-Pacific Corporation; Guardline, Inc.; Harbison-Walker Refractories; Kaiser Aluminum & Chemical Corporation; Minnesota Mining and Manufacturing Company; North American Refractories Company; Owens Corning Fiberglas Corporation; Owens-Illinois, Inc.; Pittsburgh Corning Corporation; Rapid-American Corporation; Riley Stoker Corporation; J.T. Thorpe Company; Uniroyal Holding Company; U.S. Gypsum Company; U.S.

Mineral Products Company; W.R. Grace & Co.-Conn.; Proko Industries, Inc.; and against any other Defendants or third-party Defendants now or hereafter joined in this cause.   If METROPOLITAN LIFE  is in any respect found liable to the Plaintiff, it is entitled to judgment over and against the above Cross-Defendants, jointly and severally, for indemnity and/or contribution, pursuant to the common law and statutes of this state, including  the laws of negligence, products liability and breach of warranty, both express and implied.

<u>ANSWER TO CROSS ACTIONS</u>

Pursuant to Tex. R. Civ. P. 92, METROPOLITAN LIFE generally denies the allegations in any cross actions against it, and incorporates by reference all affirmative defenses set out above.

Pleading further in the alternative, METROPOLITAN LIFE requests that Plaintiffs' recovery against this Defendant, if any, be reduced by an amount equal to all sums paid Plaintiffs by other Defendants, persons or concerns, and/or that Plaintiffs' recovery be reduced by the percentage of causation or fault attributable to Co-Defendants and/or other persons and concerns.

<u>JURY DEMAND</u>

Metropolitan Life hereby demands trial before a jury.

WHEREFORE, PREMISES CONSIDERED,  METROPOLITAN LIFE INSURANCE COMPANY prays that the Plaintiffs takes nothing; that METROPOLITAN LIFE recover its costs; and, in the event that any party recovers a judgment against METROPOLITAN LIFE, that METROPOLITAN LIFE have and recover judgment for indemnity and/or contribution against the Cross-Defendants; and that it receive such other and further

relief, both general and special, to which it may show itself justly entitled.

Respectfully submitted,

LIDDELL, SAPP, ZIVLEY, HILL
& LaBOON, L.L.P.

By: _____
JOHN L. HILL, JR.
ATTORNEY IN CHARGE
State Bar No. 00000027
JOHN B. HALL
State Bar No. 08759900
ROB L. WILEY
State Bar No. 21471650
RICHARD H. CALLISON
State Bar No. 03664200
3400 Chase Tower
Houston, Texas 77002
(713) 226-1200

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy hereof has been delivered via certified mail, return receipt requested or regular mail, postage prepaid, to all counsel of record on this the _19th_ day of _November_, 1998.

_____
JOHN L. HILL, JR.

H1995A\293095-1

METROPOLITAN LIFE INSURANCE COMPANY'S ORIGINAL
ANSWER WITH SPECIAL EXCEPTIONS AND CROSS-ACTION - Page 13

NO. 98-10-04083-E

| | | |
|---|---|---|
| VALENTIN RAMIREZ, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| A.C.&S., INC., ET AL. | § | 404TH JUDICIAL DISTRICT |

## DEFENDANT AMOCO CORPORATION'S FIRST AMENDED ORIGINAL ANSWER, SUBJECT TO ITS PREVIOUSLY FILED MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

1.     Subject to its foregoing Motion to Transfer Venue and subject to such stipulations and admissions as may hereafter be made, this Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that plaintiffs be required to prove the charges and allegations contained in their petition by a preponderance of the evidence.

2.     Plaintiff was contributorily negligent which proximately caused plaintiffs' injuries, if any. Plaintiffs' claims are therefore barred or, alternatively, reduced pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.001.

3.     Plaintiffs' claims are barred by limitations.

4.     As to any plaintiff who is or was an employee of this Defendant, this Defendant asserts the exclusivity provisions of applicable workers compensation laws as a bar to recovery.

5.     This Defendant avails itself of the limitations on liability, to the extent applicable, afforded by Tex. Civ. Prac. & Rem. Code Ann. § 16.009 and  § 16.008.

HOU:674901.1

6.      This Defendant avails itself of the exception to joint and several liability afforded by Tex. Civ. Prac. & Rem. Code Ann. § 33.013.

7.      Plaintiffs' injuries, if any, were proximately caused by new, independent, intervening and/or superseding causes.

8.      This Defendant invokes the defense of sole cause, both generally and pursuant to Dresser Industries, Inc. v. Lee, 880 S.W.2d 750, (Tex., 1993).

9.      Plaintiffs' claims are barred by the doctrines of res judicata, issue preclusion, collateral estoppel, merger and bar, release, and election of remedies.

10.      This Defendant avails itself of the credit against recovery afforded by Tex. Civ. Prac. & Rem. Code Ann. § 33.012(b)(1) and seeks a dollar for dollar credit of the sum of all settlement dollars paid or promised to be paid to plaintiffs for alleged asbestos-related injury from any source, whether party or not, whether in this lawsuit or a separate lawsuit, as allowed by Texas law.

11.      This Defendant avails itself of the cap on exemplary damages afforded by Tex. Civ. Prac. & Rem. Code Ann. § 41.008 and of the limitations on recovery of exemplary damages afforded by Tex. Civ. Prac. & Rem. Code Ann. § 41.003, 41.004, 41.006, 41.007, 41.009, 41.010, 41.011, 41.012 and 41.013.

12.      This Defendant further asserts that plaintiffs are not entitled to punitive or exemplary damages against it because such an award against it would violate its rights under the United States Constitution and the Texas Constitution because of the lack of sufficient standards governing such an award.

13.    Plaintiffs' Petition, to the extent that it seeks exemplary or punitive damages, violates this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Texas Constitution.

14.    Plaintiffs' Petition, to the extent that it seeks exemplary or punitive damages, violates this Defendant's right to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution, and under Article I, Sections 13 and 19 of the Texas Constitution.

15.    Plaintiffs' Petition, to the extent that it seeks exemplary or punitive damages, violates this Defendant's right to equal protection under the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Section 3 of the Texas Constitution.

16.    Plaintiffs' Petition, to the extent that it seeks exemplary or punitive damages, violates this Defendant's right under the contracts clause of Article I, Section 10 of the United States Constitution.

17.    This defendant invokes the limitations on liability and on amount of recovery afforded by Tex. Civ. Prac. & Rem. Code Ann. Chapt. 95.

18.    Plaintiffs' claims are barred by the exclusivity provision of the worker's compensation statute as provided by Alabama law.

19.    Plaintiffs' claims are barred by the exclusivity provision of the worker's compensation statute as provided by Illinois law.

20.    Plaintiffs' claims are barred by the exclusivity provision of the worker's compensation statute as provided by Texas law.

21.    Plaintiffs' claims are barred by the statute of limitations as provided by Alabama

law.

     22.   Plaintiffs' claims are barred by the statute of limitations as provided by Illinois

law.

     23.   Plaintiffs' claims are barred by the statute of limitations as provided by Texas

law.

     24.   Alabama substantive law governs this case as Alabama law bears the most

significant relationship to plaintiffs' claims.

     25.   In the alternative, Illinois substantive law governs this case.

     26.   Plaintiffs do not possess the proper capacity to proceed in this case.

     27.   Plaintiffs have failed to fulfill necessary conditions precedent.

     28.   Plaintiffs are not entitled to recover in the capacity in which they sue.

     29.   There is a defect in parties plaintiff.

     30.   This Defendant reserves its right to amend this answer.

     WHEREFORE, Defendant Amoco Corporation prays that its motion to transfer venue be

granted, that plaintiffs take nothing, that it recover its costs, and for such other and further relief to which

it may show itself justly entitled.

CVisPDF - www.fenrir.com

Respectfully submitted,

ANDREWS & KURTH L.L.P.


By:_____

Thomas W. Taylor
State Bar No. 19723875
Alexis J. Gomez
State Bar No. 00790769
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 FAX

ATTORNEYS FOR DEFENDANT
AMOCO CORPORATION

## Verification

"My name is Alexis J. Gomez. I am one of the attorneys for Amoco Corporation. I hereby verify the matters set forth in paragraphs 26 through 29 as authorized by Rule 93.

_____

Alexis J. Gomez


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been provided to counsel for plaintiffs via certified mail and to all other known counsel of record via regular U.S. mail on this the __/__ day of August, 2001.

