2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |

---

VALENTIN RAMIREZ AND EVA § 
RAMIREZ; LUIS GARCIA AND §
GUADALUPE GARCIA §
    PLAINTIFFS §
§
§
VS. §
§
§
§
§
ABLE SUPPLY COMPANY; §
AC&S, INC.; §
AC&S, INC. (SUED INDIVIDUALLY AND §
AS SUCCESSOR-IN-INTEREST TO §
ARMSTRONG CONTRACTING §
& SUPPLY, INC.); §
AMOCO CORPORATION; §
A.P. GREEN INDUSTRIES, INC.; §
ARMSTRONG WORLD INDUSTRIES, INC.; §
ASBESTOS CLAIMS MANAGEMENT §
CORP. A/K/A NATIONAL GYPSUM; §
BABCOCK & WILCOX; §
BROWN & ROOT, INC.; §
CERTAINTEED CORPORATION; §
COMBUSTION ENGINEERING, INC.; §
CROWN CORK & SEAL COMPANY; §
DRESSER INDUSTRIES, SUED §
INDIVIDUALLY AND AS SUCCESOR- §
IN-INTEREST TO HARBISON WALKER §
REFRACTORIES AND WORTHINGTON §
PUMP INC; §
FLINTOKE COMPANY; §
FOSTER WHEELER ENERGY §
CORPORATION; §
GAF CORPORATION; §
GARLOCK INC; §
GASKET HOLDING INC; §
GASKET HOLDING, INC. §

C. A.  B-01-178

(SUED INDIVIDUALLY AND AS      §
SUCCESSOR-IN-INTEREST TO      §
FLEXITALLIC GASKET CO.);      §
GENERAL REFRACTORIES COMPANY;      §
GEORGIA-PACIFIC CORPORATION;      §
GEORGIA-PACIFIC CORPORATION      §
(SUED INDIVIDUALLY AND AS      §
SUCCESSOR-IN-INTEREST TO      §
BESTWALL GYPSUM COMPANY);      §
GUARDLINE, INC.;      §
HARBISON-WALKER REFRACTORIES;      §
HARBISON-WALKER REFRACTORIES      §
(FORMERLY A DIVISION      §
OF INDRESCO INC.);      §
INDRESCO INC;      §
INDRESCO INC. (SUED INDIVIDUALLY      §
AND AS SUCCESSOR-IN-INTEREST TO      §
HARBISON-WALKER REFRACTORIES,      §
A DIVISION OF INDRRESCO, INC.);      §
J. T. THORPE COMPANY;      §
KAISER ALUMINUN & CHEMICAL      §
CORPORATION;      §
KELLY MOORE PAINT      §
COMPANY, INC.;      §
METROPOLITAN LIFE      §
INSURANCE CO.;      §
MINNESOTA MINING &      §
MANUFACTURING (A/K/A "3M");      §
NORTH AMERICAN      §
REFRACTORIES COMPANY;      §
OWENS-CORNING FIBERGLAS CORP.;      §
OWENS-ILLINOIS, INC.;      §
OWENS-ILLINOIS, INC. (SUED      §
INDIVIDUALLY AND AS SUCCESSOR-      §
IN-INTEREST TO OWENS-      §
ILLINOIS GLASS COMPANY);      §
PITTSBURGH CORNING CORP.;      §
PROKO INDUSTRIES, INC.;      §
QUIGLEY COMPANY, INC.;      §
RAPID-AMERICAN CORPORATION;      §
RILEY STOKER CORPORATION;      §
THE SYNKOLOID COMPANY;      §
T&N PLC F/K/A TURNER & NEWELL PLC;      §
T&N PLC SUCCESSOR IN INTEREST TO      §
KEASBEY & MATTISON;      §
TURNER & NEWELL INDUSTRIES, INC.      §
DBA UNITED GASKET CORP;      §
TURNER NEWELL, LTD.      §
D/B/A UNITED FABRICATED;      §

www.lexis.com

| | |
|---|---|
| UNIROYAL HOLDING, INC. | § |
| (SUED INDIVIDUALLY AND | § |
| AS SUCCESSOR-IN-INTEREST | § |
| TO U.S. RUBBER COMPANY; | § |
| U.S. GYPSUM COMPANY; | § |
| U.S. MINERAL PRODUCTS COMPANY; | § |
| W.R. GRACE & CO.—CONN.; | § |
| W.R. GRACE & CO.—CONN. | § |
| (SUED INDIVIDUALLY AND | § |
| AS SUCCESSOR-IN-INTEREST TO | § |
| W.R. GRACE & COMPANY) | § |
| DEFENDANTS | § |

# EMERGENCY MOTION
## TO TRANSFER CIVIL ACTION PURSUANT TO 28 U.S.C. § 157(b)(5) FOR VENUE DETERMINATION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

GARLOCK INC ("Garlock" or "Movant") files this Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) For Venue Determination ("Transfer Motion"), simultaneously with its Applications and Notice of Removal of this pending asbestosis injury suits as follows:

## I.
## JURISDICTION

1.      The Removed Case was removed to this court pursuant to 28 U.S.C. § 1452(a) and this Court's jurisdiction pursuant to 28 U.S.C. § 1334, and 28 U.S.C. § 157(b)(5) and § 157(b)(2)(B).

2.      This Federal District Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334 subject to the jurisdictional grant of 28 U.S.C. § 157(b)(5).

## II.
## PRELIMINARY STATEMENT
## REGARDING REMOVAL AND THIS MOTION

**A.      Garlock's Claims and the Debtor's Chapter 11 Case:**

3.      Garlock filed its Applications and Notice of Removal (the "Garlock Removed Case") to this District Court.   Each party to this Removed Civil Action has a claim against the Debtor:

Page 1

(i).    Each Plaintiff in this Removed Case has a wrongful death and personal injury against the Debtor governed by 28 U.S.C. § 157(b)(5) which action is stayed by 11 U.S.C. § 362 and each Plaintiff must file a proof of claim in the Debtor's Chapter 11 case in order to preserve this claim [notwithstanding the fact that it may be entitled to a jury trial of this proof of claim].

