3

United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *IN RE:* | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |

------------------------------------------------------------------------

| | | |
|---|---|---|
| VALENTIN RAMIREZ AND EVA | § | |
| RAMIREZ; LUIS GARCIA AND | § | |
| GUADALUPE GARCIA | § | |
| PLAINTIFFS | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| ABLE SUPPLY COMPANY; | § | |
| AC&S, INC.; | § | |
| AC&S, INC. (SUED INDIVIDUALLY AND | § | |
| AS SUCCESSOR-IN-INTEREST TO | § | |
| ARMSTRONG CONTRACTING | § | C. A. B-01-178 |
| & SUPPLY, INC.); | § | |
| AMOCO CORPORATION; | § | |
| A.P. GREEN INDUSTRIES, INC.; | § | |
| ARMSTRONG WORLD INDUSTRIES, INC.; | § | |
| ASBESTOS CLAIMS MANAGEMENT | § | |
| CORP. A/K/A NATIONAL GYPSUM; | § | |
| BABCOCK & WILCOX; | § | |
| BROWN & ROOT, INC.; | § | |
| CERTAINTEED CORPORATION; | § | |
| COMBUSTION ENGINEERGING, INC.; | § | |
| CROWN CORK & SEAL COMPANY; | § | |
| DRESSER INDUSTRIES, SUED | § | |
| INDIVIDUALLY AND AS SUCCESOR- | § | |
| IN-INTEREST TO HARBISON WALKER | § | |
| REFRACTORIES AND WORTHINGTON | § | |
| PUMP INC; | § | |
| FLINTOKE COMPANY; | § | |
| FOSTER WHEELER ENERGY | § | |
| CORPORATION; | § | |
| GAF CORPORATION; | § | |
| GARLOCK INC; | § | |
| GASKET HOLDING INC; | § | |
| GASKET HOLDING, INC. | § | |

(SUED INDIVIDUALLY AND AS                  §
SUCCESSOR-IN-INTEREST TO                   §
FLEXITALLIC GASKET CO.);                   §
GENERAL REFRACTORIES COMPANY;              §
GEORGIA-PACIFIC CORPORATION;               §
GEORGIA-PACIFIC CORPORATION                §
(SUED INDIVIDUALLY AND AS                  §
SUCCESSOR-IN-INTEREST TO                   §
BESTWALL GYPSUM COMPANY);                  §
GUARDLINE, INC.;                           §
HARBISON-WALKER REFRACTORIES;              §
HARBISON-WALKER REFRACTORIES              §
(FORMERLY A DIVISION                       §
OF INDRESCO INC.);                         §
INDRESCO INC;                              §
INDRESCO INC. (SUED INDIVIDUALLY           §
AND AS SUCCESSOR-IN-INTEREST TO            §
HARBISON-WALKER REFRACTORIES,              §
A DIVISION OF INDRRESCO, INC.);            §
J. T. THORPE COMPANY;                      §
KAISER ALUMINUN & CHEMICAL                 §
CORPORATION;                               §
KELLY MOORE PAINT                          §
COMPANY, INC.;                             §
METROPOLITAN LIFE                          §
INSURANCE CO.;                             §
MINNESOTA MINING &                         §
MANUFACTURING (A/K/A "3M");                §
NORTH AMERICAN                             §
REFRACTORIES COMPANY;                      §
OWENS-CORNING FIBERGLAS CORP.;             §
OWENS-ILLINOIS, INC.;                      §
OWENS-ILLINOIS, INC. (SUED                 §
INDIVIDUALLY AND AS SUCCESSOR-             §
IN-INTEREST TO OWENS-                      §
ILLINOIS GLASS COMPANY);                   §
PITTSBURGH CORNING CORP.;                  §
PROKO INDUSTRIES, INC.;                    §
QUIGLEY COMPANY, INC.;                     §
RAPID-AMERICAN CORPORATION;                §
RILEY STOKER CORPORATION;                  §
THE SYNKOLOID COMPANY;                     §
T&N PLC F/K/A TURNER & NEWELL PLC;         §
T&N PLC SUCCESSOR IN INTEREST TO           §
KEASBEY & MATTISON;                        §
TURNER & NEWELL INDUSTRIES, INC.           §
DBA UNITED GASKET CORP;                    §
TURNER NEWELL, LTD.                        §
D/B/A UNITED FABRICATED;                   §