_____

Alexis J. Gomez

CAUSE NO. 98-10-04083-E

FILED _____ o'clock _____ M
RERA DE LA GARZA DIST CLERK
DISTRICT COURT OF CAMERON COUNTY, TEX
RICK M. CORNEJO

| | | |
|---|---|---|
| VALENTIN RAMIREZ AND EVA RAMIREZ; LUIS GARCIA AND GUADALUPE GARCIA | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | CAMERON COUNTY, TEXAS |
| ABLE SUPPLY COMPANY, ET AL. | § | 404TH JUDICIAL DISTRICT |

CAUSE NO. 99-12-5218-D

| | | |
|---|---|---|
| JEAN B. DARNOLD, Individually and As Personal Representative of the Heirs and Estate of LEVAUGHN DARNOLD | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | CAMERON COUNTY, TEXAS |
| ABLE SUPPLY CO.; ET AL. | § | 404TH JUDICIAL DISTRICT |

## DEFENDANT GARLOCK INC'S SECOND AMENDED VERIFIED ANSWER, JURY DEMAND, AND ORIGINAL CROSS-ACTION SUBJECT TO MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GARLOCK INC (herein "Garlock"), Defendant in the above entitled and numbered cause, and subsequent to filing its Motion to Transfer Venue, and subject to and without waiving said Motion to Transfer Venue, files its Second Amended Verified Answer, Jury Demand, and Original Cross-Action Subject to Motion to Transfer Venue in response to Plaintiffs' live pleading, and in support thereof, would show the Court as follows:

### I.

### VERIFIED DENIAL

Defendant Garlock Inc hereby files a verified denial, pursuant to Rule 93 of the Texas Rules of Civil Procedure, asserting that plaintiff does not have the legal capacity to sue; and that plaintiff is not entitled to recover in the capacity in which she sues.

## II.

## GENERAL DENIAL

Defendant Garlock Inc herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' live pleadings and all cross-actions which have been or may be filed herein, and states that these are matters that should be proven by Plaintiffs and/or Cross-Defendants as required by law; and Defendant would require strict proof thereof.

## III.

## AFFIRMATIVE DEFENSES

2.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by Plaintiffs were caused or contributed to, in whole or in part, by the Plaintiffs' own negligence and/or comparative responsibility.   More specifically, Defendant would show that, among other things:

(a)   Each Plaintiff failed to exercise ordinary care for his safety when he knew or should have known of the hazards incident to his work;

(b)   Each Plaintiff failed to utilize protective clothing and safety equipment when he knew or should have known that the materials with which he was working might be harmful;

(c)   Each Plaintiff failed to use Defendant's products properly and subject them to use that was abnormal and not reasonably foreseeable by Defendants;

(d)   Each Plaintiff failed to advise, requests or demand that his employer or employers provide proper safety equipment, clothing, and protective devices for his use as an employee; and

(e)   Each Plaintiff failed to heed advice and warnings given about proper, safe work conditions and use of the products with which he was working and failed to use equipment provided to him by his employer and others.

2.02   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by the Plaintiffs, which are expressly denied, were proximately caused solely by the negligence, acts, omissions and/or conduct of persons, companies, entities and/or instrumentalities outside of the control of Defendant, and for which acts Defendant is not in law responsible and such acts represent a new, independent, intervening, superseding, and/or sole proximate cause of the occurrences in question and the alleged damages of the Plaintiffs, if any.

2.03   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts, omissions, and/or conduct of persons, companies, entities and/or instrumentalities other than Defendant, over which Defendant had no control, was the sole proximate cause of the Plaintiffs' alleged injuries.

2.04   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

2.05   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs, Plaintiffs' employers, or other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

2.06   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of Armstrong World Industries, Inc., Babcock and Wilcox Company, Pittsburgh Corning Corporation, Owens-Corning f/k/a Owens-Corning Fiberglas Corporation, Fiberboard Corporation,

National Gypsum Company, GAF Corporation, or W. R. Grace & Co.–Conn. were the sole proximate cause of the incident and injuries complained of in this lawsuit.

2.07   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

2.08   For further answer, if such be necessary, and pleading in the alternative Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

2.09   For further answer, if such be necessary, and pleading in the alternative Defendant affirmatively alleges that the warranties and exclusions of warranties offered when the product in question was purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

2.10   For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

2.11   For further answer, if such be necessary, and pleading in the alternative, Defendant further reserves the right to elect that the appropriate percentages of the Plaintiffs' alleged injuries and damages be allocated among those parties whose conduct caused the matters complained of by the Plaintiffs. Defendant specifically reserves the right to elect to submit to the jury issues of comparative causation and/or comparative negligence and/or comparative responsibility against any settling or non-settling entity

as to Plaintiff in this or other suits, as applicable, pursuant to the doctrines or methods provided in <u>Duncan v. Cessna Aircraft</u>, and/or Chapter 32 and/or 33 of the Texas Civil Practice & Remedies Code (as amended and/or repealed), and/or Art. 2212 and/or 2212a, Texas Revised Civil Statutes.

2.12  For further answer, if such be necessary, and pleading in the alternative, Defendant specifically asserts its rights to an appropriate credit, offset and/or reduction in any liability, which is expressly denied, in the event of a settlement by any person, in accordance with the Texas Civil Practice and Remedies Code.

2.13  For further answer, if such be necessary, and pleading in the alternative, in the event that Defendant is found liable to Plaintiffs, which is highly unlikely and would be manifestly unfair, Defendant reserves its right to elect either a pro rata reduction or to take a credit or offset against any judgment against it for any and all sums Plaintiffs have received or may hereafter receive in settlement from any party, person or entity, and/or in the alternative assert its right to elect a proportionate reduction of any damages found against it based upon the percentage of negligence, causation, responsibility, or fault attributable to any settling tortfeasor, pursuant to the doctrines or methods provided in <u>Duncan v. Cessna Aircraft</u>, and/or Chapter 32 and/or 33 of the Texas Civil Practice and Remedies Code (as amended and/or repealed), and/or Article 2212 and/or 2212a, Texas Revised Civil Statutes.

2.14  For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that all or part of Plaintiffs' claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

2.15  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in

part, because Plaintiffs failed to mitigate the effect of the alleged injuries and damages as required by law.

2.16   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, by the Texas Worker's Compensation Act which provides benefits as the exclusive remedy for the disability of an employee for injuries or occupational diseases which were incurred or sustained during the course of their employment.

2.17   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if any of its products are hazardous, which is not admitted but is specifically denied, then because of the states of medical and scientific knowledge in the past, Defendant had no notice or reason to believe that any of its products might be potentially hazardous, and therefore, could not have reasonably foreseen any dangers associated with the use of any of its products.

2.18   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims for damages based on fear of future disease, emotional distress, mental anguish, lost wages, loss of wage earning capacity, devaluation or loss of business in the future, devaluation or loss of use and enjoyment of business, personal and real property, loss of consortium or medical expenses in the future are so speculative and not based upon appropriate evidence that they should not be a recoverable element of damage.

2.19   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims for damages based on fear of future disease, emotional distress, and mental anguish are barred in the absence of demonstrated and sufficient physical injury caused by the harms alleged herein, which

Defendant denies, and in the absence of sufficient demonstrated increases in risk of disease, which Defendant denies.

2.20  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if there was any danger, and such was not open and obvious and apparent to Plaintiffs at all times, Plaintiffs nevertheless knew of the dangers involved and continued to use and to work with such materials and under such conditions with such knowledge, and thus, Defendant owed no duty to warn him of any dangers involved.  Therefore, Plaintiffs are barred from any recovery under the theory of <u>volenti no fit injuria</u>.

2.21  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that they are liable for exemplary damages and rely on the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

2.22  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law is vague and standardless as to whether and how much to punish a Defendants, and is likely to produce arbitrary and capricious results.  Therefore, any award of punitive damages should be disallowed, or declared null and void.

2.23  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)   <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)   <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)   <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)   <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)   Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

## III.

## <u>JURY DEMAND</u>

Subject to and without waiving their Motion to Transfer Venue, Defendant hereby requests a trial by jury and tenders the jury fee herewith.

## <u>ORIGINAL CROSS-ACTION SUBJECT TO MOTION TO TRANSFER VENUE</u>

COMES NOW GARLOCK INC, Defendant in the above-entitled and numbered cause, and, subsequent to filing its Motion to Transfer Venue and subject to and without waiving said Motion to Transfer Venue, file this its Cross-Action Subject to Motion to Transfer Venue against all Co-Defendants in this cause, and as grounds thereof, would show the Court as follows:

## IV.

Defendant/Cross-Plaintiff would show that it has been named as a Defendant in connection with the above-referenced lawsuit. Cross-Defendants are also named Defendants in this lawsuit and have filed and appeared previously.