(ii).    Each non-settling, non-debtor Defendant in this Removed Case has a cross-claim for contribution or indemnification against the Debtor arising out of this Removed Case which cross-action is stayed by 11 U.S.C. § 362 and, dependent upon a trial and determination of the wrongful death and personal injury against the Debtor, likewise governed by 28 U.S.C. § 157(b)(5) such that each cross-plaintiff (i.e. Garlock) must file a proof of claim in the Debtor's Chapter 11 case and may be entitled to a jury trial of this proof of claim.

(iii).    The debtor, as a co-Defendant in this Removed Case, at least with respect to each non-settling co-Defendant, has a cross-claim for contribution or indemnification against each other co-Defendant arising out of, and dependent upon a trial and determination of the wrongful death and personal injury against the Debtor, likewise governed by 28 U.S.C. § 157(b)(5), which Debtor-owned cross action is also stayed by 11 U.S.C. § 362 and which adjudication must occur in a bankruptcy related or controlled proceeding to protect these rights and assets ("property of the estate").

Each of these various claims arise out of the exact same common nucleus of operative facts and none of these cases may be liquidated except by jury trial. [*See*, §§ 157(b)(2)(b) and 157(b)(5)]. Thus, severance or non-suit of the Debtor, at a minimum, doubles the number of jury trials required to resolve this Removed Case.

Page 2

4.    Contemporaneous with the Application and Notice of Removal, Garlock has filed this Motion to Transfer this case to the "Home" District Court in the District of Delaware, the district in which the Debtor's bankruptcy case is pending pursuant to the mandates of 28 U.S.C. § 157(b)(5).

5.    As a result of the filing of the Bankruptcy Case, the Removed Case and all Court actions, including State and Federal District Court actions, are stayed pursuant to 11 U.S.C. § 362.  *See Pope vs. Manville Forest Product Corporation*, 778 F.2d 239 (5th Cir. 1985).  Debtor alleges and believes that all actions, including any attempt at severance or dismissal of the Debtor after filing of its Chapter 11 case are likewise stayed as to cases in which there is filed, prior to such attempt at dismissal or non-suit, a cross-claim for indemnification or contribution against the Debtor.  In fact, it is the general consensus of courts that claims for contribution or indemnity are subject to the automatic stay generally.  Claims for indemnification and contribution ". . . obviously would affect the size of the estate and the length of time the bankruptcy proceedings will be pending,[1] as well as (the Debtor's) ability to resolve its liabilities and proceed with reorganization."[2]    As further evidence of the impact of contribution and

---

[1]    *See also, A.H. Robins Co. v. Piocc,* 788 F.2d 1994, 1000-10001 (4th Cir.), cert. denied, 479 U.S. 876 (1986) (adverse judgment against party indemnified by Debtor would preclude Debtor from litigating merits of claim); *see also Kossman v. TJX Companies, Inc.,* 136 Bankr. Rptr. 640, 642 (W.D. Pa. 1991) (where debtor indemnification exists, a judgment for the plaintiff would have an effect on the bankruptcy estate, "as some part of the estate would be susceptible to being diverted to meet the indemnity obligation"); *Apex Investment Assocs., Inc. v. TJX Companies, Inc.,* 121 Bankr. Rptr. 522, 526-27 (N.D. Ill. 1990) (because of existence of debtor's indemnification, "[t]he resolution of this case will affect the arrangement of the creditors, and alter the debtor's rights and liabilities with respect to the claims against the estate"); *Philippe v. Shape, Inc.,* 103 Bankr. Rptr. 355, 358 (D. Me. 1989) (where indemnification exists, "a judgment in favor of the plaintiff . . . would automatically result in indemnification liability on the part of [the debtor]"); *In re Brentano's,* 27 Bankr. Rptr. 90, 91 -92 (Bankr. S.D. N.Y. 1983) (a judgment in favor of the plaintiff would automatically result in liability against the indemnitor-debtor).

[2]    In dealing with the 28 U.S.C. § 157(b)(5) transfer of the shareholder and contribution claims by way of mandamus to compel the District Court to assume jurisdiction in deciding whether to transfer these cases, the Sixth Circuit in *In re Dow Corning,* 183 F.3d 129 (6th Cir. 1996)  noted:

indemnity claims, in the ***Dow*** case the bankruptcy court (as in other mass tort cases) permitted the contribution claimants to form their own official committee.[3]

### B. Garlock's basis for this Transfer Motion -- 28 U.S.C. § 157(b)(5)

6. The basis for this Motion to Transfer is the mandatory venue determinations of a removed personal injury case in the District Court in Delaware provided in of title 28 U.S.C. § 157(b)(5):

> "The district court shall order that personal injury, tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or the district court in the district in which the claim arose, ***as determined by the district court in which the bankruptcy case is pending***. (Emphasis added)." 28 U.S.C. § 157(b)(5).

---

"*We further acknowledged that the risk to the debtor's estate would be substantially enhanced "if the claims against Dow Chemical and Corning Incorporated are allowed to proceed separately" from those against Dow Corning. Id.* at 495. After outlining the risks to Dow Corning's estate, we remanded to the district court with instructions "to determine in each individual case whether hearing it would promote or impair efficient and fair adjudication of bankruptcy cases." *Id.* at 497 (quoting *In re Salem Mortgage Co.*, 783 F.2d 626, 635 (6th Cir.1986))." *Id.* at 568. [Emphasis added.]

. . . .