UNIROYAL HOLDING, INC.                          §
(SUED INDIVIDUALLY AND                          §
AS SUCCESSOR-IN-INTEREST                         §
TO U.S. RUBBER COMPANY;                          §
U.S. GYPSUM COMPANY;                             §
U.S. MINERAL PRODUCTS COMPANY;                   §
W.R. GRACE & CO.—CONN.;                          §
W.R. GRACE & CO.—CONN.                           §
(SUED INDIVIDUALLY AND                          §
AS SUCCESSOR-IN-INTEREST TO                      §
W.R. GRACE & COMPANY)                            §
        DEFENDANTS                               §

ClibPDF - www.fastio.com

**MOTION FOR EXPEDITED HEARING ON**
**MOTION TO TRANSFER CIVIL ACTION PURSUANT TO**
**MANDATORY PROVISIONS OF 28 U.S.C. § 157(b)(5)**
**FILED BY DEFENDANT GARLOCK INC**
**AND NOTICE OF REQUEST FOR EXPEDITED HEARING**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Comes GARLOCK INC, a Defendant in the case removed (herein "GARLOCK"), and files this MOTION FOR EXPEDITED HEARING on its Emergency Motion To Transfer Civil Action Pursuant To Mandatory Provisions of 28 U.S.C. § 157(b)(5) (herein the "Transfer Motion") regarding removal of the currently pending case: Cause No. 98-10-04083-E; Valentin Ramirez, et al vs. Able Supply Co., et al; In the 404th Judicial District Court of Cameron County, Texas (herein the "Removed Case") as follows:

## I.
## PRELIMINARY STATEMENT

1.      Defendant GARLOCK INC is an Ohio Corporation with its principal place of business in Charlotte, North Carolina, and is a named Defendant in the above styled Removed Case.  GARLOCK asserts a Cross-Claim or Third Party Action against the Debtor and others in the Removed Case for contribution or indemnification arising out of Plaintiff(s)' personal injury claims.

2.      As a result of the filing of the Bankruptcy Case, the Removed Case and all Court actions, including State and Federal District Court actions, are stayed pursuant to 11 U.S.C. § 362.  *See* ***Pope vs. Manville Forest Product Corporation***, 778 F.2d 239 (5th Cir. 1985). Likewise, with pending cross-actions by and against the Debtor, non-suit or severance of the Debtor is stayed.

3.      This removal is subject to the mandatory venue provisions of 28 U.S.C. § 157(b)(5) providing for the all venue decisions to be made only in the United States District Court for the "district in which the case is pending"[1] as a result of the prior filing by Plaintiffs of

---

[1]      *See*, Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) filed  by the Defendant Garlock along with this Removal action.

Page 1

this Removed Case in State Court against the Debtor, alleging personal injury claims and causes of action.

## II.
## JURISDICTION

4.      This Federal District Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334(a) and this Motion for Expedited Consideration.

5.      The Removed Case is removable to this court pursuant to 28 U.S.C. § 1452(a) and such other applicable provisions of 28 U.S.C. as the facts and claims warrant, including the venue determination reserved only to the home District Court pursuant to 28 U.S.C. § 157(b)(5).

## III.
## FACT BASIS OF TRANSFER MOTION

6.      In the Removed Case, and in each of the Companion Cases, Plaintiffs bring claims against Debtor for personal injuries alleged to have occurred in part in Cameron, County, Texas by each Plaintiff (almost none of which are residents of Cameron, County, Texas.