## V.

In the event that Defendant/Cross-Plaintiff has a judgment rendered against it, then it is entitled to complete indemnification and/or contribution from said Cross-Defendants because, any injury alleged by Plaintiffs (to which Defendant has denied any liability on), would not have occurred except due to the acts and/or omissions of the Cross-Defendants.  Defendant/Cross-Plaintiff, in seeking indemnity and contribution as allowed by law and statute, also seek reimbursement of its reasonable and necessary attorney's fees and court costs in this matter.

WHEREFORE, Defendant Garlock Inc prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury; that, if liability is assessed against Defendant/Cross-Plaintiff that they have complete indemnification and/or contribution from Cross-Defendants for any and all amounts paid out herein and for any reasonable and necessary attorney's fees and reimbursement of court costs; and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By:_____
　　　Eduardo Robert Rodriguez
State Bar No. 17144000
　　　Mitchell C. Chaney
State Bar No. 04107500
　　　Teri L. Danish
State Bar No. 05375320
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
ATTORNEYS FOR DEFENDANT,
GARLOCK INC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Garlock Inc's Second Amended Verified Answer, Jury Demand, and Original Cross-Action Subject to Motion to Transfer Venue was served upon all counsel of record, to-wit:

Darren P. McDowell
Waters & Kraus
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
Attorneys for Plaintiffs

All Known Defense Counsel

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the 2 day of August, 2001.

Teri L. Danish

FILED __10⁷⁸__ O'CLOCK __A__
AURORA DE LA GARZA DIST. CL...

AUG 0 2 2001

DISTRICT COURT OF CAMERON CO.
RICK M. CORNEJO

# VERIFICATION OF TERI L. DANISH

STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned authority, on this day personally appeared

TERI L. DANISH, who being by me duly sworn, on her oath deposed and said

that she is the Attorney of Record for Defendant Garlock Inc in the above-entitled

and numbered cause; that she is familiar with the facts contained in the above and

foregoing Defendant Garlock Inc's Second Amended Verified Answer. Jury

Demand and Cross-Claim, Subject to Motion to Transfer Venue; and that every

statement contained in the Verfied Denial, paragraph I, is true and correct and

within her personal knowledge.

Teri L. Danish

SUBSCRIBED AND SWORN TO before me on the 1st day of August,

2001, to certify which witness my hand and official seal.

Notary Public For The State Of Texas



CRUZ N. RAMIREZ
NOTARY PUBLIC
STATE OF TEXAS
COMM. EXPIRES 12-23-2001

CAUSE NO. 98-10-04083-E

| | | |
|---|---|---|
| DEBBIE KULAW, Individually and | § | IN THE DISTRICT COURT |
| as Personal Representative of the Heirs | § | |
| And Estate of LeVAUGHN DARNOLD, | § | |
| *Deceased,* VALENTIN RAMIREZ and EVA | § | |
| RAMIREZ; LUIS GARCIA and GUADALUPE | § | |
| GARCIA, | § | |
| *Plaintiffs,* | § | |
| | § | CAMERON COUNTY |
| *V.* | § | |
| | § | |
| | § | |
| ACandS, INC. (sued individually and as | § | |
| successor-in-interest to ARMSTRONG | § | |
| CONTRACTING & SUPPLY, INC.); | § | |
| ABLE SUPPLY COMPANY; | § | |
| AMOCO CORPORATION; | § | |
| A.P. GREEN INDUSTRIES, INC.; | § | |
| BROWN & ROOT, INC.; | § | |
| CERTAINTEED CORPORATION; | § | |
| COMBUSTION ENGINEERING, INC.; | § | |
| CROWN CORK & SEAL COMPANY, INC.; | § | |
| DRESSER INDUSTRIES, INC., sued individually and | § | |
| as successor-in-interest to HARBISON-WALKER | § | |
| REFRACTORIES and WORTHINGTON PUMP INC.; | § | |
| FLINTKOTE COMPANY; | § | |
| FOSTER WHEELER ENERGY CORPORATION; | § | |
| GARLOCK INC; | § | |
| GASKET HOLDING, INC. (sued individually and as | § | |
| successor-in-interest to FLEXITALLIC GASKET CO.); | § | |
| GENERAL REFRACTORIES COMPANY; | § | |
| GEORGIA-PACIFIC CORPORATION | § | |
| (sued individually and as successor-in-interest to | § | |
| BESTWALL GYPSUM COMPANY); | § | |
| GUARD-LINE, INC.; | § | |
| HARBISON-WALKER REFRACTORIES | § | |
| COMPANY (formally a division of INDRESCO INC.); | § | |
| INDRESCO INC. (sued individually and as | § | |
| successor-in-interest to HARBISON-WALKER | § | |
| REFRACTORIES, a division of INDRESCO, INC.); | § | |
| KAISER ALUMINUM & CHEMICAL | § | |
| CORPORATION; | § | |
| KELLY-MOORE PAINT COMPANY, INC. | § | |
| METROPOLITAN LIFE INSURANCE COMPANY; | § | |
| MINNESOTA MINING & MANUFACTURING | § | |
| COMPANY (a/k/a "3M"); | § | |
| NORTH AMERICAN REFRACTORIES | § | |
| COMPANY; | § | |
| OWENS-ILLINOIS, INC. (sued individually and as | § | |

PLAINTIFFS' SECOND [Third] CONSOLIDATED AMENDED PETITION AND JURY DEMAND                    Page 1

successor-in-interest to OWENS-ILLINOIS        §
GLASS COMPANY);                                §
**PROKO INDUSTRIES, INC.;**                    §
**QUIGLEY COMPANY, INC.;**                     §
**RILEY STOKER CORPORATION;**                  §
**THE SYNKOLOID COMPANY;**                     §
**T&N plc f/k/a TURNER & NEWELL PLC;**         §
**T&N plc** successor in interest to           §
**KEASBEY & MATTISON;**                        §
**TURNER & NEWELL INDUSTRIES, INC.**           §
d/b/a **UNITED GASKET CORP.;**                 §
**TURNER & NEWELL, LTD.**                      §
d/b/a **UNITED FABRICATED;**                   §
**UNIROYAL HOLDING, INC.** (sued individually and §
as successor-in-interest to U. S. RUBBER COMPANY); §
**U.S. GYPSUM COMPANY;**                       §
**U.S. MINERAL PRODUCTS COMPANY;**             §
**W.R. GRACE & CO.—CONN.** (sued               §
individually and as successor-in-interest to   §
W.R. GRACE & COMPANY);                         §
        *Defendants*                           §        **404th JUDICIAL DISTRICT**

## PLAINTIFFS' THIRD CONSOLIDATED AMENDED PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs, JEAN B. DARNOLD, Individually and as Personal Representative of the Heirs and Estate of LEVAUGHN DARNOLD, VALENTIN RAMIREZ and EVA RAMIREZ, LUIS GARCIA and GUADALUPE GARCIA, complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

I.

1. Pursuant to T.R.C.P. 190.1 Discovery will be conducted under Level 2 (T.R.C.P. 190.3). Certain Defendants named herein reside in this County, maintain offices in this County and/or have their principal place of business in this County. Certain acts or omissions, which were a proximate or producing cause of Plaintiffs' and Decedent's asbestos-related injuries, occurred in Texas; therefore, venue properly lies in this County. Finally, a substantial part of the events or omissions giving rise to plaintiffs' claims arose in Cameron County. Therefore, venue is proper in Cameron County.

2. The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3.  Plaintiffs Valentin Ramirez and Eva Ramirez reside at 167 Greenbriar, Brownsville, Texas 78520, Luis Garcia and Guadalupe Garcia reside at 1925 E. Lincoln Street, Brownsville, Texas 76521, Jean B. Darnold resides at 1511 Puckett Avenue S.W., Decatur, Alabama 35601.

4.  Defendant, **ACandS, INC.** (sued individually and as successor-in-interest to **ARMSTRONG CONTRACTING & SUPPLY, INC.**), is a foreign corporation organized and existing under and by virtue of the laws of some state other than the State of Texas, and upon whom service may be had by serving C.T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

5.  Defendant, **ABLE SUPPLY COMPANY**, may be served with process through its registered agent, Thomas J. Daubner, 5220 Texas, Houston, Texas 77011-4295.