The district court also overlooked the risks to Dow Corning's estate that were clearly articulated in our prior decision. Failing to transfer the claims against the [non-debtors] will likely affect the size of the estate and the length of time the bankruptcy proceedings will be pending, as well as Dow Corning's ability to resolve its liabilities and proceed with reorganization. As we noted in *In re Dow Corning Corp.*, 86 F.3d 482, 493 (6th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 718, 136 L.Ed.2d 636 (1997). . . . Therefore, contrary to the district court's determination, the substantial risks identified in our prior decision indicate that the cases against the shareholders should be transferred in the interest of justice. *Id.* at 571.

. . . .

We further find that discretionary abstention from the cases against the shareholders is wholly inappropriate in this case. In our prior decision, we acknowledged the significant impact that our resolution of these issues will have on the future course of this litigation. We also recognized that perfect satisfaction of all interests was impossible. Armed with that realization, we set out to meet the goal of establishing 'a mechanism for resolving the claims at issue in the most fair and equitable manner possible.' Id. at 487." *Id.*

[3] *In re Dow Corning Corp.*, 194 B.R. 121, 144 (Bankr. E.D. Mich, 1996) *rev'd on other grounds* 212 B.R. 258 (E.D. Mich 1997); *See,* also *In re Dow Corning*, 183 F.3d 129 (6th Cir. 1996)]; *In re Dow Corning*, 244 B.R. 721, 746 (Bankr. E.D. Mich. 1999).

Page 4

Under the mandatory language of 28 U.S.C. § 157(b)(5), the "Home" District Court in which the debtor's case was filed (or is pending) has the exclusive jurisdiction to fix the venue of any court action against the debtor irrespective of the district in which the controversy is pending or was removed (the "Home" court being the United States District Court for the "district in which the case is pending").

7.      It is the general policy of the Bankruptcy Code that all proceedings in a bankruptcy case be conducted in the district in which the bankruptcy petition was filed (the "home court").[4]  This policy, along with the policy considerations of 28 U.S.C. §157(B)(5) dictates in these special circumstances, removal to the "Home" District Court for the following legal and practical reasons.

8.      The severance or dismissal of the Debtor from this Removed Civil Action, without specific lifting of the automatic stay, will act to substantially damage the Debtor and the Co-Defendants, and violate the mandates of § 157(b)(5), as follows:

    a.      the Debtor's rights of contribution and indemnification will be impacted directly (creating multiple cases involving the same common nucleus of operative facts, possible inconsistent results);  and

    b.      any severance or non-suit will act to interfere with the Federal District Court's mandatory and exclusive obligation to determine the venue for trial of these pending personal injury cases against the Debtor free from interference by Plaintiff's unilateral severance or non-suit of the Debtor. For all purposes of liquidation of the amount of these claims where a right to a jury trial exists -- jurisdiction for such jury trial

---

[4]      *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *Kotlicky v. Belford*, 64 Bankr. Rptr. 689, 681 (N.D. Ill. 1986) (a strong presumption exists favoring transfer to the home court); *see also* 1 *Collier on Bankruptcy* 11

liquidation of the amount of these personal injury claims is vested in the United States District Court pursuant to 28 U.S.C. § 157(b)(5). It is only the Federal District Court which may determine the venue for trial of these cases. No actions taken after the filing of this Chapter 11 case may determine which court will conduct a trial of this matter, except that Federal District Court.[5] The automatic stay must be read to compliment 28 U.S.C. 157(b)(5) fixing the sole determination of the place for trial of these cases with the Federal District Court. A severance of the debtor would actually remove the debtor from a case involving a number of parties, over whom the Federal District Court has exclusive control for venue (and trial if it is so determined) purpose. In furtherance of that purpose, the automatic stay makes clear the bankruptcy court's centralized jurisdiction over the

---

3.02[2][a], at 3-136 (15th Ed. 1989) ("[U]nless strong reasons can be shown to the contrary, the home court is the proper venue for civil proceedings.").

[5]     "Concededly, section 157(b)(5) does not prescribe any procedure. The appellants suggest that the procedure to be followed is laid out in 28 U.S.C. 1412, which provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." As the appellants correctly construe section 1412, the authority to transfer a suit under that statute rests solely with the court in which the suit is pending and it provides no authority whatsoever to a district court sitting in bankruptcy in one district and having jurisdiction of the bankruptcy to transfer the venue of a case against the bankrupt to another district. Section 157(b)(5), however, expressly confers on the district court sitting in bankruptcy and having jurisdiction of the bankruptcy proceedings the power to fix the venue of any tort case against the debtor pending in other districts. The purpose of this latter statute was, as Congressman Kastenmeier declared, to centralize the administration of the estate and to eliminate the "multiplicity of forums for the adjudication of parts of a bankruptcy case." 130 Cong.Rec. H 7492, June 29, 1984, reprinted in 1984 U.S.Code Cong. & Adm.News at 579. That purpose would be thwarted and the plain language of section 157(b)(5) nullified if the power of the district court sitting in bankruptcy to fix the venue for tort claims against a debtor was to be preempted by the provisions of section 1412. We do not believe this to have been the intention of Congress in enacting the two statutes. Section 157(b)(5) was drafted to cover the procedure in connection with a special group of cases, to wit, personal injury tort claims against a debtor in Chapter 11 proceedings wherever pending and in that connection the section is supreme. In all other cases related to the bankruptcy proceedings, however, the general statute (i.e., section 1412) would govern. This, we think, is the proper construction to be given the two statutes. It is a construction which harmonizes the two sections. It conforms to that established canon of statutory construction that "[w]e must read the statutes [in those instances where there is any possible conflict] to give effect to each if we can do so while preserving their sense and purpose." *Watt v. Alaska*, 451 U.S. 259, 267, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981); *Columbia Gas v. Federal Energy Regulatory Comm.*, 651 F.2d 1146, 1158 (5th Cir.1981); *Pennsylvania v. Dept. of Health & Human Resources*, 723 F.2d 1114, 1119 (3d Cir.1983). To accept the appellants' interpretation and to negate the plain language of 157(b)(5) "would violate the basic principle of construction that statutes should be read, if possible, as harmonious texts." *Leaf Tobacco Exporters Assn. v. Block*, 749 F.2d 1106, 1115 (4th Cir.1984)." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986). *See, also, A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986).