7.      As a result of the personal injury allegations, automatic reference of removed cases to the Bankruptcy Court does not specifically apply to the Removed Case.   Removal is thus proper to this Honorable Federal District Court instead of the Bankruptcy Court as is otherwise provided by the Standing Order of Reference.

8.      Likewise, pursuant to 28 U.S.C. 1452(a) removal to this District Court is required, and as a result of application of 28 U.S.C. § 157(b)(5), this Honorable District Court (herein the "transferor" Court) is then mandated to transfer this case to the District Court (not the bankruptcy court) (herein the "transferee" Court) in which the bankruptcy case is pending.   As noted below, this does not mean that the cases may not be transferred back, or that abstention or remand may not be appropriate, but only that the "transferee" "Home" District Court is required to make such determinations under the special provisions of 28 U.S.C. § 157(b)(5).

## IV.

ClibPDF - www.fastio.com

## FACTS SUPPORTING THE REQUEST FOR EXPEDITED
## HEARING ON THE TRANSFER MOTION

9.    Garlock's Transfer Motion does not seek an ultimate or final ruling on venue, or involve a determination of the doctrines and rules regarding abstention or remand.  Accordingly, no prejudice occurs to any party to this suit by the transfer to the home District Court where the bankruptcy case is pending for the mandatory "home" court venue determinations.

10.    The Transfer Motion is a pre-condition, mandated by 28 U.S.C. § 157(b)(5), to permit the District Court having this special statutory venue jurisdiction, to make all such determinations if any party makes a timely request.

11.    The Bankruptcy case of the Defendant-Debtor now commenced, will move expeditiously toward a number of proceedings involving the Plaintiffs' claims or involving treatment of the Plaintiffs' claims, or the estimation, liquidation, or insurance coverage of Plaintiffs' claims -- all being core proceedings unique to the United States Bankruptcy Court. Among these proceedings which will be ongoing almost from the first day of filing of the Chapter 11 case include:

   a.    running of time to file claims, and requests to set expedited claims bar dates and the need to know the expected times for liquidation of claims;  and

   b.    participation by the various creditor groups in the claims and claims payment process which must be made on a determination of claims liquidation procedures; and

   c.    participation by the insurance carriers of the Debtor, some of which may insure the acts or conduct made the basis of Garlock's indemnity and contribution claims; and

ClibPDF - www.fastio.com

d.      modification of the automatic stay which otherwise prevents any of Plaintiffs' cases or Garlock's action for contribution or indemnification from going forward without such modification of the stay;  and

e.      the estimation of contingent and unliquidated claims such as the Plaintiffs' personal injury claims, which will directly impact the rights of contribution or indemnification of Garlock over against the Debtor;  and

f.      the rights of any party to this Removed Case to seek remand, abstention, or change of venue changes consistent with § 157(b)(5);

all of which are preliminary to, and potentially determinative of the proper venue of these Removed Proceeding.

12.     All of these factors must be considered simultaneously and each relate to the other.   In fact, the general practice in the Southern District of Texas is to refer all personal injury civil actions pending or removed, to the Bankruptcy court for all at least pre-trial matters, so that all pre-trial handling will not be duplicative of, nor inconsistent with, the mandates of the bankruptcy court's treatment of these personal injury claims in the Chapter 11 case and the mandates or orders for the trial of such claims in the appropriate District Court.   Additionally, it is the practice in the Southern District to promptly transfer personal injury removed cases to the "home" District Court.

13.     It is important, if not absolutely necessary, that the transfer of these cases be promptly made to the proper District Court to determine:

a.      whether, and upon what terms, these claims have been filed in the bankruptcy court and perfected such that the litigation (for the purpose of liquidation of the amount of the claims) must go forward;

Page 4

b.      whether, and upon what terms, these cases should be pre-tried in the bankruptcy or related proceedings consistent with the Chapter 11 process of proof and estimation of claims, provisions for payment of any ultimate liability, and pooling and treatment of insurance as among the various Plaintiff creditors;

c.      whether, and upon what terms, these personal contingent, unliquidated personal injury case, if ultimately required to be liquidated in a manner other than through the Chapter 11 Plan process, such liquidation will occur in the (i) transferee District Court, (ii) the transferor District Court, or (iii) the state district court.