6.  Defendant, **AMOCO CORPORATION**, is a corporation organized and existing under and by virtue of the laws of the State of Indiana with an agent of service in the State of Texas, to wit: Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78704. Therefore, Defendant, **AMOCO CORPORATION**, may be served through its registered agent.

7. Defendant, **A.P. GREEN INDUSTRIES, INC.**, may be served through its registered agent, C. T. Corp System, 350 North Saint Paul Street, Dallas, Texas 75201.

8.  Defendant, **BROWN & ROOT, INC.**, may be served through its registered agent for service of process, C. T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

9.  Defendant, **CERTAINTEED CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201

10.  Defendant, **COMBUSTION ENGINEERING, INC.**, may be served with process through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

11.  Defendant, **CROWN CORK & SEAL COMPANY, INC.**, Individually and as Successor in-Interest to Mundet Cork Corporation, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

12.  Defendant, **DRESSER INDUSTRIES, INC.**, sued individually and as successor-in-interest to **HARBISON-WALKER REFRACTORIES** and **WORTHINGTON PUMP INC.**, having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

13.  Though Defendant, **FLINTKOTE COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for

service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its corporate headquarters, Two Embarcadero Center, Suite 1600, San Francisco, California 94111, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-. 045. Defendant, **FLINTKOTE COMPANY**, may be served through the Secretary of State for the State of Texas.

14. Defendant, **FOSTER WHEELER ENERGY CORPORATION**, may be served with process through its registered agent, U.S. Corporation, 400 North St. Paul Street, Dallas, Texas 75201.

15. Defendant, **GARLOCK INC.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

16. Defendant, **GASKET HOLDING, INC.**, may be served with process through its corporate headquarters, P.O. Box 760, 6915 Hwy. 225, Deer Park, Texas 77536, said corporation is being sued individually and as successor-in-interest to **FLEXITALLIC GASKET CO.**

17. Defendant, **GENERAL REFRACTORIES COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19009, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-.045. Defendant, **GENERAL REFRACTORIES COMPANY**, may be served through the Secretary of State for the State of Texas.

18. Defendant, **GEORGIA-PACIFIC CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to **BESTWALL GYPSUM COMPANY**.

19. Defendant, **GUARD-LINE, INC.**, individually and as the legal successor in interest to Twentieth Century Glove Corporation, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor in interest to Twentieth Century Glove Corporation.

20. Defendant, **HARBISON-WALKER REFRACTORIES COMPANY** (formerly a division of **INDRESCO INC.**), having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

21. Defendant, **INDRESCO INC.** (sued individually and as successor-in-interest to **HARBISON-WALKER REFRACTORIES**, a division of **INDRESCO INC.**), having its

principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

22.    Defendant, KAISER ALUMINUM & CHEMICAL CORPORATION, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

23.    Defendant, KELLY-MOORE PAINT COMPANY, INC., may be served through its agent for service of process, Mr. Kenneth Wall, 2727 Allen Suite 1300, Houston, Texas 77019.

24.    Defendant, METROPOLITAN LIFE INSURANCE COMPANY, may be served with process through its registered agent, Robert Wolin, Wolin, Fuller, Ridley & Miller, L.L.P., 1717 Main Street, 3100 BancOne Center, Dallas, Texas 75201.

25.    Defendant, MINNESOTA MINING AND MANUFACTURING COMPANY, a/k/a "3M", (hereinafter referred to as "3M"), may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

26.    Defendant, NORTH AMERICAN REFRACTORIES COMPANY, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

27.    Although Defendant, OWENS-ILLINOIS, INC., has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent.    Said corporation is being sued individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY. Therefore, said corporation may be served with process through its corporate headquarters Fiberglass Tower, One Seagate, Toledo, Ohio 43666, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-. 045. Defendant, OWENS-ILLINOIS, INC., may be served through the Secretary of State for the State of Texas.

28.    Defendant, PROKO INDUSTRIES, INC., having its principal place of business in Texas, may be served through its registered agent, Proko Industries, Inc., C/O Bowers Orr & Dougall, 8910 Two Notch Road, Ste. 400, P. O. Box 25389, Columbia, South Carolina 29224.

29.    Defendant, QUIGLEY COMPANY, INC., may be served with process through its registered agent, C.T. Corporation Systems, 350 N. St. Paul, Ste 2900, Dallas, Texas 75207.

30.    Defendant, RILEY STOKER CORPORATION, may be served with process through its registered agent, C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

31. Although Defendant, **THE SYNKOLOID COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 148 East 5th Street, Bayonne, New Jersey 07002, pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. §§ 17.041- .045. Defendant, **THE SYNKOLOID COMPANY**, may be served through the Secretary of State for the State of Texas.

32. Although Defendant **T&N plc (f/k/a TURNER & NEWELL PLC, individually and as successor and alter ego of KEASBEY AND MATTISON COMPANY)** had at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent. Therefore, said corporation may be served with process through its home office address, Styal Road, Manchester England, GB-M 225 TN, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. Defendant **T&N plc (f/k/a TURNER & NEWELL PLC, individually and as successor and alter ego of KEASBEY AND MATTISON COMPANY)** may be served with process through the Secretary of State of Texas.

33. Although Defendant, **T&N plc (successor in interest to KEASBEY & MATTISON)**, is a foreign corporation having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State for the State of Texas as agent for T&N plc. This suit arises out of business contacts in this State, and under the circumstances, T&N plc has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office address, Styal Road, Manchester England, GB-M 225 TN.

34. Although Defendant, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)**, is a foreign business entity having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State

for the State of Texas as agent for **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)**. This suit arises out of business contacts in this State, and under the circumstances, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office located at Styal Road, Manchester England, GB-M 225 TN.

35. Although Defendant, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED)**, is a foreign business entity having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State for the State of Texas as agent for **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED)**. This suit arises out of business contacts in this State, and under the circumstances, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED)** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office located at Styal Road, Manchester England, GB-M 225 TN.

36. Although Defendant, **UNIROYAL HOLDING, INC.** (sued individually and as successor-in-interest to **U. S. RUBBER COMPANY**), has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 70 Great Hill Road, Naugatuck, Connecticut 06770, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-. 045. Defendant **UNIROYAL HOLDING, INC.**, may be served through the Secretary of State for the State of Texas.

37. Defendant, **U.S. GYPSUM COMPANY**, may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

38. Although Defendant, **U.S. MINERAL PRODUCTS COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered

agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, Furnace Street, Stanhope, New Jersey 07874, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, **U.S. MINERAL PRODUCTS COMPANY**, may be served through the Secretary of State for the State of Texas.

39. Defendant, **W.R. GRACE & CO.-CONN.**, may be served with process through its registered agent, Prentice-Hall Corporation System, 400 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to **W.R. GRACE & COMPANY.**

40. This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

<div align="center">

**COUNT ONE**

</div>

41. Each Defendant corporation or its predecessor-in-interest, with the exception of **METROPOLITAN LIFE INSURANCE COMPANY, BROWN & ROOT, INC.,** and **J.T. THORPE COMPANY,** is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Plaintiff and Decedent have been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Plaintiff and Decedent have suffered injuries proximately caused by their exposure to asbestos-containing products designed, manufactured and sold by Defendants.

42. Plaintiffs allege that Plaintiff and Decedent were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in their occupations. In that each exposure to such products caused or contributed to Plaintiff's and Decedent's injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

43. In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products

at all times material to the cause of action.  Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

44.  Defendant **OWENS-ILLINOIS, INC.** is being sued in its capacity as the designer and inventor of the Kaylo product, as we all as in its capacity as manufacturer and distributor of Kaylo product until the year 1958.