debtor's assets and "forestall[s] the race to levy upon or make claims against the debtor's property with possibly inconsistent results." *Holland America Ins. v. Roy,* 777 F.2d 992, 995 (5th Cir. 1985).[6]  This "centralized" jurisdiction, however, is not a matter to be multiplied by unilateral actions of parties to pending suits, severing the Debtor from the suit and interfering with the Debtor's right to prosecute in the most expedient forum, its claims and defenses.   This determination is exclusively controlled by the Bankruptcy Court's automatic stay and the Federal District Court's mandatory venue determination.

### a.   All Venue Determinations Are Exclusively in this "Home"[7] Court.

9.     Under the mandatory language of 28 U.S.C. § 157(b)(5), the "Home" District Court in which the debtor's case was filed (or is pending) has the exclusive jurisdiction to fix the venue of any court action against the debtor irrespective of the district in which the controversy is pending or was removed.

### b.   The Home District Court Exclusively Fixes Venue:

10.     Accordingly, the congressional policy and case law establishes that the "transferee" "Home" District court's power to so act is not preempted by the general venue provisions of 28 U.S.C. § 1412.   *See, A.H. Robbins, Inc. v. Piocc,* 788 F.2d 994 (4th Cir. 1986), *cert. denied,* 479 U.S. 876 (1986) [the Fourth Circuit had "no difficulty" in finding that the district court in which the bankruptcy was pending had authority under § 157(b)(5) to fix venue of personal injury tort actions against the debtor *regardless of the district in which the controversy*

---

[6]     The automatic stay is "designed 'to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creator from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor.'" *In re Continental Airlines,* 177 B.R. 475, 479 (D. Del. 1993) (quoting *A.H. Robbins Co. v.* Piccinin,, 788 F.2d 994, 998 (4th Cir.), *cert. denied,* 479 U.S. 876 (1986)),

*was pending*].  In analyzing the grant of "power" for the district court pursuant to Section 157(b)(5), the Fifth Circuit in **Baumgart v. Fairchild Aircraft Corp.**, 981 F.2d 824 (5th Cir. 1993) said that § 157(b)(5) has specifically enlarged that district court's power to fix venue over the personal injury tort cases related to the bankruptcy pending in such Home District Court and could itself order transfer of the cases from the originating District Court.  The court stated:

> "Moreover, the district court in which the bankruptcy is pending shall have the added power to order tried in its own venue personal injury tort and wrongful death claims filed elsewhere, or to order such cases tried in the district where those claims arose."  **Id.**  (Emphasis added).

### c.  <u>Other District Courts Cannot Determine Venue of a Removed Case</u>:

11.  Since this special venue "power" is granted only to the Home District court where the main bankruptcy case is pending, any other District Court is mandated to transfer any Removed Case to the Home District Court so that only the Home Court makes that venue determination.  **Fairchild Aircraft** made the following further observation:

> "The principal cases relied upon by Appellants involve application of §157(b)(5) to domestic litigation, which § 157(b)(5) specifically addresses.  Thus, for example, in *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), the district court in which was pending the Chapter 11 bankruptcy of the manufacturer of the Dalkon Shield, entered a tentative order that all actions against the debtor based upon personal injury tort or wrongful death claims arising from use of the Dalkon Shield would be tried in that district court.  The principal issue was whether

---

[7]  "Home court" means the federal judicial district in which the bankruptcy petition was filed or is pending. See, e.g., **In re Green Tie Realty Corp.**, 14 Bankr. 923, 924 (Bankr.S.D.N.Y.1981);  **H.R.REP. NO. 595**, 95th Cong. 1st Sess. 447 (1977).

transfer of the cases from other districts (5000 cases were pending) *could be ordered by the receiving district court in which the bankruptcy was pending*, or whether transfers, if made at all, would need to be ordered by the various district courts where the cases were pending, pursuant to the general bankruptcy venue statute allowing transfers in the interest of justice or for the convenience of the parties. *See* 28 U.S.C. 1412. The Fourth Circuit had "no difficulty" in finding that the district court in which the bankruptcy was pending had authority under §157(b)(5) to fix venue of personal injury tort actions against the debtor regardless of the district in which the controversy was pending. In reconciling § 1412 with § 157(b)(5) the Court wrote that as to a special group of cases, "to wit, personal injury tort claims against a debtor in Chapter 11 proceedings wherever pending," 157(b)(5) is "supreme."" *Id*. at 831.

*See, also*, *In re Dow Corning Corp*., 187 B.R. 919 (E.D.Mich., 1995); rev'd *In re Dow Corning Corp*., 103 F.3d 129 (6th Cir, 1996).

> **d.     Only the "Home" District Court may make venue determinations -- 28 U.S.C. 1452(b) does not apply in this Context:**

12.     It is clear that 28 U.S.C. § 157(b)(5) is a specific (as opposed to general) jurisdictional grant pursuant to this two-step venue statute [written, however, in reverse procedural order]. When read in proper "procedural" order [although there are no procedures set out in the rules regarding this section] the congressional intent is clear:

> First:     *"[A]s determined by the district court in which the bankruptcy case is pending, . . . "*[8]

---

[8]      The First step is mandatory and as the Fifth Circuit noted in *Fairchild Aircraft*, were other District Court's not willing to transfer a removed case to the "Home" Court, the "transferee" District Court may order transfer (although normally, the transfer originates from the transferor District Court where the case is required to be

Second:   "[t]he district court shall order that personal injury, tort and wrongful

death claims shall be tried in the district court in which the bankruptcy case is

pending, or the district court in the district in which the claim arose . . . ."