14.    In order for these matters to proceed without judicial waste, potential for inconsistent results, and through due consideration of all bankruptcy factors including modification of the automatic stay, it is important that this Motion should be determined on an expedited basis.

15.    Defendant GARLOCK incorporates herein as if fully set out verbatim the Affidavit of Shelby A. Jordan attached hereto as Exhibit "A."

16.    Defendant GARLOCK requests this Court take judicial notice of the pleadings regarding the Removed Adversary Proceeding, and the personal injury nature of the claims.

WHEREFORE, PREMISES CONSIDERED, Defendant GARLOCK INC prays upon docketing of the Removed Case an expedited determination is ordered and that this Court grant the Defendant's Transfer Motion in all things, and that Defendant GARLOCK have such other and further relief, at law or in equity to which it may show himself to be justly entitled.

Respectfully submitted,

Page 5

_____

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone:  (361) 884-5678
Telecopier:  (361) 884-5616
REMOVAL COUNSEL FOR GARLOCK INC


_____

Mitchell C. Chaney
SB# 04107500
Rodriguez, Colvin & chaney, LLP
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEYS FOR GARLOCK INC


Page 6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the Motion for Expedited Hearing was served by U.S. First Class Mail, on this ___ day of October, 2000, on the attached service list.

**Page 7**

# EXHIBIT "A"

## AFFIDAVIT OF SHELBY A. JORDAN
## IN SUPPORT OF REQUEST FOR EXPEDITED HEARING

**STATE OF TEXAS**

}

**COUNTY OF NUECES**

BEFORE ME, the under signed authority, personally appeared Shelby A. Jordan, and upon his oath stated as follows:

"My name is Shelby A. Jordan, and I am a practicing lawyer admitted to practice in the State of Texas and the United States District Court for the Southern, Western and Northern Districts of Texas, among other admissions. I am in good standing and have never been the subject of a disciplinary action.

"My practice is almost exclusively related to financial proceedings and litigation, and I hold a board certification by the State of Texas and the American Bankruptcy Institute in Business Bankruptcy Law.

"I am familiar with the factual allegations set out in the above REQUEST FOR EXPEDITED HEARING on its Motion To Transfer Civil Action Pursuant To Mandatory Provisions of 28 U.S.C. § 157(b)(5) (herein the "Transfer Motion"). Each such factual statement is true and correct and within my personal knowledge.

"I am familiar with the legal conclusions and opinions expressed in the Transfer Motion and the Arguments and Authorities set out therein. Each such conclusion and opinion is well supported by fact and law, and are rendered based upon my knowledge of the applicable facts, my personal experience of practicing bankruptcy related law for almost 29 years within the Southern District of Texas, and such facts and procedural experience as applied to the applicable law.

An expedited hearing is warranted and necessary in this case."

_____
Shelby A. Jordan

To witness my hand and seal of office this 16th day of October, 2001.

MELBA RAMIREZ
Notary Public
My Comm. Exp 02-09-2003
STATE OF TEXAS

_____
Notary Public in and For the State of Texas

Page 8

Cause No. 98-10-04083-E; *Valentin Ramirez and Eva Ramirez; Luis Garcia and Guadalupe Garcia vs. Able Supply Company, et al.*;  In the 404th Judicial District Court of Cameron County, Texas.