## COUNT TWO

45.  All of the allegations contained in the previous paragraphs are realleged herein

46.  The disabilities, illnesses, injuries, and/or death of Plaintiff and Decedent are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff's and Decedent's health and well-being.  Certain Defendants, **ACandS, INC., BROWN & ROOT, INC., CROWN CORK & SEAL, INC., and FOSTER WHEELER ENERGY CORPORATION,** created hazardous and deadly conditions to which Plaintiff and Decedent were exposed and which caused Plaintiff and Decedent to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's and Decedent's disabilities, illnesses, injuries, and/or death:

(a)     in failing to timely and adequately warn Plaintiff and Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)     in failing to provide Plaintiff and Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff and Decedent from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or

Sent by: WATERS/KRAUS                    2143577252;           07/26/01 15:13;  JetFax #727;Page 12/23

asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)  in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)  in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)  in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)  in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)  in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

47. The disabilities, illnesses, injuries, and/or death of Plaintiff and Decedent were a direct and proximate result of 3M's negligence in placing in to the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

48. 3M knew or should have known that workers would use and rely upon 3M's respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that 3M's respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

49. Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

50. The disabilities, illnesses, injuries, and death of Plaintiff and Decedent are a direct and proximate result of Alcoa, Inc.'s negligence in placing in the stream of commerce aluminum

insulation jacketing/covering/lagging which was defective in design in that its installation, use and removal would disturb, scrape and otherwise damage asbestos-containing thermal insulation products and cause the release of respirable asbestos fibers which were breathed by Plaintiff and Decedent. Furthermore, Alcoa, Inc. was negligent for failing to warn and/or properly instruct workers regarding the hazards created by the installation, use and removal of its insulation jacketing/covering/lagging products.

## COUNT THREE

51. All of the allegations contained in the previous paragraphs are realleged herein.

52. Plaintiff and Decedent were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, designed and/or distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations. Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they were designed by and/or left the hands of Defendants.

53. The Defendants are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the disabilities, illnesses, injuries and/or death of Plaintiff and Decedent.

54. Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

55. Plaintiff and Decedent were unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation. Similarly, Plaintiff and Decedent were unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

CutePDF - www.cutepdf.com

56. During the periods that Plaintiff and Decedent were exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner which was intended by Defendants.

57. Plaintiff and Decedent used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiffs would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the inhalation of asbestos dust and fibers. Plaintiffs would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

58. Defendant, 3M, was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate and/or producing cause the disabilities, illnesses, injuries, and death of Plaintiff and Decedent.

59. Defendant, 3M, knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

60. Plaintiff and Decedent were unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

61. During the periods Plaintiff and Decedent used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

## COUNT FOUR

62. All of the allegations contained in the previous paragraphs are realleged herein.

63. Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Plaintiff's and Decedent's injuries, diseases, illnesses, and/or death by exposing Plaintiff and Decedent to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff and Decedent of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers. In this connection, Plaintiffs have sued the **METROPOLITAN LIFE INSURANCE COMPANY** in its capacity as a conspirator. Defendants committed the above-described wrongs by willfully

misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

64.   In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)     withheld, concealed and suppressed said medical  and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff and Decedent who were using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)     distorted the results of medical examinations conducted upon Plaintiff and Decedent and workers such as Plaintiff and Decedent who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and Decedent and workers such as Plaintiff and Decedent have suffered.

(c)     Other conspirators participating in the conspiracy (or in ongoing or subsequent conspiracies were T&N plc., Keasbey and Mattison, and United States

CutePDF - www.fanda.com

Sent by: WATERS/KRAUS        2143577252;        07/26/01 15:15;    JetFax #727;Page 16/23

Gypsum Company (hereinafter called the "conspirators"), some or all of whom were members of the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia*, that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(1)    Defendant **T&N, plc., directly and through its subsidiary, Keasbey and Mattison,** was an active conspirator and engaged in the suppression, alteration and destruction of relevant scientific studies involving the hazards of asbestos. Defendant **T&N** conspired with Johns-Manville and participated in numerous unlawful acts in furtherance of the conspiracy.

(2)    Further, Defendant, **T&N** committed the tort of assault and battery upon Plaintiff and Decedent, by intentionally, knowingly and/or recklessly causing them bodily harm. Plaintiffs specifically assert the doctrine of transferred intent.

(3)    Further, Defendant, **T&N** intentionally manufactured and/or sold and/or distributed and/or marketed a defective product in that it intentionally manufactured and/or sold and/or distributed and/or marketed asbestos-containing products without adequate warnings of the hazards of asbestos that could and did result in personal injury and/or death to those exposed to its products, including Plaintiff and Decedent.

(4)    Plaintiffs further allege that Defendant T&N is guilty of the tort of negligent undertaking as defined in Sections 323 and 324 of the Restatement (second) of Torts. Said Defendant was the Parent Corporation to several subsidiary corporations, which mined, manufactured and distributed asbestos-containing products. These subsidiary corporations include but are not limited to: TBA Industrial Products f/k/a Turner Brothers Asbestos Company, Bell Asbestos Mines, Atlas Asbestos Company, Atlas Turner, Keasby and Mattison (Defendant T&N's alter ego in the United States), J. W. Roberts, Turner Asbestos Fiber, Raybestos-Belaco, Ferodo, Nutum, Certainteed and Newells

Sent by: WATERS/KRAUS          2143577252;          07/26/01 15:15;   JetFax #727;Page 17/23

Insulation Company. The evidence will show that Defendant **T&N** undertook a serious health hazard associated with exposure to asbestos and asbestos-containing products. Defendant **T&N's** assumption of the duties enumerated in Section 323 and 324 and its failure to exercise reasonable care in the performance of such duties was a proximate cause of Plaintiff's and Decedent's disabilities, illnesses, injuries, and death.

(d)   In addition, certain of the Defendants, including but not limited to **Metropolitan Life Insurance Company, Alcoa, Inc., Owens-Illinois, Inc., Kaiser Aluminum & Chemical Corporation** (by and through the acts of Roger A. Hitchins, President of the National Refractories Company, corporate predecessor by merger to Mexico Refractories Company, Corporate predecessor by merger to Kaiser Aluminum & Chemical Corporation) contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff and Decedent from contracting asbestos-related disease or cancer.

(e)   In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff and Decedent even if complied with.

(f)   As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff and Decedent to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

65. Plaintiff and Decedent reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the

nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

66.   As a direct and proximate result of Plaintiff's and Decedent's reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiff and Decedent sustained damages including injuries, illnesses, disabilities, and/or death and have been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

67.   Moreover, Defendants continue to contrive, combine, confederate, and conspire among themselves to injure Plaintiff and Decedent and to deprive Plaintiffs of their rightful recoveries by joining together and forming an entity known as the "Asbestos Claims Facility" and/or "Wellington Agreement" and by proposing and entering into an agreement known as the "Center for Claims Resolution." As a direct and proximate result of Defendants' ongoing actions, Plaintiffs continue to sustain damages.

### COUNT FIVE

68.   All of the allegations contained in the previous paragraphs are realleged herein.

69.   The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and/or malice resulting in damages and injuries to the Plaintiff and Decedent. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff and Decedent, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to the Plaintiff and Decedent and should be held liable in punitive and exemplary damages to Plaintiffs.

### COUNT SIX

70.   All of the allegations contained in the previous paragraphs are realleged herein.

71.   Defendant **METROPOLITAN LIFE INSURANCE COMPANY** rendered substantial aid and assistance to the manufacturers of asbestos containing products to which Plaintiff and Decedent were exposed, and such assistance by Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous asbestos containing products by

such manufacturers which proximately caused Plaintiff's and Decedent's disabilities, illnesses, injuries, and/or death.

<div align="center">

### COUNT SEVEN

</div>

72. All of the allegations contained in the previous paragraphs are realleged herein.

73. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to the Plaintiff and Decedent by the testing of asbestos workers and the conduct of scientific studies. These duties included without limitation, the duty:

    (1)    to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

    (2)    to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, **METROPOLITAN LIFE** knew or should have known that it was providing testing services for the ultimate protection of third persons, including the Plaintiff and Decedent.

74. In both conducting said tests and in publishing their alleged results, **METROPOLITAN LIFE** failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. **METROPOLITAN LIFE** also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

75. The Plaintiff and Decedent unwittingly but justifiably relied upon the thoroughness of **METROPOLITAN LIFE**'s tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

76. As a direct and proximate contributing result of **METROPOLITAN LIFE**'s failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the Plaintiff and Decedent from asbestos exposure was increased, and (ii) the Plaintiff and Decedent suffered the injuries described below.

77. In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos-producing Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, **METROPOLITAN LIFE** acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the Plaintiff and

## COUNT EIGHT

78. All of the allegations contained in the previous paragraphs are realleged herein.

79. The actions of all defendants also constitute negligence per-se.

80. Each defendant violated statutory law relating to asbestos exposure. Such violations constitute negligence per-se or negligence as a matter of law. Further. Each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiffs and Decedent. Plaintiff is not making any claims under federal law.

## COUNT NINE

81. All of the allegations contained in the previous paragraphs are realleged herein.

82. The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

83. Each of the Defendants knew or should have known that its individual actions would combine to cause the disabilities, illnesses, injuries and/or death of the Plaintiff and Decedent.