[Emphasis added.]

The Rules and statues regarding removal of this case mandated removal only to the District

Court in the District in which the suit was pending. Under ordinary circumstances, removals

pursuant to 28 U.S.C. § 1452(a) [bankruptcy jurisdiction] would be subject to a motion to the

general remand provisions of 28 U.S.C. § 1452(b) [remand on any equitable ground -- ". . . the

court to which such claim . . . is removed may remand such claim . . . on any equitable ground."]

or 28 U.S.C. § 1334(c) [abstention].   However, 28 U.S.C. 157(B)(5) is a specific statute dealing

with a specific cause of action to a specific District Court and controls over the general remand

(venue determination) provisions of 28 U.S.C. § 1452. *See, eg.* ***In re Luongo***, 259 F.3d 323 (5th

Cir.(Tex.), 2001) citing ***In re Armstrong****, 206 F.3d at 470* ("One basic principle of statutory

construction is that where two statutes appear to conflict, the statute addressing the relevant

---

removed).  However, once applied by the proper District Court, other venue or abstention/remand statutes and rules
apply such that the case may ultimately be transferred back to the State Court from where it originated. The following
observation has been recently made:

> "Federal courts have uniformly held that this provision permits district court judges to abstain
> from exercising the authority granted by 28 U.S.C. 157(b)(5), where such abstention would be in
> the interest of justice. *See, e.g.*, ***In re Apex Oil Co.***, 980 F.2d 1150, 1152-53 (8th Cir.1992); ***In
> re Pan American Corp.***, 950 F.2d 839, 844 (2d Cir.1991); ***In re White Motor Credit,*** 761 F.2d 270,
> 273 (6th Cir.1985).  These courts closely scrutinized the legislative history of section 157(b)(5)
> and section 1334(c)(1), and concluded that Congress expected district courts to follow these steps
> in ruling on section 157(b)(5) transfer motions:  The district judge [sh]ould first decide whether it
> should leave the cases with respect to which claims have been filed in the bankruptcy court in the
> courts in which they are pending and then, if it decides against this course, *the district court must
> try the cases itself or send them to the federal court for the district in which they arose.*" ***Marks v.
> Outboard Marine Corp.***, 974 F.Supp. 406 (D.N.J.,1997).

This language clearly shows that it is the transferee District Court which is to make the determination, just at the
Fifth Circuit in ***Fairchild Aircraft*** indicated. *See, supra. See, also **In re Dow Corning Corp.***, 187 B.R. 919
(E.D.Mich., 1995); rev'd ***In re Dow Corning Corp.***, 103 F.3d 129 (6th Cir, 1996).

matter in more specific terms governs.").[9]  Were this Court to entertain a motion to remand

instead of transferring this case, for example, such action in remanding a case by other than the

specified "Home" District Court would totally destroy the mandates of § 157(b)(5), inasmuch as

the order of remand, upon certification by this Court clerk to the state court, destroys all federal

jurisdiction, including bankruptcy jurisdiction to make the § 157(b)(5) venue determination by

the Home District Court.  ***Browning v. Navarro,*** 887 F.2d 553, 556 (5th Cir.1989).  It is only

because there is no specific procedure implementing 28 U.S.C. § 157(B)(5) that Movant Garlock

believes that it was required to comply with the Rules of Bankruptcy Procedure and 28 U.S.C. §

1452 and remove this case first to this District Court, followed by this Transfer Motion to

implement 157(b)(5).[10]

13.     Transfer is not only evident from the statute itself, but the statutory scheme

surrounding 28 U.S.C. § 157(b)(5) dictates in these special circumstances, a removed case must

end up in the "Home" District Court for every venue determination.  Pursuant to the policy best

stated in ***In re Things Remembered***, 116 S.Ct. 494 (1995),[11] where two statutory provisions exist

---

[9]     *See Crawford Fitting Co. v. J.T. Gibbons, Inc. 482 \*471 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)* (superseded by statute on other grounds);  *Mennor v. Fort Hood Nat'l Bank, 829 F.2d 553, 557 (5th Cir.1987)*.  A similar principle applies to interpretation of various sections of the same enactment.  A provision must be considered in context, *see Deal v. United States*, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993); *Reich v. Arcadian Corp.,* 110 F.3d 1192, 1195-96 (5th Cir.1997), and the more specific provision within a statute prevails.  *See Nobleman v. American Sav. Bank (In re Nobleman),* 968 F.2d 483, 487-88 (5th Cir.1992).

[10]     The removal directly to the Home District Court would eliminate this ministerial step, and the attendant judicial waste of time.  In any event, a timely removal to another District Court (under 28 U.S.C. §§ 1452 or 1441, 1446) is *not* jurisdictional, and is held simply to raise a "venue" issue - in this case, the same venue issue statutorily raised by 28 U.S.C. § 157(b)(5)[10] and required to be determined by this "Home" District Court.  *Compare* 28 U.S.C. §§ 1452(a) and 1441 (both permitting removal to the district court "for the district . . . where such [civil] action is pending" by identical language);[10]  *Mackay v. Unita Development Co.*, 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913).[10]

Neither Congressional Policy nor statutory or rules construction expects litigants to take useless acts, particularly where such acts merely delay a determination that is, in fact, mandated by Congressional policy, however, in face of a Rule and without procedures, Garlock believed that this procedure was required.