Status of Service of Process:          Accomplished Upon All Served

Original Plaintiff's in Removed Case:   Valentin Ramirez and Eva Ramirez;
                                        Luis Garcia and Guadalupe Garcia

Counsel for Plaintiff:                  Peter A. Kraus
                                        Waters & Kraus
                                        3219 McKinney Avenue, Suite
                                        3000Dallas, Texas 75204
                                        Phone:   (214) 357-6244
                                        Fax:     (214-357-7252

Counsel for Defendant, Garlock Inc:     Mitchell C. Chaney
                                        Rodriguez, Colvin & Chaney, L. L. P.
                                        1201 East Van Buren Street
                                        Brownsville, Texas  78522
                                        Phone:   (956) 542-7441
                                        Fax:     (956) 541-2170

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| Lisa Powell | ABLE SUPPLY COMPANY | Jackson Walker, L.L.P. 1100 Louisiana, Suite 4200 Houston, Texas 77002 | 713-752-4200 | 713-621-9065 |
| Ken Rhodes | AC&S, INC. | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Ken Rhodes | AC&S, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ARMSTRONG CONTRACTING & SUPPLY, INC.) | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Thomas Taylor | AMOCO CORPORATION | Andrews & Kurth, L.L.P. 600 Travis, Suite 4200 Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Lewis Miltenberger | A.P. GREEN INDUSTRIES, INC. | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Gary Elliston | ARMSTRONG WORLD INDUSTRIES, INC. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |

ClibPDF - www.fastio.com

| Gary Ellsiton | ASBESTOS CLAIMS MANAGEMENT CORP. A/K/A NATIONAL GYPSUM | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
|---|---|---|---|---|
| Susan A. Carstens | BABCOCK & WILCOX | The Law Offices of Susan A. Carstens 1601 Westheimer Houston, Texas 77006 | 713-529-2141 | 713-529-2290 |
| Donald Godwin | BROWN & ROOT, INC. | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| Gary Elliston | CERTAINTEED CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mary Lou Mauro | COMBUSTION ENGINEERGING, INC. | Galloway, Johnson, Tompkins & Burr 3555 Timmons, Suite 1225 Houston, Texas 77027 | 713-599-0700 | 713-599-0777 |
| Frank G. Harmon | CROWN CORK & SEAL COMPANY | Crain Caton & James 3300 Two Houston Center 909 Fannin, 33rd Floor Houston, Texas 77010 | 713-658-2323 | 713-752-8618 |
| Donald Godwin | DRESSER INDUSTRIES, SUED INDIVIDUALLY AND AS SUCCESOR-IN-INTERST TO HARBISON WALKER REFRACTORIES AND WORTHINGTON PUMP INC | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| James Harris | FLINTOKE COMPANY | Harris, Lively & Duesler 550 Fannin Street, Suite 650 P.O. Box 830 Beaumont, Texas 77704-0830 | 409-832-8382 | 409-833-4240 |
| James M. Riley | FOSTER WHEELER ENERGY CORPORATION | Coats, Rose, Yale, Ryman & Lee, PC 800 First City Tower 1001 Fannin Houston, Texas 77002 | 713-651-0111 | 713-651-0220 |
| Gary Elliston | GAF CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Eduardo Rodriguez Mitchell C. Chaney Teri L. Danish | GARLOCK INC | Rodriguez, Colvin & Chaney, L.L.P 1201 E. Van Buren P.O. Box 2155 Brownsville, Texas 78522 | 956-542-7441 | 956-541-2170 |
| Gary Elliston | GASKET HOLDING INC | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | GASKET HOLDING, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FLEXITALLIC GASKET CO.) | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |

| | | | | |
|---|---|---|---|---|
| W. Neil Rambin | GENERAL REFRACTORIES COMPANY | Sedgwick, Detert, Moran & Arnold<br>1717 Main Street, Suite 5400<br>Dallas, Texas 75201 | 469-227-8200 | 469-227-8004 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BESTWALL GYPSUM COMPANY) | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Robert W. Wilkinson | GUARDLINE, INC. | Dogan & Wilkinson<br>726 Delmas Avenue<br>P.O. Box 1618<br>Pascagoula, MS 39568 | 228-762-2272 | 228-762-3223 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES (FORMERLY A DIVISION OF INDRESCO INC.) | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | INDRESCO INC | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | INDRESCO INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO HARBISON-WALKER REFRACTORIES, A DIVISION OF INDRRESCO, INC.) | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| David Fisher | J. T. THORPE COMPANY | Fairchild, Price, Thomas, Haley & Willingham<br>413 Shelbyville Street<br>Center, Texas 75935 | 936-598-2981 | 936-598-7712 |
| Taylor M. Hicks | KAISER ALUMINUN & CHEMICAL CORPORATION | Hicks, Thomas & Lilienstern<br>700 Louisiana, Suite 1700<br>Houston, Texas 77002 | 713-547-9100 | 713-547-9150 |
| Kenneth S. Wall | KELLY MOORE PAINT COMPANY, INC. | Brown McCarroll & Oaks Hartline<br>2727 Allen Parkway, Ste. 1300<br>Houston, TX 77019 | 713-529-3110 | 713-726-1846 |
| John L. Hill | METROPOLITAN LIFE INSURANCE CO. | Locke, Liddell<br>600 Travis St., Suite 3400<br>Houston, Texas 77002-3095 | 713-226-1200 | 713-223-3717 |
| Anthony Pletcher | MINNESOTA MINING & MANUFACTURING (A/K/A "3M") | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 361-883-0210 |

ClibPDF - www.fastio.com

| | | | | |
|---|---|---|---|---|
| D. Ferguson McNeil | NORTH AMERICAN REFRACTORIES COMPANY | Vinson & Elkins 2300 First City Tower 1001 Fannin Houston, Texas 77002-6760 | 713-758-3882 713-758-2222 | 713-758-2346 |
| Jeffrey Mundy | OWENS-CORNING FIBERGLAS CORP. | Brobeck, Phlegar & Harrison, L.L.P 301 Congress Ave., Suite 1200 Austin, Texas 78701 | 512-477-5495 | 512-494-8318 |
| Peter Moir | OWENS-ILLINOIS, INC. | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| Peter Moir | OWENS-ILLINOIS, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO OWENS-ILLINOIS GLASS COMPANY) | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| James Powers | PITTSBURGH CORNING CORP. | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| Thomas Dougall | PROKO INDUSTRIES, INC. | Bowers, Orr & Dougall, L.L.P. 8910 Two Notch Rd., Suite 400 Columbia, South Carolina 29224 | 803-788-5220 | 803-788-6767 |
| Gary Elliston | QUIGLEY COMPANY, INC. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Alex J. Gomez | RAPID-AMERICAN CORPORATION | Andrews & Kurth, L.L.P. 600 Travis, Suite 4200 Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Gary Elliston | RILEY STOKER CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| David Walsh | THE SYNKOLOID COMPANY | Brin & Brin, P.C. 1202 Third Street Corpus Christi, TX 78404 | 361-881-9643 | 361-883-9970 |
| Gary Elliston | T&N PLC F/K/A TURNER & NEWELL PLC; T&N PLC SUCCESSOR IN INTERST TO KEASBEY & MATTISON | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | TURNER & NEWELL INDUSTRIES, INC. DBA UNITED GASKET CORP; TURNER NEWELL, LTD. D/B/A UNITED FABRICATED | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Hubert A. Crouch | UNIROYAL HOLDING, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTERST TO U.S. RUBBER COMPANY | Crouch & Inabnett 2300 Fountain Place 1445 Ross Avenue Dallas, Texas 75202 | 214-922-7100 | 214-922-7101 |

| | | | | |
|---|---|---|---|---|
| Gary Elliston | U.S. GYPSUM COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | U.S. MINERAL PRODUCTS COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. | Adams & Graham, L.L.P.<br>222 East Van Buren, West Tower<br>P. O Drawer 1429<br>Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO W.R. GRACE & COMPANY) | Adams & Graham, L.L.P.<br>222 East Van Buren, West Tower<br>P. O Drawer 1429<br>Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |

ClibPDF - www.fastio.com