84. The actions of each of the Defendants is a proximate cause of Plaintiff's and Decedent's injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## COUNT TEN

70. All of the allegations contained in the previous paragraphs are realleged.

71. Defendant **AMOCO CORPORATION** was at all times relevant the employers of LEVAUGHN DARNOLD.

72. Plaintiffs would show that Defendant **AMOCO CORPORATION** was negligent, grossly negligent, and intentionally committed certain acts and omissions which created conditions at the workplace which were a proximate cause of his mesothelioma resulting from exposure to asbestos.

73. In particular, Plaintiffs would show that the Defendants demonstrated such an entire want of care as to establish that its acts and omissions were the result of actual conscious indifference to his rights, safety and welfare and that such specific acts of negligence, gross negligence and intentional acts or omissions committed by the Defendants that proximately caused lung cancer include:

> Failure to provide safe equipment for LEVAUGHN DARNOLD to use;
>
> Failure to provide adequate safety measures and protection against deadly and life threatening asbestos dust, all despite Defendants' knowledge of the extreme risk of harm inherent to asbestos exposure;

Sent by: WATERS/KRAUS          2143577252;          07/26/01 15:16;   JetFax #727;Page 21/23

Failure to adequately warn LEVAUGHN DARNOLD of the inherent dangers of asbestos contamination;

Failure to provide LEVAUGHN DARNOLD a safe place to work by failing to maintain the ambient and environmental conditions of the plant in proper and safe conditions;

Failure to follow and adhere to statutory law, and guidelines pertaining to asbestos and the exposure to asbestos of employees and others.  Such failure constituted negligence per se at a minimum.

## DAMAGES

85. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Plaintiff and Decedent, and of the following general and special damages including:

(a)    Damages to punish Defendants for proximately causing Decedent's untimely death;

(b)    The conscious physical pain and suffering and mental anguish sustained by Plaintiff and Decedent;

(c)    The physical impairment suffered by Plaintiff and Decedent;

(d)    The disfigurement suffered by Plaintiff and Decedent;

(e)    Reasonable and necessary medical expenses incurred by Plaintiff and Decedent's estate;

(f)    Plaintiff's and Decedent's lost earnings and net accumulations;

(g)    Reasonable funeral and burial expenses incurred by Decedent's estate;

(h)    Plaintiff's and Decedent's mental anguish caused by the extraordinarily increased likelihood of developing asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold and/or distributed by the named Defendants;

(i)    Past and future loss of the care, maintenance services, support, advice, counsel and consortium which Plaintiffs would have received from the Plaintiff and Decedent prior to their illnesses, disabilities and death caused by their exposure to asbestos;

(j)    The mental anguish suffered by Decedent's heirs as a consequence of observing the last illness and death of the Decedent;

(k)    Plaintiffs seek punitive and exemplary damages; and

(l)     Any and all recoverable survival and wrongful death damages on behalf of all
statutory beneficiaries of the plaintiff/decedent.

86.  Plaintiffs filed suit within two (2) years of the date of discovering Plaintiff's and
Decedent's asbestos-related conditions or the existence of any asbestos-related causes of action.

87.  Plaintiffs discovered Plaintiff's and Decedent's injuries and its cause less then two
years prior to the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the
Defendants, and each of them, jointly and severally, for general damages, for their costs expended
herein, for interest on said judgment from the date this action accrued until paid, at the legal rate,
and for such other and further relief, both at law and in equity, to which Plaintiffs may show
themselves justly entitled.

<u>**JURY DEMAND**</u>

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

WATERS & KRAUS, LLP

DARREN P. McDOWELL
State Bar No. 24025520
GAYLE M. MORTOLA
State Bar No. 00798388
JEFFERY B. SIMON
State Bar No. 00788420
PETER A. KRAUS
State Bar No. 11712980

WATERS & KRAUS, LLP
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

LAW OFFICES OF FRANK COSTILLA
FRANK COSTILLA
State Bar No. 04856500
5 East Elizabeth
Brownsville, Texas 78520
(956) 541-4982
(956) 544-3152 fax

ATTORNEYS FOR PLAINTIFFS

PLEASE SERVE ALL CORRESPONDANCE AND PLEADINGS ON WATERS & KRAUS, LLP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Plaintiffs'
Second Consolidated Amended Petition and Jury Demand** was sent via one of the methods
checked below, to all counsel of record on the _____ day of _____, 2001.

[ ]    regular mail
[ ]    certified mail, return receipt requested
[ ]    federal express
[ ]    hand delivery
[ ]    facsimile

DARREN P. McDOWELL

IN RE:  ASBESTOS LITIGATION        §        IN THE DISTRICT COURTS OF
                                   §
                                   §
                                   §        CAMERON COUNTY, TEXAS

## STANDING ORDER #1

Having considered the type and number of asbestos cases pending in Cameron County and after having heard the argument of counsel and reviewing the motions and briefs of the parties, the Court finds that good cause exists for the entry of this Order.

This Order is intended to facilitate the administration of asbestos cases in Cameron County. This Order shall apply to all cases pending in the District Courts of Cameron County in which a claim for money damages is made for any injury, illness, malignancy, fear of malignancy, mental anguish, loss of consortium, survival benefits, wrongful death or other damages claimed as a result of exposure to products containing asbestos.

### SPECIFIC ORDERS

1.    The District Clerk of Cameron County shall maintain a file entitled "In Re: Asbestos Litigation" which file may be referred to as the "Master Asbestos File". A motion or other instrument filed in the Master Asbestos File is deemed filed in

CAMERON ORD

-2-

each and every asbestos case in which the filing party has made an appearance and to which it may be applicable, and is incorporated by reference into such case and file for all purposes. Case specific motions shall be filed in the applicable case file and should not be filed in the Master Asbestos File.

2. Motions concerning common issues filed in the Master Asbestos File shall be served upon opposing counsel seven (7) or more days in advance of the requested hearing date, unless a longer notice period is mandated by the Texas Rules of Civil Procedure. The Court may entertain emergency motions and hearings otherwise.

3. The Clerk shall maintain a master service list of all counsel representing parties in any asbestos case filed in Cameron County. Counsel for each party shall be listed once and any party required to serve any notice in an asbestos case governed by this Order shall serve one copy of the document to be served on counsel for each party as appearing on the master service list attached hereto as Exhibit "A" as appropriate. Said master service list shall be updated periodically and circulated by the Court as the need arises.

CAMERON ORD

-3-

4.    Service of any and all motions shall be upon all counsel as appropriate under the Texas Rules of Civil Procedure on the master service list.   It is the responsibility of counsel to ensure correct listing on the master service list.

5.    After appearance date of each asbestos case, all counsel for defendants in that particular case shall confer and designate a Liaison Defense Counsel.   Such counsel shall be responsible to act as a coordinator for the scheduling of certain discovery matters.   Liaison Defense Counsel chosen for each case shall file a notice of such designation in the particular case and advise Plaintiffs' counsel of same.   The responsibilities of Liaison Defense Counsel will be limited to the scheduling and orderly administration of Plaintiff ~~and coworker~~ depositions, Independent Medical Examinations, medical records review, and/or pathology material review in those cases assigned to that particular liaison counsel.   This order is not to be construed as to enable Liaison Defense Counsel to appear for parties other than the specific client(s) of the liaison counsel with regard to any matter.

**CAMERON ORD**

-4-

6.    Plaintiffs in each case filed in Cameron County prior to the date this Order is signed shall serve answers and\or objections to the master sets of discovery which are attached hereto as Exhibit "B" within ninety (90) days of the date of this Order, if not previously served.   Copies of the answers and\or objections shall be served upon each party.   If Plaintiffs have previously answered these interrogatories and requests for production, they need only supplement their answers pursuant to paragraph 20 of this Order and the Texas Rules of Civil Procedure.

7.    For all cases filed on or after the date this Order is signed, each Plaintiff shall provide their answers and\or objections to the master discovery interrogatories and requests for production within ninety (90) days of the date of filing of Plaintiff's Original Petition.

8.    Simultaneously with the filing and service of answers to master discovery, Plaintiffs will provide the Defendants with signed authorizations to enable Defendants to obtain medical records, VA records, income tax records, social security records, military records and personnel records.

CAMERON ORD

-5-

9.   Each Defendant shall serve answers and\or objections to the Master Set of Discovery to Defendants attached hereto as Exhibit "C",-within ninety (90) days of the date of this Order or within 90 days of the date of a defendant's Appearance Day for cases filed on or after the date of this Order, whichever is later, if not previously served.  Copies of the answers and/or objections shall be served upon each party.