[11]     The Supreme Court in *Things Remembered* held that § 1447 fills any gap in § 1452 removal procedure even though only § 1447 had the specific provision at issue.  As to those two statutory provisions, similar, but not identical, the Supreme Court held that "there is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context.  We must therefore give effect to both."  *Id.* at 496.  The Supreme Court explained its conclusions in clear unequivocal language.

(here 28 U.S.C. § 157(b)(5) -vs- 28 U.S.C. §§ 1441, 1446 and 1452, one statute requiring a particular District Court only, and the others referencing District Court's generally), they should be read to give effect to any common stated Congressional policy.  This policy clearly applies in the § 157(B)(5) context and compels transfer of the Removed Case directly to this "Home" District Court to permit the efficient case and § 157(b)(5) venue handling. The general venue observations in *Cook v. Cook*, 215 B.R. 975 (Bankr.E.D.Mich., 1997), in light of the mandates of § 157(b)(5) compel no other result:

> "By use of the singular form, 'District Court,' Congress attempted to give significance to the exclusive jurisdiction of the particular District Court in which a case is commenced or is pending."); [FN3. In support of the last sentence quoted from Norton, the treatise cited *In re Engra, Inc., 86 B.R. 890 (S.D.Tex.1988)*. That is either a mis-citation, or we misunderstand Norton's point. *See id. at 893* (declining to interpret 1452 as precluding removal to a non-forum bankruptcy court).] *cf. In re Alabama Fuel Sales Co., 45 B.R. 365, 368 (N.D.Ala.1985)* ("[T]he statutory language [in 1334] was intended to provide jurisdiction ... even after the confirmation of the plan under Chapter 11, so long as the case is still technically pending."); *Wes-Flo v. Wilson Freight Co., 13 B.R. 617, 620-21 (Bankr.S.D.Ohio 1981)* ("[T]he court of exclusive, original jurisdiction must determine in which venue the case must be tried, to meet the convenience of the parties standard.  Until such a determination, even though the case has been properly removed to the court of the district wherein originally filed, the automatic stay of the original court remains in effect as to the parties pending determination of the venue question.  Only the Bankruptcy Court for the Southern District of New York should have jurisdiction to remove its own stay. The stay remains unaltered, except as to the statutory right to removal.... [C]ontrol of the case must be to the bankruptcy court with exclusive jurisdiction with a timely request directed to that court for either a remand or a change of venue....")."

14.    The obvious import of the interpretation and application of § 157(b)(5)'s directive on the administration of the debtor's estate is the type of jurisdictional question which is best decided by the court charged with the responsibility for the effective administration of the

---

"Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. . . .  If an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction." *Id.* at 497.

debtor's estate. Abstention and remand issues, certainly to be raised in this Removed Case, are best decided by the home bankruptcy court. *In re Covenant Guardian Corp.*, 715 Bankr. Rptr. 246 (Bankr. E.D. Pa. 1987); *In re Durheim*, 215 B.R. 876 (D.Alaska, 1997). Moreover, in ruling on the transfer motion, the District Court must be primarily concerned with "the economic and efficient administration of the estate." *See HME Records, Inc.*, 62 Bankr. Rptr., 611, 613 (Bankr. M.D. Term. 1986); *Butcher*, 46 Bankr. Rptr. at 112 (*citing Commonwealth*, 596 F.2d at 1247), a matter reserved by statute and congressional policy in these personal injury circumstances, to the Home District Court. It is the general policy of the Bankruptcy Code that all proceedings in a bankruptcy case be conducted in the district in which the bankruptcy petition was filed (the "home court"). *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *Kotlicky v. Belford*, 64 Bankr. Rptr. 689, 681 (N.D. Ill. 1986) (a strong presumption exists favoring transfer to the home court); see also 1 Collier on Bankruptcy 11 3.02[2][a], at 3-136 (15th Ed. 1989) ("[U]nless strong reasons can be shown to the contrary, the home court is the proper venue for civil proceedings.").[12] When faced with such a request, the "Home" District Court is required to analyze what effect the continuing litigation of claims against the non-debtor co-defendants could conceivably have on the debtor's bankruptcy estate. *See In re Dow Corning Corporation*, 187 B.R. 919 (E.D. Mich. 1995), rev'd, 86 F.3d 482 (6th Cir.), cert. denied, 117 S. Ct. 718 (1997). This determination is not available, convenient, or economically practical except by the District Court in the division and district where the case is pending.

15. The "strong presumption" favoring consolidation of all proceedings in the home bankruptcy court has been consistently applied when a state proceeding is removed to an outpost bankruptcy court. *See, e g, Seybolt v. Bio-Energy of Lincoln, Inc.*, 38 Bankr. Rptr. 123, 128

---

[12]   This concern "underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction." *Nixon Machinery*, 27 Bankr. Rptr. at 873.

(Bankr. D. Mass. 1984) (removed action transferred to bankruptcy court where bankruptcy petition filed -- 128 (outpost bankruptcy court a mere "conduit" that "can only speculate as to the effect this proceeding will have on the debtor's bankruptcy proceedings"); *Colarusso v. Burger-King Corp.*, 35 Bankr. Rptr. 365 (Bankr. E.D. Pa.) (same); *Stamm v. Rapco Foam, Inc.*, 21 Bankr. Rptr. 715 (Bankr. W.D. Pa. 1982) (same). The four major criteria identified by the leading bankruptcy cases for determining when an adversary proceeding should be transferred to the home bankruptcy court are as follows:

(i)      If the case is not transferred, this court and the home bankruptcy court could rule inconsistently;

(ii)      The effective administration of the estate is paramount and overrides the Plaintiffs' choice of forum;

(iii)      The home bankruptcy court should rule on jurisdictional matters; and

(iv)      Claims against indemnified parties will effect the Debtor's estate.