10.   Nothing in this Order shall preclude any party from pursuing additional written discovery which is not duplicative of a master discovery request.  The additional non-duplicative written discovery will be as provided by the Texas Rules of Civil Procedure. Prior to serving additional written discovery, counsel for the party propounding the discovery shall confer with counsel for the party responding to the discovery regarding the nature and extent of the additional written discovery.  All additional written discovery shall contain a certificate by the party filing same that such conference has been held.

11.   Plaintiffs' in each case filed in Cameron County shall designate all "product identification witnesses" whom they

CAMERON ORD

-6-

intend to testify at the trial of their case as soon as practicable but no later than ~~sixty (60)~~ *seventy (75)* days before the date of trial. Such designation shall include the name of the witness and current address of the witness as well as the accompanying product information relating to that witness. Plaintiffs shall provide identification of worksites and the product information; i.e. work history sheets, ninety (90) days after filing their petition

12. Unless the Plaintiff through his or her counsel produces a letter from his or her treating physician which states that Plaintiff may not travel due to a medical condition, Plaintiff's discovery or trial deposition shall be noticed to take place in Cameron County, Texas or at such other location as can be agreed to by Plaintiff's Counsel and Liaison Defense Counsel unless such agreed location is objected to in writing by any party at least three days prior to the date for which the deposition is noticed. Any physician letter produced to show that Plaintiff may not travel due to a medical condition must actually specify the medical condition or illness precluding travel by the Plaintiff. Plaintiffs, excluding those alleging diagnoses of mesothelioma, who

*CAMERON ORD*

-7-

are "too sick to travel" for purposes of a deposition and/or defense medical examination shall not personally appear at the trial of their cause unless defendants are given a reasonable opportunity to conduct an Independent Medical Examination in Texas at least thirty (30) days prior to trial. The defendants reserve the right to request a physical examination, pursuant to Rule 167a of the Texas Rules of Civil Procedure, of plaintiffs alleging a diagnosis of mesothelioma which alleged condition precluded that plaintiff's ability to travel to Texas for his/her deposition or Independent Medical Examination. Plaintiffs reserve the right to object to the request described in the preceding sentence.

13. Defendants are, as a group, entitled to arrange for a medical examination of the Plaintiff, if living, to be conducted by a physician of their choice and at defendants' expense. The request for medical examination should be coordinated by Liaison Defense Counsel, and should be coordinated with each Plaintiff's deposition, if possible. The defendants reserve the right to request additional medical examinations of the plaintiffs at the defendants' expense where justified by the circumstances of a

CAMERON.ORD

-8-

particular case.  Plaintiffs reserve the right to object to the request described in the preceding sentence.  Defendants shall reimburse each plaintiff examined for his/her actual travel expenses (of a reasonable nature) not to exceed Two Hundred and Fifty Dollars ($250.00) if the medical examination takes place outside of Cameron County and more than one hundred (100) miles from the plaintiff's home.

14.  The Defendants are ordered to cause a report of the medical examination described in the preceding paragraph to be reduced to writing and served upon Plaintiffs' counsel as soon as practicable after the examination but no later than thirty (30) days prior to trial unless otherwise agreed by counsel for Plaintiffs and Liaison Defense Counsel.  If said examination takes place within forty five (45) days prior to trial, then Defendants have up to fifteen (15) days prior to trial to provide the written report of the examination.

15.  Parties may amend their pleadings up to thirty (30) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.  Opposing parties may respond to

**CAMERON ORD**

-9-

amended pleadings up to fifteen (15) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.

16. Each Defendant with an answer on file is deemed to be asserting a cross-action for contribution and indemnity against each of the other defendants and\or settling persons for any claims they may assert in such action. Cross-actions against Defendants who have been dismissed or non-suited by Plaintiffs will be dismissed thirty (30) days after the dismissal order is signed, unless objection to the dismissal is made in writing. This dismissal will be effective automatically by virtue of this Order without the necessity of any written motion or written order by the Court.

17. Plaintiffs must serve their witness and exhibit lists on or before sixty (60) days prior to trial. Defendants must serve their witness and exhibit lists on or before thirty (30) days prior to trial. Failure to timely serve a list of exhibits or witnesses will result in inadmissibility of exhibits and\or witnesses' testimony unless the party can show good cause for failure. Upon request, a party must produce for copying or

CAMERON.ORD

-10-

otherwise make available for inspection any exhibit.

      18. The parties shall endeavor to reduce paperwork whenever possible. To this end, the parties are to come to an agreement to implement form pleadings, particularly petitions, to avoid needless redundancy and waste.

      19. Medical records from examining and/or treating physicians, hospitals, clinics or other health-care providers except those records generated and/or obtained from experts for the purposes of litigation, are determined by the Court to be authentic under the Texas Rules of Civil Evidence, unless specific objection is made thereto at least ten (10) days prior to trial. These records are not to be filed with the Court. This Order deems medical records authentic and should not be construed to otherwise affect the admissibility of said records. Objections regarding medical records other than authenticity are still subject to the ruling of the Court pursuant to the Texas Rules of Civil Procedure and the Texas Rules of Civil Evidence.

      20. Plaintiffs agree to provide Defense Counsel with all relevant pathology, chest images and supplemental and/or amended

**CAMERON ORD**

-11-

Master   Discovery   Responses/Discovery   Responses   as   soon   as
practicable but no later than ninety (90) days prior to trial.   In
return, Liaison Defense Counsel will provide counsel for Plaintiffs
with a copy of defense medical testifying expert reports as soon as
practicable but no later than thirty (30) days prior to trial.
Should any chest images, pathology, or supplemental and\or amended
discovery responses be tendered by plaintiffs sixty (60) to ninety
(90) days prior to the trial of any case then defendants will have
until fifteen (15) days prior to trial in order to tender defense
medical testifying expert reports and supplemental and\or amended
discovery responses to Plaintiff's counsel.   Should any chest
images,   pathology or   supplemental and\or   amended   discovery
responses be tendered by Plaintiffs less than sixty (60) days prior
to trial, then any evidence or information, including but not
limited to additional witnesses, expert medical reports and\or
exhibits, contained within those materials will not be utilized by
Plaintiffs upon the trial of the subject case.   Defendants hereby
specifically   retain   the   right   to   file   motions   for
continuance\motions to compel based on a failure to tender or late

CAMERON ORD

-12-

tender of materials by Plaintiffs.

      21.  The Court reserves the right to supplement or modify this Order upon reasonable notice. *Counsel may propose additional paragraphs to the Court for inclusion in the standing order after notice + hearing*

      22.  To the extent that matters are not addressed and/or covered by this Standing Order, the Texas Rules of Civil Procedure, the Texas Rules of Civil Evidence and local rules of court shall govern.

      **SIGNED** this the ___3/___ day of ___August___, 1995.

| | |
|---|---|
| _____ | _____ |
| Judge, 103rd District Court | Judge, 197th District Court |
| _____ | _____ |
| Judge, 107th District Court | Judge, 357th District Court |
| _____ | |
| Judge, 138th District Court | |

2nd COPIES TO: 9/7/95
ALL KNOWN CONSEL OF RECORD

2:19 O'CLOCK ___ M
AURORA DE LA GARZA, DIST CLERK

AUG 3 1 1995

DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _____ DEPUTY

CAMERON ORD

-13-

AGREED AS TO FORM:

BARON & BUDD, P.C.

By: _____
    Russell W. Budd
    State Bar No. 03312400
    Angelyn Schmid
    State Bar No. 17764960
    3102 Oak Lawn Avenue
    Suite 1100
    Dallas, Texas 75219
    (214) 521-3605
    (214) 520-1181 (Fax)

ATTORNEYS FOR PLAINTIFFS

BEAN & MANNING, L.L.P.

By: _____
    William J. Cozort, Jr.
    State Bar No. 04967550
    5847 San Felipe Road
    Suite 1500
    Houston, Texas  77057
    (713) 783-7070
    (713) 974-8173 (Fax)

ATTORNEYS FOR OWENS-CORNING FIBERGLAS
CORPORATION, DEFENDANT

CAMERON ORD

-14-

BOWERS, ORR & ROBERTSON

By: _____
      Thomas Dougall
      State Bar No. 00785457
      1401 Main Street
      Suite 1100
      Columbia, South Carolina 29201
      (803) 252-0494
      (803) 252-1068 (Fax)

ATTORNEYS FOR PROKO
INDUSTRIES, INC.


BROWN, MCCARROLL, OAKS & HARTLINE

By: _____
      T. John Ward
      State Bar No. 20848000
      Melissa K. Ferrell
      State Bar No.
      1300 Wortham Tower
      2727 Allen Parkway
      Houston, Texas  77019-2100
      (713) 529-3110
      (713) 525-6295 (Fax)

ATTORNEYS FOR GARLOCK, INC.
AND THE ANCHOR PACKING COMPANY


**CAMERON ORD**

-15-

ORGAIN, BELL & TUCKER, L.L.P.

By: _____
       Michael J. Truncale
       State Bar No. 20258125
       470 Orleans Street
       Beaumont, Texas 77701
       (409) 838-6412
       (409) 838-6959 (Fax)

ATTORNEYS FOR KELLY-MOORE
PAINT COMPANY

**CAMERON ORD**

# EXHIBIT "A"

CitiPDF - www.fastio.com

**ALLIED-SIGNAL/BENDIX CORPORATION**
Dawn Wright
State Bar No. 12742030
Thompson & Knight
3300 First City Center
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
969-1700
FAX NO. 969-1466

**ANCHOR PACKING COMPANY**
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019-2100
(713) 529-3110
FAX: (713) 525-6295

**ASTEN GROUP, INC.**
Robert B. Summers
State Bar No. 19507700
Thornton, Summers, Biechlin,
  Dunham & Brown, L.C.
1114 Lost Creek Blvd., Suite 215
Austin, Texas 78746
(512) 329-6666
FAX (512) 327-4694

**BORG-WARNER CORPORATION**
Elizabeth Phifer
State Bar No. 15908550
McCue & Lee, P.C.
Three Lincoln Centre
Suite 1050, LB 11
5430 LBJ Freeway
Dallas, Texas 75240
490-0808
FAX NO. 490-9545

CENTER FOR CLAIMS RESOLUTION
RILEY STOKER CORPORATION
H.B. FULLER
RHONE POULENC AG
GEORGIA-PACIFIC CORPORATION
David Crowe (CCR)
State Bar No. 00516425
Gary Elliston (RS/HBF/RP/)
State Bar No. 00658470
Mel Bailey (GP)
State Bar No. 01532100
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

**CCR DEFENDANTs INCLUDE:**
Amchem
A.P. Green Refractories
Armstrong World Industries
CertainTeed Corporation
C.E. Thurston & Sons, Inc.
Dana Corporation
Flexitallic Gasket Co., Inc.
GAF Corporation
I.U. North America, Inc. (formerly Unisex)
Maremont Corporation
National Gypsum Company
  (also known as The Asbestos
  Claims Management Corp.
  and the NGC Asbestos Disease
  and Property Damage Settlement Trust)
National Service, Ind., Inc.
  (formerly North Brothers)
NOSROC Corporation
Ferodo America, Inc.
  (formerly Nuturn Corporation)
Pfizer, Inc.
Quigley Company, Inc.
Shook & Fletcher Insulation
T & N, plc
  (formerly Turner & Newall Inc.)
Union Carbide Corporation
United States Gypsum Company

**CROWN CORK & SEAL COMPANY, INC.**
Frank G. Harmon, III
State Bar No. 09020500
Crain, Caton & James
3300 Two Houston Center
Houston, Texas 77010
(713) 658-2323
FAX (713)658-1921

**FLINTKOTE**
James M. Harris, Jr.
Bar No. 09065800
Holmes & Harris
P.O. Box 830
550 Fannin Street
Beaumont, Texas 77704
(409) 832-8382
FAX NO. (409) 833-4240

**FOSTER WHEELER ENERGY CORPORATION**
James M. Riley, Jr.
State Bar No. 16931800
Coats, Rose, Yale,
  Holm, Ryman & Lee
800 First City Tower
1001 Fannin
Houston, Texas 77002-6707
(713) 651-0111
FAX (713 651-0220

EXHIBIT

A

**GARLOCK INC**
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019-2100
(713) 529-3110
FAX: (713) 525-6295

**GENERAL REFRACTORIES COMPANY**
Neil Rambin
State Bar No. 16492800
Strasburger & Price
4300 NCNB Plaza
44th Floor
901 Main Street
Dallas, Texas 75202
651-4300
FAX NO. 651-4330

**GEORGIA PACIFIC CORPORATION**
Mel Bailey
State Bar No. 01532100
Dehay & Elliston, L.L.P.
717 North Harwood, Suite 1500
Dallas, Texas 75201
(214) 953-5454
FAX (214) 953-5455

**HARBISON-WALKER REFRACTORIES
INDRESCO, INC.**
Mark A. Hendrix.
State Bar No. 09460500
Vial, Hamilton, Koch & Knox
1717 Main Street, Ste. 4400
Dallas, TX 75201
712-4400
FAX NO. 712-4402

**KAISER ALUMINUM & CHEMICAL**
Craig S. Wolcott
State Bar No. 21845475
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
(713) 654-1111
FAX (713) 655-9212

**KELLY-MOORE PAINT COMPANY**
Michael J. Truncale
Orgain, Bell & Tucker, L.L.P.
470 Orleans Street
Beaumont, TX 77701
(409) 838-6412
FAX NO. (409) 838-6959

**METROPOL.....I LIFE INSURANCE**
John L. Hill, Jr.
State Bar No. 00000027
Liddell, Sapp, Zivley,
Hill & LaBoon, L.L.P.
3300 Texas Commerce Tower
Houston, Texas 77002
(713) 226-1200
FAX (713) 223-3717

**M. H. DETRICK**
Ned Johnson
State Bar No. 10712000
Richard Ferguson
State Bar No. 06919700
Johnson & Associates
4900 Woodway, Suite 1100
Houston, Texas 77056
(713) 961-3730
FAX NO. (713) 961-5438

**"3 M"**
Anthony E. Pletcher
State Bar No. 16069800
White, Huseman, Pletcher & Powers
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78403-2707
(512) 883-3563
FAX (512) 883-0210

**NORTH AMERICAN REFRACTORIES**
James Powers
State Bar No. 16217400
Roberts, Markel, Folger & Powers
24 Greenway Plaza
Suite 2020
Houston, Texas 77046
(713) 961-2800
FAX NO. (713) 961-5090

**OWENS CORNING FIBERGLAS**
William Cozort
Bean & Manning, L.L.P.
5847 San Felipe
Suite 1500
Houston, Texas 77057
(713) 783-7070
FAX (713) 783-7157

**OWENS-ILLINOIS, INC.**
Peter Moir
State Bar No. 142545
800 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6500
FAX (214) 953-6503

**PITTSBURGH CORNING CORPORATION**
R. Lyn Stevens
State Bar No. 19189020
Weller, Wheelus, Green
550 Fannin Street
5th Floor, Petroleum Tower
Beaumont, Texas 77701
(409) 838-0101
FAX (409) 838-6780

**PROKO INDUSTRIES, INC.**
Thomas Dougall
Bowers, Orr & Robertson
1401 Main Street, Suite 1100
Columbia, South Carolina 29201
(803) 252-0494
FAX (803) 252-1068

**RILEY STOKER CORPORATION**
Gary Elliston
State Bar No. 06584700
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

**ROCK WOOL MANUFACTURING**
Richard N. Evans
State Bar No. 06726000
Evans & Evans
2528 Calder Avenue
Beaumont, TX 77702
(409) 838-0522
FAX (409) 838-0525

**SYNKOLOID**
Kathryn Hermes
State Bar No. 15156500
Patterson, Lamberty, Stanford,
 Walls, Dwyer, Inc.
2011 Cedar Springs at Harwood
Suite 100
P. O. Box 1078
Dallas, Texas 75221-9990
(214) 871-2200
FAX (214) 871-0521

**UNITED STATES MINERAL PRODUCTS**
Brian S. Clary
State Bar No. 04325100
55 Waugh Drive, Suite 1200
Houston, TX 77707
(713) 861-9595
FAX (713) 861-7679

**UNIROYAL HOLDING, INC.**
Richard L. Forman
Forman, Perry, Watkins & Krutz
Suite 1200, One Jackson Place
188 E. Capitol Street
Jackson, MS 39325-2608
(601) 960-8600
FAX NO. (601) 960-8613

**W. R. GRACE & CO. - CONN.**
Patricia Kelly
State Bar No. 01378500
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
Harlingen, TX 78550
(210) 428-7495
FAX (210) 428-2954