Each of these factors clearly favor transfer of this case independent of the mandatory provisions of 28 U.S. § 157(b)(5).    As an example, when the District Court refused to do so as to removed shareholder suits, the Sixth Circuit expressly transferred all breast implant claims in the United States against the Shareholders to this district finding "related to" jurisdiction based on the chapter 11 case filed by the Debtor. *In re Dow Corning*, 86 F.3d 482 (6th Cir.1996), and *In re Dow Corning*, 113 F.3d 565 (6th Cir.1997).

16.      Consistent with such policies of "home" Bankruptcy Court jurisdiction [*Id.*] and the "home" District Court jurisdiction [regarding these personal injury  suits pursuant to § 157(b)(5)] and particular venue determinations unique to this Chapter 11 case, the Garlock Removed Cases should be transferred directly to this District Court, District of Delaware.

17.     This issue has been addressed in the Southern District of Texas and the District Court's have ordered the transfer pursuant to § 157(b)(5).   *See*, Exhibit 1 and 2 attached hereto.

WHEREFORE, PREMISES CONSIDERED, GARLOCK INC prays upon docketing of the Removed Case an expedited determination is made and that this Court grant this Transfer Motion in all things, and that Defendant GARLOCK INC have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone:  (361) 884-5678
Telecopier:  (361) 884-5616
REMOVAL COUNSEL FOR GARLOCK INC

Mitchell C. Chaney
SB# 04107500
Rodriguez, Colvin & chaney, LLP
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEYS FOR GARLOCK INC

## CERTIFICATE OF SERVICE

I, __Mitchell C. Chang__ hereby certify that a true and correct copy of the Motion to Transfer Venue was served by First Class Mail, on all counsel of record listed on Exhibit "3," the attached service list this _2nd_ day of October, 2001:

CVISPDF – www.fastio.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**JUL 3 1 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| THE PARENTS INDIVIDUALLY AND AS, | § | |
| PARENTS OF JOHN DOES, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-77 |
| | § | |
| MARINE MILITARY ACADEMY, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF TRANSFER

BE IT REMEMBERED that on July 31, 2000, the Court GRANTED Defendant -
Debtor Marine Military Academy's motion to transfer pursuant to the mandatory provisions
of 28 U.S.C. §157(b)(5) (Dkt. No. 3). This case is ORDERED transferred to the United
States District Court for the District of Arizona.

DONE at Brownsville, Texas, this ____31____ day of July 2000.

Hilda G. Tagle

United States District Judge

EXHIBIT 1

CVISPDF – www.fexiio.com



# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

## JUN. 0 5 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Debbie Wayne, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-075 |
| | § | |
| Marine Military Academy, Inc., | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED, that on June 2, 2000, the Court considered the Defendants' Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) [Docket No. 2]. It is ordered that pursuant to 28 U.S.C. § 157(b)(5) this case is transferred to the United States District Court for the District of Arizona for such action as that Court may deem appropriate pursuant to 28 U.S.C. § 157(b)(5).

DONE at Brownsville, Texas, this 2nd day of June 2000.

John Wm. Black
United States Magistrate Judge

EXHIBIT 2

06/05/00  MON 10:04  [TX/RX NO 5862]  002

CibPDF - www.fastio.com

Cause No. 98-10-04083-E; *Valentin Ramirez and Eva Ramirez; Luis Garcia and Guadalupe Garcia vs. Able Supply Company, et al.*; In the 404th Judicial District Court of Cameron County, Texas.

| | |
|---|---|
| Status of Service of Process: | Accomplished Upon All Served |
| Original Plaintiff's in Removed Case: | Valentin Ramirez and Eva Ramirez; Luis Garcia and Guadalupe Garcia |
| Counsel for Plaintiff: | Peter A. Kraus<br>Waters & Kraus<br>3219 McKinney Avenue, Suite 3000Dallas, Texas 75204<br>Phone:  (214) 357-6244<br>Fax:  (214-357-7252 |
| Counsel for Defendant, Garlock Inc: | Mitchell C. Chaney<br>Rodriguez, Colvin & Chaney, L. L. P.<br>1201 East Van Buren Street<br>Brownsville, Texas  78522<br>Phone:  (956) 542-7441<br>Fax:  (956) 541-2170 |

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| Lisa Powell | ABLE SUPPLY COMPANY | Jackson Walker, L.L.P. 1100 Louisiana, Suite 4200 Houston, Texas 77002 | 713-752-4200 | 713-621-9065 |
| Ken Rhodes | AC&S, INC. | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Ken Rhodes | AC&S, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ARMSTRONG CONTRACTING & SUPPLY, INC.) | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Thomas Taylor | AMOCO CORPORATION | Andrews & Kurth, L.L.P. 600 Travis, Suite 4200 Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Lewis Miltenberger | A.P. GREEN INDUSTRIES, INC. | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Gary Elliston | ARMSTRONG WORLD INDUSTRIES, INC. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |

| Gary Ellsiton | ASBESTOS CLAIMS MANAGEMENT CORP. A/K/A NATIONAL GYPSUM | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
|---|---|---|---|---|
| Susan A. Carstens | BABCOCK & WILCOX | The Law Offices of Susan A. Carstens 1601 Westheimer Houston, Texas 77006 | 713-529-2141 | 713-529-2290 |
| Donald Godwin | BROWN & ROOT, INC. | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| Gary Elliston | CERTAINTEED CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mary Lou Mauro | COMBUSTION ENGINEERING, INC. | Galloway, Johnson, Tompkins & Burr 3555 Timmons, Suite 1225 Houston, Texas 77027 | 713-599-0700 | 713-599-0777 |
| Frank G. Harmon | CROWN CORK & SEAL COMPANY | Crain Caton & James 3300 Two Houston Center 909 Fannin, 33rd Floor Houston, Texas 77010 | 713-658-2323 | 713-752-8618 |
| Donald Godwin | DRESSER INDUSTRIES, SUED INDIVIDUALLY AND AS SUCCESOR-IN-INTERST TO HARBISON WALKER REFRACTORIES AND WORTHINGTON PUMP INC | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| James Harris | FLINTOKE COMPANY | Harris, Lively & Duesler 550 Fannin Street, Suite 650 P.O. Box 830 Beaumont, Texas 77704-0830 | 409-832-8382 | 409-833-4240 |
| James M. Riley | FOSTER WHEELER ENERGY CORPORATION | Coats, Rose, Yale, Ryman & Lee, PC 800 First City Tower 1001 Fannin Houston, Texas 77002 | 713-651-0111 | 713-651-0220 |
| Gary Elliston | GAF CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Eduardo Rodriguez Mitchell C. Chaney Teri L. Danish | GARLOCK INC | Rodriguez, Colvin & Chaney, L.L.P 1201 E. Van Buren P.O. Box 2155 Brownsville, Texas 78522 | 956-542-7441 | 956-541-2170 |
| Gary Elliston | GASKET HOLDING INC | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | GASKET HOLDING, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FLEXITALLIC GASKET CO.) | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |

| | | | |
|---|---|---|---|
| W. Neil Rambin | GENERAL REFRACTORIES COMPANY | Sedgwick, Detert, Moran & Arnold<br>1717 Main Street, Suite 5400<br>Dallas, Texas 75201 | 469-227-8200 | 469-227-8004 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BESTWALL GYPSUM COMPANY) | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Robert W. Wilkinson | GUARDLINE, INC. | Dogan & Wilkinson<br>726 Delmas Avenue<br>P.O. Box 1618<br>Pascagoula, MS 39568 | 228-762-2272 | 228-762-3223 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES (FORMERLY A DIVISION OF INDRESCO INC.) | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | INDRESCO INC | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | INDRESCO INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO HARBISON-WALKER REFRACTORIES, A DIVISION OF INDRRESCO, INC.) | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| David Fisher | J. T. THORPE COMPANY | Fairchild, Price, Thomas, Haley & Willingham<br>413 Shelbyville Street<br>Center, Texas 75935 | 936-598-2981 | 936-598-7712 |
| Taylor M. Hicks | KAISER ALUMINUN & CHEMICAL CORPORATION | Hicks, Thomas & Lilienstern<br>700 Louisiana, Suite 1700<br>Houston, Texas 77002 | 713-547-9100 | 713-547-9150 |
| Kenneth S. Wall | KELLY MOORE PAINT COMPANY, INC. | Brown McCarroll & Oaks Hartline<br>2727 Allen Parkway, Ste. 1300<br>Houston, TX 77019 | 713-529-3110 | 713-726-1846 |
| John L. Hill | METROPOLITAN LIFE INSURANCE CO. | Locke, Liddell<br>600 Travis St., Suite 3400<br>Houston, Texas 77002-3095 | 713-226-1200 | 713-223-3717 |
| Anthony Pletcher | MINNESOTA MINING & MANUFACTURING (A/K/A "3M") | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 361-883-0210 |

| | | | | |
|---|---|---|---|---|
| D. Ferguson McNeil | NORTH AMERICAN REFRACTORIES COMPANY | Vinson & Elkins 2300 First City Tower 1001 Fannin Houston, Texas 77002-6760 | 713-758-3882 713-758-2222 | 713-758-2346 |
| Jeffrey Mundy | OWENS-CORNING FIBERGLAS CORP. | Brobeck, Phleger & Harrison, L.L.P 301 Congress Ave., Suite 1200 Austin, Texas 78701 | 512-477-5495 | 512-494-8318 |
| Peter Moir | OWENS-ILLINOIS, INC. | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| Peter Moir | OWENS-ILLINOIS, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO OWENS-ILLINOIS GLASS COMPANY) | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| James Powers | PITTSBURGH CORNING CORP. | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| Thomas Dougall | PROKO INDUSTRIES, INC. | Bowers, Orr & Dougall, L.L.P. 8910 Two Notch Rd., Suite 400 Columbia, South Carolina 29224 | 803-788-5220 | 803-788-6767 |
| Gary Elliston | QUIGLEY COMPANY, INC. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Alex J. Gomez | RAPID-AMERICAN CORPORATION | Andrews & Kurth, L.L.P. 600 Travis, Suite 4200 Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Gary Elliston | RILEY STOKER CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| David Walsh | THE SYNKOLOID COMPANY | Brin & Brin, P.C 1202 Third Street Corpus Christi, TX 78404 | 361-881-9643 | 361-883-9970 |
| Gary Elliston | T&N PLC F/K/A TURNER & NEWELL PLC; T&N PLC SUCCESSOR IN INTERST TO KEASBEY & MATTISON | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | TURNER & NEWELL INDUSTRIES, INC. DBA UNITED GASKET CORP; TURNER NEWELL, LTD D/B/A UNITED FABRICATED | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Hubert A. Crouch | UNIROYAL HOLDING, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTERST TO U.S. RUBBER COMPANY | Crouch & Inabnett 2300 Fountain Place 1445 Ross Avenue Dallas, Texas 75202 | 214-922-7100 | 214-922-7101 |

| | | | | |
|---|---|---|---|---|
| Gary Elliston | U.S. GYPSUM COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | U.S. MINERAL PRODUCTS COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. | Adams & Graham, L.L.P.<br>222 East Van Buren, West Tower<br>P. O Drawer 1429<br>Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO W.R. GRACE & COMPANY) | Adams & Graham, L.L.P.<br>222 East Van Buren, West Tower<br>P. O Drawer 1429<br>Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |